**No. 26-12692**

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

Donald Trump, *et al.*,
*Plaintiffs-Appellants*,
Alejandro Brito, *et al.*,
*Interested Parties-Appellants*,

*v.*

Internal Revenue Service *et al.*,
*Defendants*,
35 Former Judges,
*Interested Parties-Appellees.*

On Appeal from an Order of the
United States District Court for the Southern District of Florida
Case No. 1:26-cv-20609, Hon. Kathleen M. Williams

## Motion to Intervene by Former Government Officials and Public Interest Organizations

TSUKI HOSHIJIMA
JYOTI JASRASARIA
POOJA A. BOISTURE
AYESHA KHAN
ROBIN F. THURSTON
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Former Government Officials & Public Interest Organizations*

## CERTIFICATE OF INTERESTED PERSONS

Counsel for Proposed Intervenors Former Government Officials & Public Interest Organizations hereby certifies that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1 to 26.1-3:

1. Aburos, Tal, Plaintiffs' counsel
2. Bingham, Lauren Crowell, Counsel for CREW, Public Citizen
3. Bisignano, Frank J., CEO, IRS
4. Bissell, John W., amicus, Retired Judge
5. Blanche, Todd, U.S. Attorney General
6. Boisture, Pooja A., Counsel for Former Government Officials and Public Interest Organizations
7. Bradley, Conor, Counsel for Amicus 35 Former Judges
8. Bridgman, Glenn, Counsel for Amicus 35 Former Judges
9. Brito, Alejandro, Plaintiffs' counsel, Appellant
10. Brito, PLLC, Plaintiffs' counsel
11. Brook, Davida, Counsel for Amicus 35 Former Judges
12. Brown, Geraldine Soat, Amicus, Retired Judge
13. Cai, Angela, Counsel for Amicus 35 Former Judges

14. Carullo, Nick, Counsel for Amicus 35 Former Judges
15. Castillo, Rubén, Amicus, Retired Judge
16. Citizens for Responsibility and Ethics in Washington (CREW), Amicus
17. Clark, Jeffrey Bossert, Sr., Counsel for Oversight Project
18. Clemon, U.W., Amicus, Retired Judge
19. Common Cause, Amicus, Proposed Intervenor
20. Corp, Ian Michael, Plaintiffs' counsel
21. Cox, Susan E. Cox, Amicus, Retired Judge
22. Debevoise & Plimpton, LLP, Court-appointed amicus
23. Democracy Defenders Action, Counsel for Amicus 35 Former Judges
24. Democracy Forward Foundation, Counsel for Former Government Officials and Public Interest Organizations
25. Denlow, Morton, Amicus, Retired Judge
26. DLA Piper LLP, Plaintiffs' counsel
27. Duncan, David K., Amicus, Retired Judge
28. Eisen, Norman L., Democracy Defenders Action, Counsel for 35 Former Judges

29. Epstein & Co. LLC
30. Epstein, Daniel Z., Appellant
31. Farchadi, Kayvan, Counsel for CREW, Public Citizen
32. Finnegan, Sheila, Amicus, Retired Judge
33. Fogel, Jeremy, Amicus, Retired Judge
34. Foley, Elizabeth Price, Counsel for Oversight Project
35. Francis, James C. IV, Amicus, Retired Judge
36. Gay, Faith E., Court-appointed amicus
37. Gelber Schachter & Greenberg P.A., Counsel for Former Government Officials and Public Interest Organizations
38. Gertner, Nancy, Amicus, Retired Judge
39. Gleeson, John, Court-appointed amicus
40. Gold, Steven M., Amicus, Retired Judge
41. Goldgar, A. Benjamin, Amicus, Retired Judge
42. Greenberg, Gerald E., Counsel for Former Government Officials and Public Interest Organizations
43. Grimm, Paul W., Amicus, Retired Judge
44. Haier, Aaron E., Counsel for 35 Former Judges
45. Halpern, Joshua, Plaintiffs' counsel

