NO. 26-12692

IN THE

# United States Court of Appeals for the Eleventh Circuit

PRESIDENT DONALD J. TRUMP, DONALD J. TRUMP JR., ERIC TRUMP, THE TRUMP ORGANIZATION, LLC,

*Plaintiffs-Appellants*,

ALEJANDRO BRITO, DANIEL EPSTEIN,

*Interested Parties-Appellants*,

v.

INTERNAL REVENUE SERVICE, U.S. DEPARTMENT OF THE TREASURY,

*Defendants*,

THIRTY-FIVE FORMER FEDERAL JUDGES,

*Interested Parties-Appellees.*

On Appeal from the United States District Court for the Southern District of Florida, Case No. 1:26-CV-20609, District Judge Kathleen M. Williams

**APPELLANTS PRESIDENT DONALD J. TRUMP, DONALD J. TRUMP JR., ERIC TRUMP, THE TRUMP ORGANIZATION, LLC, ALEJANDRO BRITO, AND DANIEL EPSTEIN'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

*(Counsel's Information on Inside Cover)*

Christopher G. Oprison
Tal Aburos
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
(305) 423-8522
chris.oprison@dlapiper.com
tal.aburos@dlapiper.com

Rachel A.H. Horton
DLA PIPER LLP (US)
1650 Market Street
Suite 5000
Philadelphia, PA 19103
(215) 656-3300
rachel.horton@dlapiper.com

Josh Halpern
JH Legal PLLC
1100 H Street NW, Suite 840
Washington, DC 20005
(610) 405-5531
jhalpern@jhlegalpllc.com

*Counsel for Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein*

*President Donald J. Trump v. Thirty-Five Former Federal Judges*
No. 26-12692

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 26.1 and 28(a)(1) of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, counsel for Appellants hereby certify on behalf of Appellants that the Certificate of Interested Parties filed on August 12, 2026, remains correct with the following additions:

1) America First Legal Foundation – Amicus
2) Barry, Nicholas R. – Counsel for Amicus America First Legal Foundation
3) Clanton, Crystal C. – Counsel for Amicus America First Legal Foundation
4) Crossin, Robert A. – Counsel for Amicus America First Legal Foundation
5) Hamilton, Gene P. – Counsel for Amicus America First Legal Foundation
6) Rubinstein, Reed D. – Counsel for Amicus America First Legal Foundation
7) Strauss, Julie A. – Counsel for Amicus America First Legal Foundation

*/s/ Christopher G. Oprison*
Christopher G. Oprison

August 24, 2026

# TABLE OF CONTENTS

**Page**


CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ....................C-1

TABLE OF AUTHORITIES .................... ii

INTRODUCTION ....................1

RELEVANT BACKGROUND ....................2

ARGUMENT ....................5

I. Movants Cannot Meet the Requirements to Intervene on Appeal. ....................5

A. The Motion Fails Because Movants Have No Standing. ....................5

B. The Motion Also Fails Because Movants' Unpreserved Request Is Not Supported by "Imperative Reasons." ....................7

C. Rule 24's Principles Also Forcefully Militate Against Intervention. ....................11

CONCLUSION ....................13

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amalgamated Transit Union Int'l, AFL-CIO v. Donovan*,
771 F.2d 1551 (D.C. Cir. 1985)....7

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)....12

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*,
595 U.S. 267 (2022)....11

*Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*,
386 U.S. 129 (1967)....12

*Chiles v. Thornburgh*,
865 F.2d 1197 (11th Cir. 1989)....11, 12

*Diamond v. Charles*,
476 U.S. 54 (1986)....12

*Diaz v. S. Drilling Corp.*,
427 F.2d 1118 (5th Cir. 1970)....11

*Donaldson v. Clark*,
819 F.2d 1551 (11th Cir. 1987) (en banc)....9

*Duplan v. Harper*,
188 F.3d 1195 (10th Cir. 1999)....8

*E. Bay Sanctuary Covenant v. Biden*,
102 F.4th 996 (9th Cir. 2024)....7, 8

*Franklin v. Massachusetts*,
505 U.S. 788 (1992)....10

*Ga. Republican Party v. SEC*,
888 F.3d 1198 (11th Cir. 2018)....6

*In re Grand Jury Investigation*,
587 F.2d 598 (3d Cir. 1978) ....................................................................7

