No. 26-12692-CC

# JURISDICTIONAL QUESTION

Please address whether the district court's July 13, 2026 order is immediately appealable, including whether that order is appealable as an injunctive order. *See* 28 U.S.C. § 1291 (providing that the courts of appeals have jurisdiction over "appeals from all final decisions of the district courts"); *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) (explaining that a district court order which "contemplates further substantive proceedings in a case is not final and appealable"); *Jaffe v. Sundowner Props., Inc.*, 808 F.2d 1425, 1426-27 (11th Cir. 1987) (holding that a Rule 37(d) sanctions order dismissing an action and awarding attorney's fees was not final until the amount of fees were determined); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 n.1 (11th Cir. 2000) (noting that this Court lacked jurisdiction to review a sanctions order because it "ha[d] not yet [been] reduced . . . to a specific sum"); *Andrews v. Employees' Ret. Plan of First Ala. Bancshares, Inc.*, 938 F.2d 1245 (11th Cir. 1991) (holding that this Court may exercise pendent appellant jurisdiction over an order awarding an undetermined amount of attorney's fees when a party also appeals a separate order that is final); 28 U.S.C. § 1292(a)(1) (providing that the courts of appeals have jurisdiction over district court orders that, inter alia, grant injunctions); *Positano Place at Naples I Condo. Ass'n, Inc. v. Empire Indemnity Ins. Co.*, 84 F.4th 1241, 1251-52 (11th Cir. 2023) (explaining that an order may be injunctive if it (1) might have a "serious, perhaps irreparable, consequence" and (2) can be "effectually challenged" only by immediate appeal or cannot be effectively reviewed on appeal from a final judgment (quotation marks omitted)).