**No. 26-12692**

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

Donald Trump, *et al.*,
*Plaintiffs-Appellants*,
Alejandro Brito, *et al.*,
*Interested Parties-Appellants*,

*v.*

Internal Revenue Service *et al.*,
*Defendants*,
Thirty-Five Former Federal Judges,
*Interested Parties-Appellees.*

On Appeal from an Order of the
United States District Court for the Southern District of Florida
Case No. 1:26-cv-20609, Hon. Kathleen M. Williams

# Reply in Support of Motion to Intervene by Former Government Officials and Public Interest Organizations

TSUKI HOSHIJIMA
JYOTI JASRASARIA
POOJA A. BOISTURE
AYESHA N. KHAN
ROBIN F. THURSTON
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Former Government Officials & Public Interest Organizations*

## TABLE OF CONTENTS


Introduction .......... 1

Argument .......... 1

I. Movants are entitled to intervene as a matter of right .......... 1

A. Movants meet the standard for intervention under Rule 24(a). .......... 2

B. Movants need not show Article III standing or meet a heightened standard, though they can do so if that is required .......... 5

II. Alternatively, the Court should allow permissive intervention. .......... 9

Conclusion .......... 10

# TABLE OF AUTHORITIES

## Cases

*Blanchard v. Bergeron*,
489 U.S. 87 (1989) .......... 3

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*,
595 U.S. 267 (2022) .......... 2, 7, 8

*Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*,
386 U.S. 129 (1967) .......... 3

*Crossroads Grassroots Pol'y Strategies v. FEC*,
788 F.3d 312 (D.C. Cir. 2015) .......... 7

*Diaz v. S. Drilling Corp.*,
427 F.2d 1118 (5th Cir. 1970) .......... 2

*Ga. Republican Party v. SEC*,
888 F.3d 1198 (11th Cir. 2018) .......... 6

*Hall v. Holder*,
117 F.3d 1222 (11th Cir. 1997) .......... 7

*Hawes v. Gleicher*,
745 F.3d 1337 (11th Cir. 2014) .......... 6

*Huff v. Comm'r of IRS*,
743 F.3d 790 (11th Cir. 2014) .......... 2

*Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*,
425 F.3d 1308 (11th Cir. 2005) .......... 7

*Nat'l Ass'n of Mfrs. v. Dep't of Lab.*,
159 F.3d 597 (D.C. Cir. 1998) .......... 3

*Town of Chester, N.Y. v. Laroe Ests., Inc.*,
581 U.S. 433 (2017) .......... 5

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 6

*Virginia House of Delegates v. Bethune-Hill*,
587 U.S. 658 (2019) .................................................................... 6

**Rules**

Fed. R. Civ. P. 24 ........................................................................ 1, 2

## INTRODUCTION

There was no adverseness between the parties in district court. Defendants never even appeared in district court to defend the case. Defendants have shown up on appeal only to take the same side as Plaintiffs. This lack of adverseness, which arises from the President's control of both sides of this litigation, underpins the district court's sanctions order that is now on appeal.

Movants seek intervention because they have a direct and concrete interest in that district court order, which both Plaintiffs and Defendants are attacking. That interest will be impaired if Plaintiffs and Defendants' attack were to succeed. Under these circumstances, Movants meet the standard for intervention under the Federal Rules of Civil Procedure, which applies also to appellate intervention. Movants need not make the additional showings that Appellants demand, though Movants would be able to do so if such a showing were required.

## ARGUMENT

### I. Movants are entitled to intervene as a matter of right.

The standard for intervention on appeal is the same as the one applicable in district court under Federal Rule of Civil Procedure 24(a). Movants meet that standard. Movants need not also show Article III

standing for this type of intervention, and they need not show imperative reasons for their intervention, but Movants meet those standards as well.

### A. Movants meet the standard for intervention under Rule 24(a).

When considering a request for intervention on appeal, courts consider the policies underlying intervention in district courts under Federal Rule of Civil Procedure 24. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276–77 (2022). Rule 24(a) sets out four factors for intervention as of right: timeliness, claimed interest, impairment of that interest, and adequacy of representation by existing parties.