46. Henderson, Thelton, Amicus, Retired Judge
47. Henry, Robert Harlan, Amicus, Retired Judge
48. Hewitt, Jillian, Counsel for 35 Former Judges
49. Holtzman Vogel Baran Torchinsky & Josefiak PLLC, Counsel for Oversight Project
50. Holwell, Richard J., Amicus, Retired Judge
51. Horton, Rachel, Plaintiffs' counsel
52. Hoshijima, Tsuki, Counsel for Former Government Officials and Public Interest Organizations
53. Huvelle, Ellen Segal, Amicus, Retired Judge
54. Internal Revenue Service, Defendant
55. Jasrasaria, Jyoti, Counsel for Former Government Officials and Public Interest Organizations
56. JH Legal PLLC, Plaintiffs' counsel
57. Jonas, Stephen A., Democracy Defenders Action, Counsel for 35 Former Judges
58. Jones, John E. III, Amicus, Retired Judge
59. Joshi, Nandan M., Counsel for CREW, Public Citizen
60. Kambli, Abhishek, Counsel for Oversight Project

61. Keneally, Kathryn, Amicus, Proposed Intervenor
62. Khan, Ayesha N., Counsel for Former Government Officials and Public Interest Organizations
63. Klugh, Richard Carroll, Jr., Plaintiffs' counsel
64. Koskinen, John, Amicus, Proposed Intervenor
65. Law Office of Richard C. Klugh, Plaintiffs' counsel
66. Lett, Enjolique A., Magistrate Judge
67. Luttig, Michael, Amicus, Retired Judge
68. Lynn, Barbara M. G., Amicus, Retired Judge
69. Mann, Roanne L., Amicus, Retired Judge
70. Manne, Neal S., Counsel for 35 Former Judges
71. Matz, A. Howard, Amicus, Retired Judge
72. McCotter, R. Trent, Defendants' counsel
73. Michel, Paul, Amicus, Retired Judge
74. Munger Tolles & Olson LLP, Court-appointed amicus
75. Nelson, Justin A., Counsel for 35 Former Judges
76. Ogden, David W., Counsel for 35 Former Judges
77. Olson, Nina, Amicus, Proposed Intervenor
78. O'Malley, Kathleen, Amicus, Retired Judge