*Hall v. Holder*,
117 F.3d 1222 (11th Cir. 1997) ....................................................................*passim*

*Halo Wireless, Inc. v. Alenco Commc'ns, Inc.*,
684 F.3d 581 (5th Cir. 2012) ....................................................................11

*Hawes v. Gleicher*,
745 F.3d 1337 (11th Cir. 2014) ....................................................................6

*McKenna v. Pan Am. Petroleum Corp.*,
303 F.2d 778 (5th Cir. 1962) ....................................................................7

*Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*,
425 F.3d 1308 (11th Cir. 2005) ....................................................................12

*Pub. Serv. Co. of N.M. v. Barboan*,
857 F.3d 1101 (10th Cir. 2017) ....................................................................7

*Richardson v. Flores*,
979 F.3d 1102 (5th Cir. 2020) ....................................................................7

*Sofidiya v. Texas S. Univ.*,
No. 4:19-CV-2221, 2021 WL 4228896 (S.D. Tex. Apr. 13, 2021) ...................12

*Town of Chester v. Laroe Estates, Inc.*,
581 U.S. 433 (2017)....................................................................1, 5, 6

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....................................................................6

*United States v. 22,680 Acres of Land*,
438 F.2d 75 (5th Cir. 1971) ....................................................................8

**Statutes and Rules**

26 U.S.C. § 7431 ....................................................................2

Fed. R. App. P. 29 ....................................................................11

Fed. R. Civ. P. 11 ....................................................................9

Fed. R. Civ. P. 24 ........................................................................................ *passim*

**Other Authority**

James W. Moore, 6 Moore's Fed. Prac. Civil § 24.03 ............................................ 6

## INTRODUCTION

Six interlopers—John Koskinen, Kathryn Keneally, Nina Olson, Gilbert Rothenberg, Common Cause, and Project on Government Oversight ("Movants")—wrongfully seek to intervene in order to try and improperly defend an unprecedented Sanctions Order they never requested, in a case they deliberately chose not to join in the district court. *See* Doc.106.[1] Their arguments for intervention fail as does their effort to rehabilitate the Sanctions Order. This Court should deny the motion.

As an initial matter, Movants cannot satisfy any of the requirements for intervention. *First*, they lack standing because they identify no concrete injury of their own—just theoretical fees for their *free lawyers*. *Town of Chester v. Laroe Estates*, *Inc.*, 581 U.S. 433, 439-40 (2017). *Second*, they cannot satisfy the heightened standard for intervention for the first time on appeal because nothing about the motion presents the sort of "imperative reasons" required to intervene at this stage. *Hall v. Holder*, 117 F.3d 1222, 1231 (11th Cir. 1997). *Third*, Rule 24 principles fortify the conclusion that intervention should be denied—because the Movants lack any cognizable basis to join this case, other than a contingent financial

[1] References to district court docket entries are designated by Doc.#. Page references are to the blue header generated by the district court's electronic filing systems. Documents on this Court's docket are designated by Appeal.Doc.#, and the black footer page numbers are cited.

benefit to their *volunteer lawyers* arising from work performed while Movants chose to participate only as *amici*.

Movants' merits arguments are easily dismissed. They identify no on-point precedent supporting the wrongful exercise of judicial power they seek to defend. They identify no case to support the district court's manufactured rule that the President can never sue the Executive Branch. They point to no other example in which parties and their lawyers were punished for pressing a novel legal position with which a district court disagreed. Vitally, they cannot identify any precedent for imposing, as a sanction, a prospective, unconstitutional injunction censoring the sitting President and the Executive Branch. There is no imperative reason to add more parties to defend a Sanctions Order that dramatically violates settled judicial norms. Intervention should be denied, and proceedings in the district court should immediately be stayed pending appeal.

## RELEVANT BACKGROUND

Plaintiffs President Donald J. Trump, Donald J. Trump Jr., Eric Trump, and The Trump Organization, LLC's Complaint asserted claims under 26 U.S.C. § 7431 arising from the unauthorized disclosure of their confidential tax return information. Doc.1.