Appellants focus their attack on Movants' interest in this appeal, but they understate Movants' interest. This appeal concerns the district court's sanctions order, which authorized Movants to seek attorney fees incurred in highlighting the problems with this case. Appellants challenge the district court's threshold finding that sanctions are warranted at all. If Appellants prevail, then the disposition of this appeal will directly impair Movants' monetary recovery, which is a prototypical concrete interest. *Cf. Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). That is more than enough to justify intervention under the "flexible," *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014), and

"practical," *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 134 n.3 (1967), inquiry into the proposed intervenor's interest.

That the district court has not entered a final determination of the sum of fees owed does not undercut Movants' interest in this appeal. This appeal will raise the question of whether the district court properly found that sanctions are warranted, which bears directly on Movants' entitlement to fees. In any case, the more that Appellants try to characterize Movants' interest as "contingent," Opp. 1, 7–8, 12, the more that Appellants call into question the existence of appellate jurisdiction. *See* Dkt. 21-2 at 7 n.1 (explaining that pendency of district court's fee proceedings creates uncertainty about whether the sanctions order is a final appealable order); Dkt. 42 (jurisdictional question). Appellants also suggest that Movants lack the necessary interest because they seek fee recovery for their volunteer pro bono counsel, but courts have held in various contexts that a party represented on a pro bono basis may still recover attorney fees. *See Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989); *Nat'l Ass'n of Mfrs. v. Dep't of Lab.*, 159 F.3d 597, 607 (D.C. Cir. 1998).

As to the other Rule 24(a) factors, it is irrelevant whether "Movants' request would be untimely in the district court." Opp. 11. Movants are

seeking intervention in this Court, not the district court, and there is no question that the request is timely here. There is no sound basis for Appellants' implication that Movants are latecomers to this case. Movants were the first to file an amicus brief in district court that sounded the alarm about the impropriety of the lawsuit, and the district court adopted some of Movants' suggested actions. Movants participated in district court only as amici and did not seek intervention in district court, but Movants seek to intervene here because this appeal directly implicates Movants' concrete interest in the district court's sanctions order. That order concretized Movants' interest in this appeal.

Most significantly, Appellants are entirely silent on the adequacy-of-representation factor. Appellants do not dispute that no party in the district court proceedings is likely to defend the district court's sanctions order on appeal. Defendants never even appeared in district court, and they showed up in this appeal only to support Plaintiffs-Appellants' motion to stay the sanctions order. Dkt.10. President Trump, after all, controls both sides. The only opposition to Appellants' stay motion in this Court was filed by thirty-five former federal judges who were nonparty

movants in the district court. Dkt.31. Under these circumstances, the adequacy-of-representation factor strongly favors intervention.

### B. Movants need not show Article III standing or meet a heightened standard, though they can do so if that is required

Appellants argue that it is not enough for Movants to meet the Federal Rule of Civil Procedure 24(a) factors. Instead, they say, Movants must also show Article III standing and meet a heightened showing that there are imperative reasons for intervention. They are wrong, but Movants would meet those requirements anyway.

*1. Article III standing*. Movants need not show Article III standing. To argue otherwise, Appellants rely on *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433 (2017). But that case is inapposite. *Town of Chester* addressed a prospective *plaintiff*-intervenor; the Court held that such an intervenor "must meet the requirements of Article III if the intervenor wishes to pursue relief not requested by a plaintiff." *Id.* at 435. In contrast, Movants seek to intervene in *defense* of this appeal. Movants seek nothing more than affirmance of the district court's order—no other relief beyond that. For such intervention, the more recent and more applicable Supreme Court guidance is *Virginia House of Delegates v.*

*Bethune-Hill*, in which the Court explained that intervention as an appellee did not "entail[] invoking a court's jurisdiction" and thus did not require the intervenor "to demonstrate its standing." 587 U.S. 658, 663 (2019). As Movants explained in their motion, they are not seeking to continue the suit by pursuing an appeal that nobody with standing seeks to pursue. Mot. (Dkt. 21) 14 n.2. Instead, Movants merely seek affirmance, which this Court will have to consider regardless of whether Movants are allowed to intervene. *Id.*

In any case, Movants have standing to defend this appeal. Appellants mischaracterize the standing inquiry as whether Movants have standing under Article III to seek fees. Opp. (Dkt.30) 6.[1] Movants are not intervening to seek a fee award in the first instance. Rather, the district court's sanctions order authorized Movants to seek attorney fees,