79. O'Neil, David A., Court-appointed amicus

80. Oprison, Christopher George, Plaintiffs' counsel

81. Oversight Project, Proposed Amicus

82. Owsley, Brian, Amicus, Retired Judge

83. Perryman, Skye L., Counsel for Former Government Officials and Public Interest Organizations

84. Pinkert, Mark, Counsel for Oversight Project

85. Platkin LLP, Counsel for 35 Former Judges

86. Platkin, Matthew J., Counsel for 35 Former Judges

87. Pro, Philip M., Amicus, Retired Judge

88. Project On Government Oversight, Amicus, Proposed Intervenor

89. Public Citizen, Amicus

90. Ramanathan, Ravi, Counsel for 35 Former Judges

91. Rennie, Russell, Counsel for 35 Former Judges

92. Rivero Mestre LLP, Counsel for 35 Former Judges

93. Rivero, Andrés, Counsel for 35 Former Judges

94. Roberts, Victoria A., Amicus, Retired Judge

95. Rothenberg, Gilbert, Amicus, Proposed Intervenor

96. Savage, Zach, Counsel for 35 Former Judges
97. Scheindlin, Shira A., Amicus, Retired Judge
98. Selendy Gay PLLC, Court-appointed amicus
99. Selendy, Philippe Z., Court-appointed amicus
100. Shackelford, Stephen, Jr., Counsel for 35 Former Judges
101. Shih, Daniel J., Counsel for Amicus 35 Former Judges
102. Smith, Fern M., Amicus, Retired Judge
103. Stoughton, Corey, Court-appointed amicus
104. Sus, Nikhel S., Counsel for CREW, Public Citizen
105. Susman Godfrey, Counsel for 35 Former Judges
106. Tenjido-Eljaiek, Daniela, Counsel for 35 Former Judges
107. The Trump Organization, Plaintiff-Appellant
108. Thurston, Robin F., Counsel for Former Government Officials and Public Interest Organizations
109. Tinder, John D., Amicus, Retired Judge
110. Trump, Donald, Plaintiff-Appellant
111. Trump, Donald Jr.,Plaintiff-Appellant
112. Trump, Eric, Plaintiff-Appellant
113. U.S. Department of Justice

114. U.S. Department of Treasury, Defendant

115. Ungaro, Ursula, Amicus, Retired Judge

116. Verilli, Donald B., Jr., Court-appointed amicus

117. Walsh, Daniel R., Counsel for Former Government Officials and Public Interest Organizations

118. Ward, T. John, Amicus, Retired Judge

119. Williams, Kathleen M., U.S. District Judge

120. Wolf, Mark L., Amicus, Retired Judge

121. Woodward, Stanley E., Jr., Associate Attorney General, U.S. Department of Justice

122. Yeakel, Lee, Amicus, Retired Judge

The undersigned is not aware of any publicly traded company or corporation with an interest in the outcome of this case or appeal.

*/s/ Tsuki Hoshijima*

## TABLE OF CONTENTS

INTRODUCTION .......... 1

BACKGROUND .......... 3

LEGAL FRAMEWORK .......... 9

ARGUMENT .......... 10

I. Movants are entitled to intervene as a matter of right. .......... 10

A. Movants' request is timely. .......... 11

B. Movants have a cognizable interest that may be impaired by the disposition of this appeal. .......... 12

C. No party is likely to adequately represent Movants' interests. .......... 15

II. Alternatively, Movants are entitled to permissive intervention. .......... 18

CONCLUSION .......... 19

## TABLE OF AUTHORITIES

Page(s)

## CASES


*Athens Lumber Co. v. FEC*, 690 F.2d 1364 (11th Cir. 1982) .................. 12

*Auto. Workers v. Scofield*, 382 U.S. 205 (1965) ........................................ 9

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267 (2022) ........................................................................................ 9

*Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129 (1967) ........................................................................................ 15

*Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989) ........................... 13

*Clark v. Putnam Cnty.*, 168 F.3d 458 (11th Cir. 1999) ........................... 16

*Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312 (D.C. Cir. 2015) ........................................................................ 14

*Diamond v. Charles*, 476 U.S. 54 (1986) ................................................ 14

*Diaz v. S. Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970) .................. 10, 13

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242 (11th Cir. 2002) ........................................................................................ 11

*Grady v. White, No. 23-10217*, 2024 WL 4490187 (11th Cir. Feb. 26, 2024) .................................................................................... 14

*Huff v. Comm'r of IRS*, 743 F.3d 790 (11th Cir. 2014) ........................... 12

*Institutional S'holder Servs., Inc. v. SEC*, 142 F.4th 757 (D.C. Cir. 2025) ........................................................................................ 14

*Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308 (11th Cir. 2005) ........ 10, 13

*Sellers v. United States*, 709 F.2d 1469 (11th Cir. 1983) ........ 18

*Stone v. First Union Corp.*, 371 F.3d 1305 (11th Cir. 2004) ........ 9, 16, 18

*Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991) ........ 14

*United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704 (11th Cir. 1991) ........ 13

*United States v. Texas*, 599 U.S. 670 (2023) ........ 14

*Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591 (11th Cir. 1991) ........ 9

**U.S. CONSTITUTIONAL PROVISIONS**

U.S. Const. art. III ........ 4, 5, 6, 8, 14

**FEDERAL RULES**

Fed. R. App. P.
Rule 12(a) ........ 17
Rule 15(d) ........ 11

Fed. R. Civ. P.
Rule 24(a) ........ 9, 13
Rule 24(a)(2) ........ 9
Rule 24(b) ........ 10
Rule 24(b)(1)(B) ........ 10, 18
Rule 60 ........ 7

## INTRODUCTION

Former government officials John Koskinen, Kathryn Keneally, Nina Olson, Gilbert Rothenberg, and public-interest organizations Common Cause and Project On Government Oversight ("Movants"), who were amici in the district court proceedings below, move to intervene in this appeal as appellees.