From 2019 to 2020, former Internal Revenue Service ("IRS") employee/contractor Charles Littlejohn unlawfully obtained Plaintiffs' tax returns

and disclosed them to the media; he later pled guilty and was sentenced to the statutory maximum of sixty months in prison. Doc.1 ¶¶ 6-7, 35, 53-64; Doc.106 at 4. The IRS admitted "that it failed to prevent Mr. Littlejohn's criminal conduct and unlawful disclosure." Doc.1 ¶ 12.

Plaintiffs filed suit in January 2026. Doc.1 ¶¶ 76-86. Movants requested leave to file an *amicus* brief one week later. Doc.7. No Party opposed the motion, and it was granted by default. Doc.28. Movants were not appointed by the Court, and they were not directed to brief any issue; they asserted no claims, sought no relief on their own behalf, bore no obligations, and were subject to no judgment. *See* Doc.33; Doc.95. Movants urged the district court to invoke its inherent authority to stay the case until after President Trump leaves office, strike the damages figure, and appoint *amici*. Doc.33 at 2, 6-14, 17-19.

On April 17, 2026, the Parties jointly sought additional time for Defendants to respond, explaining that they were negotiating a potential resolution of the action. Doc.40 at 2. On April 24, 2026, the Court ordered the Parties to brief "whether a case and controversy exists" and, five days later, it appointed *amici* from three law firms (not Movants here) to address the same question. Doc.41 at 4; Doc.43.

On May 18, 2026, Plaintiffs voluntarily dismissed the action with prejudice, and the district court cancelled the jurisdictional briefing deadline, and it closed the case. Doc.52; Doc.62 at 3. Nine days later, on May 27, 2026, thirty-five former

federal judges ("Former Judges") filed a Rule 60 motion. Doc.63. The district court ordered Plaintiffs to respond on May 29, 2026, Plaintiffs filed a timely response, and the Former Judges filed a reply on June 19, 2026. Doc.65; Doc.89; Doc.94. On June 22, 2026, Movants sought leave to file another *amicus* brief. Doc.95. The court denied the motion. Doc.103.

On July 13, 2026—nearly two months after the case was closed, the district court issued a 56-page Sanctions Order imposing a sweeping injunction on the Parties and professional sanctions on Plaintiffs' counsel. Doc.106 at 46-47. Although the court-appointed *amici* had declined any reimbursement, the Sanctions Order invited the Movants and the Former Judges to file memoranda "regarding any appropriate reimbursement" within fourteen days. Doc.106 at 52-53.

Two fee petitions followed. Movants sought $39,000 for 78 hours of work by three Democracy Forward Foundation ("DFF") attorneys attributable to the *amicus* brief they voluntarily and unilaterally filed on February 5, 2026. Doc.111. The fee application acknowledged the DFF attorneys performed that work without billing their clients, and it admitted that "courts do not typically award fees for amicus briefs." Doc.111 at 8-9. The Former Judges separately sought $4,606.83 in costs and $4 in fees. Doc.112. Neither petitioning group complied with Southern District of Florida Local Rule 7.3, which requires a pre-motion conferral and a bill of costs,

and together they seek $43,610.83. Doc.111; Doc.112. Those fee requests remain pending in the district court.

On July 31, 2026, Plaintiffs and their attorneys filed a timely Joint Notice of Appeal and an expedited motion to stay the Sanctions Order and all related proceedings pending appeal. Doc.113; Doc.114. On August 3, 2026, they filed their opposition to both fee petitions. Doc.116 at 1. On August 12, 2026, they filed a Time Sensitive Motion for Stay in this Court, seeking a stay pending appeal of the district court proceedings. Appeal.Doc.8. Movants never sought to intervene in the district court.

## ARGUMENT

This Court should deny intervention. Movants lack standing, cannot show the "imperative reasons" required after declining to intervene below, *Hall*, 117 F.3d at 1231, and have no direct, legally protectable interest under Rule 24. Their proposed merits arguments only confirm that the unlawful Sanctions Order is indefensible, unprecedented, and must be immediately stayed.