---

[1] Appellants argue that pro bono clients cannot have Article III standing to recover attorney fees, and although that is the wrong question, the cases they cite do not support their argument anyway. None of the three cases they cite, Opp. 6, pertain to pro bono attorney-client relationships or fee recovery at all. *See Ga. Republican Party v. SEC*, 888 F.3d 1198, 1202 (11th Cir. 2018) (considering asserted impairment of political party's fundraising by regulation of political contributions); *Hawes v. Gleicher*, 745 F.3d 1337, 1342 (11th Cir. 2014) (considering assertion of a corporation's rights by a shareholder and creditor); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (considering consumers' interest in accurate credit reporting).

and Movants seek to intervene to defend that order. A reversal of the sanctions order would be "an unfavorable decision [that] would remove [Movants'] benefit," *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 317 (D.C. Cir. 2015), which is a concrete interest that is different from the type of downstream "economic" interest at issue in *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). The fee interest belongs to Movants, not merely their counsel. The district court's sanctions order invited "the initial amici," including Movants, to seek reimbursement. Dist.Ct.Dkt.106 at 53. Democracy Forward's pro bono representation of Movants, and its ultimate receipt of fees, does not undermine Movants' interest in participating in this appeal.

*2. Imperative reasons*. Appellants argue, citing *Hall v. Holder*, that Movants must make a heightened showing of "imperative reasons" for intervention because they are intervening for the first time on appeal. 117 F.3d 1222, 1231 (11th Cir. 1997). But that statement long predates the Supreme Court's more recent statement in *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, that appellate courts should consider the same factors that district courts consider when evaluating intervention

under the Federal Rules of Civil Procedure. 595 U.S. at 276–77. *Cameron*, like this case, involved an attempt to intervene for the first time on appeal—but *Cameron* made no mention of "imperative reasons" or any other heightened intervention standard. *See id.* at 273. The out-of-circuit cases that Appellants cite, Opp. 7 n.2, do not support the application of a heightened standard after *Cameron*. The intervention standards in the Federal Rules of Civil Procedure strike the proper balance between protecting the interests of affected third parties and guarding against undue disruption, and there is no basis in any statute or rule for imposing a higher standard here.

In any case, there are imperative reasons for Movants to be granted intervention. The lack of adverseness in this case arises from a unique set of circumstances. Allowing intervention to defend a district court order that Plaintiffs and Defendants have banded together to attack will ensure a fulsome presentation of issues without lowering the intervention bar for other, more ordinary cases. That Movants seek intervention on appeal after not having done so in the district court is the result of the district court's sanctions order creating the direct interest, not the result of any gamesmanship.

Finally, the Court should disregard Appellants' use of their intervention opposition to raise merits arguments. Opp. 2, 8–11. The only issue in the current motion is the procedural question of whether Movants may intervene, yet Appellants improperly inject attacks on Movants' supposedly "weak merits arguments." *Id.* at 8. None of the intervention factors calls for an inquiry into the strength of the merits arguments that a proposed intervenor would raise or their likelihood of success. As Movants' proposed opposition to Plaintiffs' stay motion shows, however, Movants would make significant contributions to this Court's consideration of the issues at stake in this appeal.

## II. Alternatively, the Court should allow permissive intervention.

The unique circumstances of this case justify the exercise of this Court's discretion to allow permissive intervention even if the Court were to conclude that intervention as of right is not warranted. Without adverseness between Plaintiffs and Defendants, the participation of Movants to defend the district court's sanctions order on appeal will benefit judicial proceedings. Movants do not merely have a generalized policy interest, as Appellants suggest when they accuse Movants of having just "an opinion." Opp. 12. Rather, the legal and factual questions

that served as the basis for Movants' fee entitlement will be at the center of this appeal.

## CONCLUSION

The Court should grant intervention as of right, or alternatively permissive intervention, to Movants and allow the filing of Movants' proposed opposition to Plaintiffs' motion for a stay pending appeal.

Respectfully submitted,

*/s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA
JYOTI JASRASARIA
POOJA A. BOISTURE
AYESHA N. KHAN
ROBIN F. THURSTON
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 1,979 words. This document complies with the typeface and type-style requirements of Rule 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

*/s/ Tsuki Hoshijima*