This appeal arises out of an unprecedented lawsuit in which the sitting President, along with his family members and his family business, sought $10 billion in damages from federal agencies that he controls. The Department of Justice never even filed an appearance to defend the lawsuit before the parties announced that they had reached a settlement. The settlement called for two things: a so-called "Anti-Weaponization Fund" that would make $1.776 billion of taxpayer money available to persons who claimed to be the victims of so-called "Lawfare" and "Weaponization"; and the provision of broad immunity to President Trump, his family, his family business, and an open-ended universe of affiliates from civil and criminal liability, including tax liability and tax audits, for any actions predating May 18, 2026.

After giving Plaintiffs a chance to respond to a show-cause order, the district court concluded that Plaintiffs had filed the lawsuit for the improper purpose of providing cover for a collusive settlement and in bad faith. The district court ordered various sanctions, including the payment of fees to amici who had highlighted the fundamental defects in the lawsuit. That sanctions order is the subject of this appeal.

Movants seek to intervene to defend the district court's sanctions order. Movants were the first to file an amicus brief in district court that sounded the alarm about the impropriety of the lawsuit, and Movants suggested several actions for the district court that the court eventually adopted, including court appointment of amici. The district court determined that Movants are entitled to fees for that participation, and Movants have a direct monetary interest in affirmance of that order. Movants were represented by pro bono counsel and, pursuant to the order, requested reasonable attorney's fees. Moreover, no party to the district court proceedings is likely to defend the sanctions order on appeal because the underlying lawsuit lacked adverseness. Under these circumstances, Movants are entitled to intervene as a matter of right. Alternatively, Movants seek permissive intervention.

With this motion, Movants are lodging the attached proposed opposition to Plaintiffs' motion for a stay pending appeal. If this Court were to deny intervention, Movants respectfully request that this motion be construed instead as a motion for leave to file the attached proposed opposition as an amicus brief.

Movants have conferred with the parties and other interested parties. Appellants oppose Movants' motion. Defendants oppose intervention but would consent to Movants filing an amicus brief. Counsel for the Thirty-Five Former Judges does not object to this motion.

## BACKGROUND

In January 2026, President Donald Trump, his sons, and his family business filed a complaint against the Internal Revenue Service and the U.S. Department of the Treasury seeking "at least" $10 billion in damages. Dist.Ct.Dkt.1 at 26. They sought the extraordinary sum of damages based on alleged unauthorized disclosures of tax return information and alleged Privacy Act violations. *Id.* at 19–25.

Just one week after the filing of the complaint, Movants sought leave to file an amicus brief. Dist.Ct.Dkt.7. Movants are four former government officials in the Internal Revenue Service and the U.S.

Department of Justice and two public-interest organizations. *Id.* at 1. Collectively, Movants have decades of experience in federal tax law and in defending the Constitution, the rule of law, and the interests of the American people. *Id.*

Movants' amicus brief warned that "the President controls both sides of the litigation, which raises the prospect of collusive litigation tactics." Dist.Ct.Dkt.7-1 at 2. Movants explained that the President's control over both Plaintiffs and Defendants raised significant questions about whether the case presented the constitutionally required adverseness to sustain Article III jurisdiction and raised the prospect of a collusive settlement. *Id.* at 3–6. Movants also explained that the complaint had significant legal defects—it was filed too late, against the wrong party, and for an unsupported and excessive sum of damages—but that the lack of adverseness made it uncertain whether the Department of Justice would raise those defenses in the same way that it had against other plaintiffs claiming damages for related events. *Id.* at 6–17. Movants explained that the district court has authority to take certain actions "[t]o maintain the integrity of the judicial process in the face of these highly irregular circumstances." *Id.* at 2. Among Movants' suggestions were that

the district court order the parties to explain why the court has jurisdiction and that the court appoint amici to present fulsome legal arguments. *Id.* at 17–19. No party opposed the filing of Movants' amicus brief. Dist.Ct.Dkt.28.[1]