### I. Movants Cannot Meet the Requirements to Intervene on Appeal.

#### A. The Motion Fails Because Movants Have No Standing.

Movants cannot intervene because they cannot identify any concrete injury of their own. Article III requires standing where a proposed intervenor seeks relief different from that sought by a party with standing. *Town of Chester*, 581 U.S. at

439-40. The Supreme Court was explicit: "for all relief sought, there must be a litigant with standing," and an intervenor seeking "separate money judgments in their own names" must establish standing for that distinct relief. *Id.* at 439-40. Although *Town of Chester* addressed intervention as of right, "the logic of *Town of Chester* is directly applicable [to permissive intervention], and the intervenor must have standing to seek such relief." James W. Moore, 6 Moore's Fed. Prac. Civil § 24.03. The standing rule applies squarely here because Movants—and only Movants—seek a separate, improper, yet-to-be-determined award of attorneys' fees, arising from their own participation as *amici*. Movants are wholly incorrect when they summarily dismiss the standing requirement in a footnote without meaningful explanation. Motion, Appeal.Doc.21-1 at 14 n.2.

Movants cannot show the injury that *Town of Chester* requires. They paid their volunteer lawyers nothing, owe them nothing, and would receive nothing from the requested award. Doc.111 at 8. A volunteer lawyer's interest in recovering fees does not create Article III standing for the client. *See Ga. Republican Party v. SEC*, 888 F.3d 1198, 1202 (11th Cir. 2018); *Hawes v. Gleicher*, 745 F.3d 1337, 1342 (11th Cir. 2014); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). Because Movants have no standing to intervene, the motion must be denied.

### B. The Motion Also Fails Because Movants' Unpreserved Request Is Not Supported by "Imperative Reasons."

Intervention for the first time on appeal is reserved for the rarest of cases. Where a prospective intervenor never sought intervention below, this Court permits intervention only "in an exceptional case for imperative reasons." *Hall*, 117 F.3d at 1231 (quoting *McKenna v. Pan Am. Petroleum Corp.*, 303 F.2d 778, 779 (5th Cir. 1962)). That is a "steep threshold." *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020).[2] Movants never address that controlling standard, and they obviously cannot satisfy it.

That demanding standard requires the prospective intervenor to possess an extraordinary, direct stake—something more than an interest in a contingent effect of the litigation, and certainly more than a potential financial benefit to its lawyers, who chose to work for free in the first place. *See E. Bay Sanctuary*, 102 F.4th at 1002. Movants here come nowhere close. Their only asserted stake is a still-pending request that DFF be paid for work it voluntarily performed. That contingent fee request is, at most, an "incidental effect[]" of the litigation, *id.*, not a concrete interest

---

[2] *Accord E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1001 n.1 (9th Cir. 2024), *cert. denied sub nom. Kansas v. Mayorkas*, 145 S. Ct. 415 (2024); *Pub. Serv. Co. of N.M. v. Barboan*, 857 F.3d 1101, 1113 (10th Cir. 2017) ("Though we usually take a liberal view of Rule 24(a), when an applicant has not sought intervention in the district court, we permit it on appeal only in an exceptional case for imperative reasons." (internal quotation marks omitted)); *Amalgamated Transit Union Int'l, AFL-CIO v. Donovan*, 771 F.2d 1551, 1552-53, 1553 n.3 (D.C. Cir. 1985) (same); *In re Grand Jury Investigation*, 587 F.2d 598, 601 (3d Cir. 1978).

that Movants hold in the lawsuit's subject matter. A possible payment to Movants' lawyers cannot supply the "imperative reason" necessary to justify intervention for the first time on appeal. *See Hall*, 117 F.3d at 1231 (denial of voting rights insufficient); *E. Bay Sanctuary Covenant*, 102 F.4th at 1002-03 (substantial economic effects on States insufficient); *Duplan v. Harper*, 188 F.3d 1195, 1203 (10th Cir. 1999) (negligence finding against doctor from multimillion-dollar malpractice action insufficient).