Movants' concern about the possibility of a collusive settlement was soon borne out. Shortly after the amicus brief was filed, Plaintiffs moved for an extension of all case deadlines "while the Parties engage in discussions designed to resolve this matter." Dist.Ct.Dkt.40 at 2. The only then-pending filing date was *Defendants'* deadline to respond to the complaint, Dist.Ct.Dkt.41 at 1, but Plaintiffs made the ask on Defendants' behalf, Dist.Ct.Dkt.40. Plaintiffs' attorney Daniel Epstein certified that he had conferred with Defendants' counsel but did not identify who that counsel was. Dist.Ct.Dkt.40 at 3.

The district court then did what Movants had suggested—it ordered the parties to brief whether the court had jurisdiction. Dist.Ct.Dkt.41 at 4. The district court explained that adverseness is essential to Article III jurisdiction, *id.* at 2, and it raised "questions over whether the Parties

[1] Another group of amici—Citizens for Responsibility and Ethics in Washington and Public Citizen—sought leave to file an amicus brief the week after Movants did. Dist.Ct.Dkt.15.

here are truly antagonistic to each other," *id.* at 3. Several days later, the district court took another action that Movants had previously suggested when it appointed amici curiae to file a brief addressing the jurisdictional question. Dist.Ct.Dkt.43.

Neither Plaintiffs nor Defendants ever filed the briefs on jurisdiction that the district court ordered. Not long after the court-appointed amici filed their brief identifying "significant Article III subject matter jurisdiction concerns," Dist.Ct.Dkt.45 at 1, and shortly before the parties' deadlines to file their briefs, Plaintiffs filed a notice of voluntary dismissal, Dist.Ct.Dkt.52. Underscoring their efforts to avoid the court's scrutiny, Plaintiffs took pains to emphasize that the dismissal was self-executing and that "no judicial analysis is appropriate." Dist.Ct.Dkt.52 at 2. The district court subsequently closed the case on May 18, 2026. Dist.Ct.Dkt.62.

Shortly thereafter, the U.S. Department of Justice announced a "settlement." Dist.Ct.Dkt.63 at 2. In the settlement agreement—which was signed by Epstein for Plaintiffs and by Associate Attorney General Stanley Woodward for the United States—the government agreed to create "The Anti-Weaponization Fund" to compensate persons who claim

that they were a victim of "Lawfare and/or Weaponization." Dist.Ct.Dkt. 63-1 at 2–3, 6–7. The settlement agreement defined "Lawfare" and "Weaponization" as the use of government power against political targets by "Democrat elected officials, political and career federal employees, contractors, and agents." *Id.* at 1. A separate order by then-Acting Attorney General Todd Blanche that day directed the transfer of $1.776 billion to the Anti-Weaponization Fund. Dist.Ct.Dkt.63-3. The following day, Blanche signed a separate order that broadly immunized Plaintiffs and unidentified "related" and "affiliated" individuals and entities from various forms of civil and criminal liability, including tax liability and tax audits. Dist.Ct.Dkt.63-2.

Nonparty Thirty-Five Former Federal Judges then moved under Federal Rule of Civil Procedure 60 to set aside the order closing the case so that the district court could inquire into whether it had been deceived. Dist.Ct.Dkt.63. The district court ordered Plaintiffs to respond. Dist.Ct.Dkt.65 at 3. In that order, the district court sua sponte raised the prospect of Rule 11 sanctions and specifically identified Rule 11's "improper purpose" prong. *Id.* at 1–2. The district court ordered Plaintiffs to address "the charges of collusion," the claim that the litigation "was

only filed to provide the imprimatur of legality for an unlawful settlement," the adverseness between the parties, and the assertions of deception and fraud. *Id.* at 3.