Movants' own conduct further undermines any claim of imperative need. They knew of this case from its inception, participated as *amici*, and repeatedly chose not to seek intervention. That is the opposite of an extraordinary circumstance justifying intervention on appeal. *Cf. United States v. 22,680 Acres of Land*, 438 F.2d 75, 77 (5th Cir. 1971). A contingent payment to volunteer lawyers is therefore nowhere near the kind of direct, extraordinary interest that could supply an "imperative reason" for first-time intervention on appeal.

Finally, Movants' weak merits arguments demonstrate clearly why there is no imperative reason to bring them into this appeal. As they all but concede, the district court adopted the novel legal rule that Article III adversity is defeated by virtue of "the President's control over the federal agencies he sued," regardless of the capacity in which he brings suit. Proposed Opp., Appeal.Doc.21-2 at 8. In doing so, the district court ignored clear legal precedent to the contrary. Movants cannot identify

a single case that supports the district court's erroneous conclusions. Presidential supervision does not collapse distinct public and private legal interests into one for Article III purposes, and Movants offer no authority holding otherwise. Moreover, Movants offer no defense of how the district court wrongly dismissed the claims of private Plaintiffs as "parenthetical," because of shared counsel, family or corporate ties, and a common litigation position. Doc.106 at 22 n.29.

That same novelty makes the sanctions especially indefensible. Movants concede that "there is no precedent for these extraordinary circumstances." Proposed Opp., Appeal.Doc.21-2 at 8. Yet, the Sanctions Order punished parties and counsel for advancing a good-faith position on an Article III issue merely because the district court disagreed. That ruling is antithetical to the American adversarial system. Rule 11 is not "intended to chill innovative theories and vigorous advocacy," as Movants' own authorities confirm. *Donaldson v. Clark*, 819 F.2d 1551, 1561 (11th Cir. 1987) (en banc). The decision below thus crossed a fundamental line by treating a good-faith position on an unresolved legal question as somehow contemptuous, which it was not.

Movants' improper defense of the unconstitutional injunction is even weaker. They mislabel it a "narrow restriction," and analogize it to ordinary evidentiary rules, perjury, baseless litigation, and vexatious litigants. Proposed Opp., Appeal.Doc.21-2 at 19-22. Those examples are not remotely comparable. The Sanctions Order

prospectively restricts what the President, federal agencies, and their affiliates may say about the Settlement Agreement in general and in official proceedings. Movants identify no sanction in American jurisprudence remotely close. Indeed, insofar as the Sanctions Order purports to reach the President's official speech, it breaks the "apparently unbroken historical tradition" against judicial commands restraining the President himself. *See Franklin v. Massachusetts*, 505 U.S. 788, 827 (1992) (Scalia, J., concurring in part and concurring in the judgment). Movants have no plausible defense for the district court's aberrant order, and their proposed brief thus offers no plausible, let alone "imperative," reasons to require their participation.

In addition, Movants do not even attempt an answer to the litany of technical errors Appellants have identified, or the district court's continued enlistment of an army of *amici* to defend overreaching *sua sponte* sanctions.[3] No number of *amicus* briefs can sanitize the unprecedented abuse of judicial power that occurred below—and that continues to occur in the absence of a stay. Movants' proposed arguments

[3] The Sanctions Order included a litany of basic errors—including materially misquoting *Cooter & Gell*, misidentifying the court and dissenting judge in *Keepseagle*, using the wrong docket number for *Jackson*, giving the wrong citation for *Trump v. Clinton*, citing the *Seila Law* syllabus rather than the majority opinion, and misidentifying a *Wall Street Journal* author and URL, as well as repeatedly mangling case names, government titles, and source attributions—thus creating the appearance that it was rushed out before the Attorney General's confirmation hearing. Doc.106 at 10, 15-16, 19, 21 n.27, 25 n.32, 30, 32 n.45, 34, 42.

do not provide an imperative reason for intervention, but rather a compelling reason for this Court to issue a stay.[4]

### C. Rule 24's Principles Also Forcefully Militate Against Intervention.

In addition to the above deficiencies, the principles underlying Rule 24 also weigh heavily against intervention here. Because no rule expressly governs appellate intervention, some courts have looked to Rule 24's policies for guidance. *Cf. Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276-77 (2022). They cut decisively against Movants here.