After considering Plaintiffs' response, Dist.Ct.Dkt.89, the district court issued the sanctions order that is the subject of this appeal, Dist.Ct.Dkt.106. In a thoroughly considered 56-page opinion, the district court concluded that the parties were not sufficiently adverse to invoke Article III jurisdiction and that the case was brought for improper purposes, *id.* at 10–38; that Rule 11 sanctions were warranted, *id.* at 39–47; and that the district court also had separate inherent authority to impose sanctions, *id.* 47–54. Among the sanctions that the district court issued was an invitation to "the initial *amici*," including Movants and the Thirty-Five Former Federal Judges, to request attorney's fees. *Id.* at 53.

Movants timely filed a request, with supporting documentation, for $39,000 in fees. Dist.Ct.Dkt.111. The Thirty-Five Former Federal Judges sought nominal fees of $1 and costs of $4,606.83. Dist.Ct.Dkt.112. Plaintiffs opposed the fee request on the basis that the district court erred in awarding fees to amici, but Plaintiffs did not dispute the sum of Movants' fee claim. Dist.Ct.Dkt.116.

## LEGAL FRAMEWORK

Because there is no statute or rule that expressly addresses intervention on appeal, "[courts] have considered the 'policies underlying intervention' in the district courts, including the legal 'interest' that a party seeks to 'protect' through intervention on appeal." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276–77 (2022) (first quoting *Auto. Workers v. Scofield*, 382 U.S. 205, 217, n. 10 (1965); then quoting Fed. Rule Civ. Proc. 24(a)(2)).

In the analogous context of intervention in district court, Federal Rule of Civil Procedure 24(a) provides that persons seeking to intervene as of right must satisfy four factors. They must show that: (1) their application to intervene is timely, (2) they have "an interest relating to the property or transaction [that] is the subject of the action," (3) they are "so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest," and (4) their "interest is represented inadequately by the existing parties to the suit." *Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (quoting *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 593 (11th Cir. 1991)). In considering these factors, courts have

recognized "the liberal treatment that is to be accorded applications for intervention of right." *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970).

Under Federal Rule of Civil Procedure 24(b), a court may also grant permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005).

## ARGUMENT

### I. Movants are entitled to intervene as a matter of right.

Movants meet each of the requirements for intervention as a matter of right. Most significantly, Movants have a concrete interest in affirmance of the district court's sanctions order, which determined that Movants are entitled to fees for highlighting the problems with this litigation and Plaintiffs' conduct. Moreover, no party in the district court proceedings is likely to defend the district court's order in this appeal because the underlying lawsuit lacked adverseness. Without the participation of an appellee-intervenor, this appeal may similarly proceed without a robust defense of the district court's sanctions order.

### A. Movants' request is timely.

Movants meet the first requirement for intervention as of right. In considering timeliness, courts consider "(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002).

Movants have filed this intervention request within eleven days of the filing of the notice of appeal and within two days of Plaintiffs' motion for a stay pending appeal, which is a reasonable timeframe. *Cf.* Fed. R. App. P. 15(d) (requiring motions to intervene in petitions for review of agency action to be filed within 30 days of petition). No existing party is prejudiced because of any failure by Movants to move sooner. The deadline for Plaintiffs' opening brief on appeal is still one month away.

Meanwhile, Movants would be prejudiced from a denial of intervention because Movants have a direct interest in this appeal that would be impaired by an adverse result. *See infra* Section I.B. Finally, the collusive nature of this case, with no party in the district court likely to defend the district court's order on appeal, militates in favor of a determination that the intervention is timely. *See infra* Section I.C. Movants have sought intervention expeditiously, and their intervention will not unduly delay this Court's adjudication.