The principles governing intervention as of right weigh heavily against intervention.[5] Movants' request would be untimely in the district court because they knew of this case from the outset, participated as *amici*, and deliberately chose not to intervene. *Cf. Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). More fundamentally, they lack the "direct, substantial, legally protectible interest" that Rule 24(a) ordinarily requires. *Id.* (internal quotation marks omitted). Their

---

[4] Movants ask in the alternative that their intervention motion be treated as a request for leave to file an *amicus* brief. Motion, Appeal.Doc.21-1 at 3. That request should be denied as well. An *amicus* brief should "help" the Court, not "burden" it with arguments that add nothing consequential to the issues presented. *See* Fed. R. App. P. 29 advisory committee's note to 1998 amendment; *Halo Wireless, Inc. v. Alenco Commc'ns, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012). Movants' proposed brief does not meet that standard.

[5] Movants wrongly assert the standard for intervention is "liberal," citing *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970), but *Diaz*, a standard Movants would not satisfy anyway, did not involve intervention for the first time on appeal.

contingent hope that volunteer lawyers might receive fees is, if anything, an insufficient, indirect economic consequence. *See Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311-12 (11th Cir. 2005); *compare Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 134 n.3 (1967) (intervenor had a direct interest in the antitrust divestiture remedy at issue in underlying case). Without a cognizable interest of their own, a desire to add another advocate for the Sanctions Order cannot manufacture a sufficient interest under Rule 24's principles.

The principles governing permissive intervention cut just as sharply against Movants. In the district court, Rule 24(b) requires an actual "claim or defense" sharing a common question with the action. *Chiles*, 865 F.2d at 1213. Those words mean "the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997) (quoting *Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring in part and concurring in the judgment)). Movants have an opinion, not a claim or defense. They are not suing anyone, defending against any claim, or even protecting any substantive right being adjudicated in this appeal. A request that their volunteer lawyers receive fees is not a claim or defense. *See Sofidiya v. Texas S. Univ.*, No. 4:19-CV-2221, 2021 WL 4228896, at *3 (S.D. Tex. Apr. 13, 2021).

Rule 24 principles thus confirm what Article III and *Hall* already establish: Movants have no basis to become parties to this appeal.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court deny the motion to intervene and deny leave to file an *amicus* brief. Appellants further request that this Court grant a stay of all proceedings pending appeal.

August 24, 2026

Respectfully submitted,

*/s/ Christopher G. Oprison*
Christopher G. Oprison
Tal Aburos
DLA PIPER LLP (US)
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131
Telephone: (305) 423-8522
chris.oprison@dlapiper.com
tal.aburos@dlapiper.com

Rachel A.H. Horton
DLA Piper LLP (US)
1650 Market St., Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
rachel.horton@dlapiper.com

Josh Halpern
JH Legal PLLC
1100 H Street NW, Suite 840
Washington, DC 20005
Telephone: (610) 405-5531
jhalpern@jhlegalpllc.com

*Counsel for Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein*

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

I hereby certify, on this 24th day of August 2026, that this opposition complies with the Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:

1. This opposition complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4, this opposition contains 2,943 words.

2. This opposition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this opposition has been prepared in a proportionally spaced typeface using Microsoft 365 in 14-point Times New Roman.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

August 24, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2026, I caused the foregoing opposition to be electronically filed using the Court's CM/ECF system, which will send notification of such filing to all current counsel of record. I further certify that the foregoing document is being served on appellees by UPS overnight mail and emailed at the following addresses:

Andrés Rivero
Daniela Tenjido-Eljaiek
Rivero Mestre LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
arivero@riveromestre.com
dtenjido@riveromestre.com

Norman L. Eisen
David W. Ogden
Stephen A. Jonas
Democracy Defenders Action
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
norman@democracydefenders.org
david@democracydefenders.org
steve@democracydefenders.org

*Counsel for 35 Former Judges*

*/s/ Christopher G. Oprison*
Christopher G. Oprison

August 24, 2026