### B. Movants have a cognizable interest that may be impaired by the disposition of this appeal.

Movants meet the second and third requirements for intervention as of right because they have a direct monetary interest in the district court's sanctions order that would be impaired if this Court were to reverse. The district court expressly allowed Movants to seek fees for their amicus participation below as a sanction for Plaintiffs' misconduct, and in this appeal, Plaintiffs seek to overturn the district court's finding of bad faith that underlies that award.

Intervention as of right requires an interest that is "direct, substantial, [and] legally protectable." *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014) (quoting *Athens Lumber Co. v. FEC*, 690 F.2d

1364, 1366 (11th Cir. 1982)). "In deciding whether a party has a protectable interest, though, courts must be 'flexible' and must 'focus[] on the particular facts and circumstances' of the case." *Id.* (alteration in original) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989)). The interest need not "be of a legal nature identical to that of the claims asserted in the main action." *Chiles*, 865 F.2d at 1214 (quoting *Diaz*, 427 F.2d at 1124.

Movants have the requisite concrete interest in this appeal. The district court's sanctions order authorized Movants to seek attorney's fees incurred in highlighting the fundamental defects with this lawsuit. A direct monetary and financial interest is the type of interest that most clearly supports intervention. *Cf. Diaz*, 427 F.2d at 1124 ("Interests in property are the most elementary type of right that Rule 24(a) is designed to protect."). A downstream "economic" interest in the outcome of a case does not support intervention, *Mt. Hawley Ins. Co.*, 425 F.3d at 1311 (quoting *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991)), but Movants' interest is more direct. Movants "stand to

gain or lose by the direct legal operation of the district court's" decision, *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).[2]

Movants' interest may be impaired by the disposition of this appeal because a reversal of the district court's sanctions order would undermine Movants' fee recovery. The inquiry into impairment of interests is a practical one: "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a

---

[2] This situation is not one where a proposed intervenor is seeking to "continue a suit" when no party is trying to do so, which would require a showing that the intervenor has Article III standing. *Diamond v. Charles*, 476 U.S. 54, 68 (1986) (rejecting attempt by intervenor to obtain Supreme Court review of a court of appeals decision when the party on whose side intervention had been permitted had accepted court of appeals' decision). Because Plaintiffs are pursuing appeal, this Court will have to decide this case regardless of whether Movants are allowed to intervene. *See Grady v. White*, No. 23-10217, 2024 WL 4490187, at *1 (11th Cir. Feb. 26, 2024) ("This Court does not resolve appeals by default."); 11th Cir. R. 42-2(f) (Court will proceed to decide case even if appellee does not file a brief).

But even if Article III standing were required for Movants to intervene in defense of Plaintiffs' appeal, Movants would meet that requirement. A defensive intervenor has standing where they benefit from an action, "the action is then challenged in court, and an unfavorable decision would remove the party's benefit." *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 317 (D.C. Cir. 2015), *abrogated on other grounds as recognized by Institutional S'holder Servs., Inc. v. SEC*, 142 F.4th 757, 764 (D.C. Cir. 2025). Movants' direct monetary interest in the challenged district court order would support standing. *Cf. United States v. Texas*, 599 U.S. 670, 676 (2023) ("Monetary costs are of course an injury.").

general rule, be entitled to intervene." *See Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 134 n.3 (1967). The issue that will be litigated in this appeal—whether the district court properly found that sanctions are warranted and whether the district court properly determined the remedies—will directly affect Movants' monetary recovery.

### C. No party is likely to adequately represent Movants' interests.

Under the unique circumstances of this case, Movants amply meet the fourth and final requirement for intervention as of right. No party in the district court proceedings is likely to defend the district court's sanctions order on appeal. After all, the fundamental basis for the order was that this case lacked the necessary adverseness for a federal lawsuit. And that lack of adverseness continues on appeal. On August 12, 2026, after sitting out the district court proceedings entirely, Defendants finally appeared for the first time on appeal and filed a brief supporting Plaintiffs-Appellants' motion to stay the district court's order. Dkts. 9, 10.

"There is a presumption of adequate representation where an existing party seeks the same objectives as the interveners. This presumption is weak and can be overcome if the [proposed intervenor]

present[s] some evidence to the contrary." *Stone*, 371 F.3d at 1311. Once the presumption is overcome, the general rule is that adequate representation exists "[1] if no collusion is shown between the representative and an opposing party, [2] if the representative does not have or represent an interest adverse to the proposed intervener, and [3] if the representative does not fail in fulfillment of his duty." *Id.* (alterations in original) (quoting *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999)). Showing a lack of adequate representation "is not difficult." *Clark*, 168 F.3d at 461. It requires only a "minimal" showing that representation "may be" inadequate. *Stone*, 371 F.3d at 1311.

No party in the district court proceedings adequately represents Movants' interest because of collusion between the parties. President Trump controls both Plaintiffs and Defendants, as the district court found. Dist.Ct.Dkt.106 at 17–27. Defendants never even filed a notice of appearance to defend this suit before the parties announced a collusive settlement. There was never any adversarial litigation between the parties in district court.[3] And there is no reason to believe Plaintiffs and

[3] The district court relied on court-appointed amici to ensure adequate briefing, Dist.Ct.Dkt.43, 115, but this Court has not appointed

Defendants will be any more adversarial on appeal. Defendants have (finally) made an appearance on appeal, but their brief makes clear that they are completely aligned with Plaintiffs. Dkts. 9, 10.

This anomalous situation is reflected in this Court's docketing of this appeal. Defendants Internal Revenue Service and the U.S. Department of the Treasury were not identified in the case caption and were not listed anywhere on the Court's docket as parties until their counsel filed an appearance. *Contra* Fed. R. App. P. 12(a). The Court initially docketed this case as *Trump v. Citizens for Responsibility and Ethics in Washington*, *see* Dkt. 1-1, designating one of the amici below on the appellee side of the caption. The Court then modified the case caption to *Trump v. Thirty-Five Former Federal Judges*, designating non-party movants as "Interested Party-Appellees," on the other side of the "v." from Plaintiffs. To the extent that the Thirty-Five Former Federal Judges are properly accorded party status in the appeal, Movants' interests are not adequately represented because the Thirty-Five Former Federal

---

amici at this time. In any event, the interests of court-appointed amici would not necessarily align in full with Movants' interest, given that Movants are the only party that moved for more than nominal attorney fees.

Judges sought nominal fees and costs, whereas Movants have sought more than nominal fees.

Under these circumstances, Movants have made the "minimal" showing, *Stone*, 371 F.3d at 1311 (citation omitted), that their interests are unlikely to be adequately represented in this appeal unless Movants are allowed to participate as intervenors on behalf of appellees.

## II. Alternatively, Movants are entitled to permissive intervention.

Movants are entitled to permissive intervention because they "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Movants' claim to fees under the district court's sanctions order is premised on the very questions of law and fact that lie at the center of this appeal.

Courts have discretion over permissive intervention, *see Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983), and the lack of adverseness between the parties in addressing those questions warrants the Court's exercise of its discretion to allow permissive intervention. And for the reasons set forth above in Section I.A, permissive intervention would not unduly delay or prejudice the adjudication of the parties' rights.

## CONCLUSION

The Court should grant intervention as of right, or alternatively permissive intervention, to Movants and then allow the filing of the attached proposed opposition to Plaintiffs' motion for a stay pending appeal.

Respectfully submitted,

*/s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA
JYOTI JASRASARIA
POOJA A. BOISTURE
AYESHA KHAN
ROBIN F. THURSTON
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 3,688 words. This document complies with the typeface and type-style requirements of Rule 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

/s/ Tsuki Hoshijima