NO. 26-12692

IN THE

# United States Court of Appeals for the Eleventh Circuit

PRESIDENT DONALD J. TRUMP, DONALD J. TRUMP JR.,
ERIC TRUMP, THE TRUMP ORGANIZATION, LLC,

*Plaintiffs-Appellants*,

ALEJANDRO BRITO, DANIEL EPSTEIN,

*Interested Parties-Appellants*,

v.

INTERNAL REVENUE SERVICE,
U.S. DEPARTMENT OF THE TREASURY,

*Defendants*,

THIRTY-FIVE FORMER FEDERAL JUDGES,

*Interested Parties-Appellees.*

---

On Appeal from the United States District Court for the Southern District of Florida, Case No. 1:26-CV-20609, District Judge Kathleen M. Williams

---

**REPLY BRIEF IN SUPPORT OF TIME SENSITIVE MOTION FOR STAY OF SANCTIONS ORDER AND FEE PROCEEDING BY APPELLANTS PRESIDENT DONALD J. TRUMP, DONALD J. TRUMP JR., ERIC TRUMP, THE TRUMP ORGANIZATION, LLC, ALEJANDRO BRITO, AND DANIEL EPSTEIN**

---

*(Counsel's Information on Inside Cover)*

Christopher G. Oprison
Tal Aburos
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
(305) 423-8522
chris.oprison@dlapiper.com
tal.aburos@dlapiper.com

Josh Halpern
JH Legal PLLC
1100 H Street NW, Suite 840
Washington, DC 20005
(610) 405-5531
jhalpern@jhlegalpllc.com

Rachel A.H. Horton
DLA PIPER LLP (US)
1650 Market Street
Suite 5000
Philadelphia, PA 19103
(215) 656-3300
rachel.horton@dlapiper.com

*Counsel for Appellants President Donald J. Trump,*
*Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC,*
*Alejandro Brito, and Daniel Epstein*

*President Donald J. Trump v. Thirty-Five Former Federal Judges*
No. 26-12692

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rules 26.1 and 28(a)(1) of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, counsel for Appellants hereby certify on behalf of Appellants that the Certificate of Interested Parties filed on August 24, 2026, remains correct with the following addition:

1) Porcile, Carolina – Counsel for Appellees Thirty-Five Former Federal Judges

*/s/ Christopher G. Oprison*
Christopher G. Oprison

August 31, 2026

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ....................C-1

TABLE OF AUTHORITIES .................... ii

INTRODUCTION ....................1

I. The Former Judges' Threshold Objections Fail....................2

II. Movants Are Likely to Succeed on Appeal. ....................4

A. The Former Judges Do Not Meaningfully Defend the Sanctions Order's Core Error. ....................4

B. The Procedural Arguments Do Not Cure the Errors. ....................7

C. The Speech Injunction Is an Unconstitutional Prior Restraint. ....................8

III. Movants Are Suffering Irreparable Harm. ....................10

IV. The Public Interest Strongly Favors a Stay....................11

CONCLUSION....................12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Absolute Activist Value Master Fund Ltd. v. Devine*,
998 F.3d 1258 (11th Cir. 2021) .......... 3

*Adkins v. Christie*,
227 F. App'x 804 (11th Cir. 2007) .......... 3

*Alabama v. U.S. Army Corps of Eng'rs*,
424 F.3d 1117 (11th Cir. 2005) .......... 2, 3

*Alexander v. United States*,
509 U.S. 544 (1993) .......... 8

*Am. Empire Surplus Lines Ins. Co. v. Chabad House of N. Dade, Inc.*,
450 F. App'x 792 (11th Cir. 2011) .......... 9

*Associated Press v. Budowich*,
No. 25-5109, 2025 WL 1649265 (D.C. Cir. June 6, 2025) .......... 4

*Baker v. Alderman*,
158 F.3d 516 (11th Cir. 1998) .......... 5

*Biden v. IRS*,
No. 1:23-CV-02711 (D.D.C. Sept. 18, 2023) .......... 5

*CEATS, Inc. v. TicketNetwork, Inc.*,
71 F.4th 314 (5th Cir. 2023) .......... 2, 3

*Coquina Invs. v. TD Bank, N.A.*,
760 F.3d 1300 (11th Cir. 2014) .......... 3

*Donaldson v. Clark*,
819 F.2d 1551 (11th Cir. 1987) .......... 6, 7

*Elrod v. Burns*,
427 U.S. 347 (1976) .......... 10

*Friends of Everglades, Inc. v. Sec'y of U.S. Dep't of Homeland Sec.*,
No. 25-12873, 2025 WL 2598567 (11th Cir. Sept. 4, 2025)................................4

*Jensen v. Phillips Screw Co.*,
546 F.3d 59 (1st Cir. 2008)..........................................................................8

*Kaplan v. DaimlerChrysler, A.G.*,
331 F.3d 1251 (11th Cir. 2003) ..................................................................6, 7

*KH Outdoor, LLC v. City of Trussville*,
458 F.3d 1261 (11th Cir. 2006) ....................................................................11

*Kleiner v. First Nat'l Bank of Atlanta*,
751 F.2d 1193 (11th Cir. 1985) ....................................................................11

*Laird v. Tatum*,
408 U.S. 1 (1972)........................................................................................11

*Mahmoud v. Taylor*,
606 U.S. 522 (2025)....................................................................................10

*N.Y. Times Co. v. United States*,
403 U.S. 713 (1971)......................................................................................9

*News-Journal Corp. v. Foxman*,
939 F.2d 1499 (11th Cir. 1991) ......................................................................8

*Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*,
413 U.S. 376 (1973)..................................................................................8, 9

*Schlumberger Techs., Inc. v. Wiley*,
113 F.3d 1553 (11th Cir. 1997) ......................................................................3

*Spolter v. SunTrust Bank*,
403 F. App'x 387 (11th Cir. 2010) ..................................................................3

*Steffel v. Thompson*,
415 U.S. 452 (1974)....................................................................................10

*Thornton v. Gen. Motors Corp.*,
136 F.3d 450 (5th Cir. 1998) ....................................................................3, 7

*United States v. ICC*,
337 U.S. 426 (1949)....................5

*United States v. Jones*,
29 F.3d 1549 (11th Cir. 1994) ....................8

*United States v. Nixon*,
418 U.S. 683 (1974)....................5

*United States v. Ron Pair Enters., Inc.*,
489 U.S. 235 (1989)....................9

*United States v. Shaygan*,
652 F.3d 1297 (11th Cir. 2011) ....................5, 7

*United States v. Sineneng-Smith*,
590 U.S. 371 (2020)....................12

**Statutes and Rules**

28 U.S.C. § 1292(a)(1)....................2

Fed. R. App. P. 8....................2, 4

Fed. R. Civ. P. 11....................7, 11

Fed. R. Civ. P. 37....................7

Fed. R. Evid. 201 ....................8

Fed. R. Evid. 1101 ....................8

U.S. Constitution, First Amendment ....................9, 10, 11

## INTRODUCTION

The Former Judges' improvident filing demonstrates why a stay of the proceedings below is warranted. While complaining that Movants could not find caselaw with the exact constellation of errors committed by the court, the Former Judges rely on distinguishable cases throughout their opposition. The Sanctions Order is fatally flawed, and the Former Judges cannot answer Movants' critiques of the Sanctions Order because there are no sound answers.

The Former Judges fail to explain how presidential supervision of executive agencies eliminates Article III adversity in a personal-capacity suit. Instead, the Former Judges weakly assert that, someday, a sitting President can maintain a lawsuit against the Executive Branch, just not "*this* President." *See* Appeal.Doc.31 at 10.[1] They ignore the independent claims of Donald Trump Jr., Eric Trump, and The Trump Organization. They identify no individualized finding of knowing misconduct by any Movant. Nor do they explain how disagreement over a question the court called "unprecedented" can possibly constitute sanctionable bad faith—it does not.

[1] Doc.# refers to district court docket entries, with page references to the blue header generated by the filing system. Appeal.Doc.# refers to this Court's docket entries, and the black footer page numbers are cited.

Rather than engage with the Motion's actual arguments, the Former Judges attempt to rewrite the court's unconstitutional gag order as "narrow." That is wrong. They also repeatedly invoke the Sanctions Order as though it were self-validating, quoting its findings as independent evidence, treating its conclusions as premises, and improperly arguing that it is correct because the Sanctions Order says so. The Sanctions Order is indefensible, manifests an abuse of judicial sanctions power, and is highly unlikely to withstand appellate review. This Court should stay the Sanctions Order and the fee proceedings pending appeal.

## I. The Former Judges' Threshold Objections Fail.

The court entered an unprecedented *sua sponte* order purporting to unconstitutionally restrain the speech of the President and thousands of others, and punishing Mr. Epstein and Mr. Brito ("Attorneys") for filing suit. In an effort to insulate that extraordinary abuse of power from review, the Former Judges wrongly press threshold objections. The speech injunction is immediately appealable, and so are the sanctions bound up with it. Movants complied with Rule 8 to the letter, even after suffering from unjust sanctions.

This Court has jurisdiction over appeals from orders granting injunctions. 28 U.S.C. § 1292(a)(1); *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1125, 1128-29 (11th Cir. 2005) (jurisdiction where court enjoined defendants from "filing the settlement agreement in [a parallel case]"); *CEATS, Inc. v. TicketNetwork, Inc.*,

71 F.4th 314, 321-22 (5th Cir. 2023) (jurisdiction over order enjoining party from filing claims and awarding unquantified monetary sanctions); *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453-54 (5th Cir. 1998).

Arguing that the gag order is not an "injunction" is ludicrous. Appeal.Doc.31 at 9. An order prohibiting a party from "pursuing litigation in another forum unquestionably is an injunction." *Alabama*, 424 F.3d at 1129 n.18 (citations omitted). The gag order separately qualifies as an injunction because it had a direct impact on the controversy's merits—it flowed directly from the court improperly weighing the merits of a dismissed lawsuit. *Id.* at 1128-30; *see Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) (voluntary dismissal deprives court of jurisdiction over the merits).

This Court has authority to review the entire Sanctions Order. *See, e.g.*, *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1559 (11th Cir. 1997) (*pro hac vice* restriction); *Spolter v. SunTrust Bank*, 403 F. App'x 387, 391 (11th Cir. 2010) (order containing disciplinary referral); *Adkins v. Christie*, 227 F. App'x 804, 806 (11th Cir. 2007) (due process before disciplinary referral). The Court should take pendent jurisdiction over the fee proceedings because they derive entirely from the same erroneous conclusions. *See Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1308 n.6 (11th Cir. 2014).

Moreover, Movants complied with Rule 8(a) by, despite its obvious futility, moving in the district court; when the court predictably refused to expedite consideration of the motion, Movants sought relief from this Court. Circuit courts regularly grant stays where a stay motion remains pending below. *See, e.g.*, *Friends of Everglades, Inc. v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 25-12873, 2025 WL 2598567, at *3, 13 (11th Cir. Sept. 4, 2025); *Associated Press v. Budowich*, No. 25-5109, 2025 WL 1649265, at *1 (D.C. Cir. June 6, 2025). Any contrary argument improperly relies on two cases where, unlike here, the appellants failed to move first in the district court. Appeal.Doc.31 at 6.

There is no reason to force Movants to wait. After imposing unprecedented sanctions, the court refused to expedite and, instead, gave *amici* a double-length brief to rationalize its improper sanctions. Rule 8(a) encourages appellants to make an initial request in the district court; it does not require Movants to wait in radio silence while under an unlawful speech restraint and professional sanctions. The harms are ongoing, and this Court should act now.

## II. Movants Are Likely to Succeed on Appeal.

### A. The Former Judges Do Not Meaningfully Defend the Sanctions Order's Core Error.

The Former Judges fail to defend the court's erroneous premise that the Parties constituted "a fully realized unitary interest," which led to the incorrect conclusions about non-adversity and bad faith. Doc.106 at 37-38. In that court's view, each

litigation decision—including the routine statement of "*pro hac vice* forthcoming"—wrongfully became evidence that the Complaint was fictitious. The unpersuasive argument about "structural independence" merely repackages the same erroneous legal theory. Appeal.Doc.31 at 11. No sanctions were issued for the lack of "structural independence" when then-President Biden's son sued and the Government defended. *Biden v. IRS*, No. 1:23-CV-02711 (D.D.C. Sept. 18, 2023). Similarly, the Court in *United States v. Nixon* created no "special counsel" requirement whenever the President, in his personal capacity, is adverse to the Executive Branch. *See* 418 U.S. 683, 693, 696-97 (1974); *see also United States v. ICC*, 337 U.S. 426, 430-31 (1949) (justiciability between "United States v. United States").

Unsurprisingly, the Former Judges are silent about the court's wrongful treatment of Donald Trump Jr., Eric Trump, and The Trump Organization's independent claims as "parenthetical." Article III does not extinguish private statutory rights through association with a President. Appeal.Doc.8 at 13. It was legal error to treat each Plaintiff and Attorney as interchangeable. *See, e.g.*, *Baker v. Alderman*, 158 F.3d 516, 526 (11th Cir. 1998) (conduct must be analyzed individually); *United States v. Shaygan*, 652 F.3d 1297, 1319 (11th Cir. 2011) (attorneys "cannot be held responsible for the acts or omissions of others").

Parroting the court's improper conclusions, none of the circumstances the Former Judges rely upon establish a prefiling agreement, non-adversity, knowledge that the Government would not defend, or bad-faith pursuit of fictitious claims. The Government's decision to change positions after repeatedly losing § 7431 arguments in other courts does not establish bad faith; colloquial references to "suing myself" are not admissions that the claims were fictitious; and Mr. Epstein not filing a *pro hac vice* application cannot establish what he knew when the Complaint was filed. The analysis and conclusions fail; sanctions were not proper here. *See Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003); *Donaldson v. Clark*, 819 F.2d 1551, 1561 (11th Cir. 1987) (en banc).

The Former Judges also cannot bridge the gap between unusual circumstances and sanctionable misconduct. *See* Appeal.Doc.31 at 10. Instead, they wrongly defend the court's trial-by-press-reports as "factfinding." *Id.* at 11-13. But they fail to defend the vast majority of the errors. By way of example, the court improperly relied on media descriptions of a purported 25-page IRS memorandum, then wrongly concluded that the Government withheld defenses. Doc.106 at 8-9, 22-26. The Former Judges leverage those indefensible errors without even acknowledging them. *See, e.g.*, Appeal.Doc.31 at 12.

### B. The Procedural Arguments Do Not Cure the Errors.

The court wrongfully failed to provide the notice and process required before imposing sanctions. The Former Judges wrongly contend that the court's May 29 Order supplied ample notice because it referenced Rule 11, summarized *amici*'s baseless allegations, and directed Plaintiffs to respond. Appeal.Doc.31 at 14-16 (citing Doc.65). That argument fails. Rule 11(c)(3) requires much more than notice that Rule 11 exists. *See Thornton*, 136 F.3d at 454-55. The great weight of authority therefore shows that the court violated due process and Rule 11. *See, e.g.*, *Kaplan*, 331 F.3d at 1256-57 (reversing sanction where "material variance" existed between conduct identified in show-cause order and sanctioned conduct); *Shaygan*, 652 F.3d at 1319 (attorneys are "entitled to know the precise rule, standard, or law that he or she is alleged to have violated and how he or she allegedly violated it"); *Donaldson*, 819 F.2d at 1561 ("[t]he more serious the possible sanction . . . the more process that will be due."). The Former Judges cite no case that rehabilitates the lack of process. Rather, they cite a Rule 37 case, but that rule warns attorneys they may bear discovery sanctions and is inapposite. Appeal.Doc.31 at 15.

Unable to identify any on-point case where sanctions were affirmed, the Former Judges improperly rely on decisions involving express warnings, formal show-cause orders where there was no variance between the notice and the sanction,

and meaningful opportunities to respond. *Id.* at 15-16. Those safeguards were utterly absent here.

The Former Judges wrongly argue the Federal Rules of Evidence have no place in sanctions proceedings, relying on equivocal dicta in *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 66 n.5 (1st Cir. 2008). Appeal.Doc.31 at 17-18. That is false. The Rules apply to all "civil cases and proceedings," with the narrow exception of gatekeeping determinations under Rule 104(a). Fed. R. Evid. 1101(b), (d). The Court need not reach this issue, however, because the Sanctions Order invoked Rule 201. Doc.106 at 3 n.3. The court in *Jensen* explained that, if the Rules apply to some issues, the district court must apply them to all issues. 546 F.3d at 66 n.5. The court improperly failed to do so here. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

**C. The Speech Injunction Is an Unconstitutional Prior Restraint.**

The Sanctions Order is an extraordinary prior restraint that wrongly attempts to control the speech of thousands of people, including the President of the United States. *See Alexander v. United States*, 509 U.S. 544, 550 (1993) ("[O]rders that actually forbid speech activities" are "classic examples of prior restraints[.]"); *News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1512 (11th Cir. 1991). The Former Judges oddly argue there is nothing "prior" about this restraint because it "follows [a] judicial determination." Appeal.Doc.31 at 19. They misread *Pittsburgh Press Co.*

*v. Pittsburgh Commission on Human Relations*, 413 U.S. 376 (1973). That case arose from a newspaper's practice of placing help-wanted advertisements in sex-designated "Male" and "Female" columns. *Id.* at 379. The Supreme Court determined that a human relations board's ban on that practice did not offend the First Amendment and therefore was not a prior restraint. *Id.* at 386, 390. Those circumstances are nothing like this Sanctions Order, which will surely fail the strict scrutiny test for the reasons explained in the Motion. *See N.Y. Times Co. v. United States*, 403 U.S. 713, 714 (1971).

Next, the Former Judges wrongly contend that the gag order is narrow because it only limits the ability of thousands of people to use the Settlement Agreement in official proceedings. Appeal.Doc.31 at 18. To get there, they perform zero analysis. The Sanctions Order's flat-out prohibition on referencing the Settlement Agreement is separated—by both a comma and the disjunctive "or"—from the "official proceedings" evidentiary ban. The "official proceedings" phrase thus does not modify (or narrow the scope of) the speech ban. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (same result except statute used "and" instead of "or"); *Am. Empire Surplus Lines Ins. Co. v. Chabad House of N. Dade, Inc.*, 450 F. App'x 792, 794 (11th Cir. 2011) ("[L]anguage in a clause following a disjunctive is considered inapplicable to the subject of the preceding clause[.]").

The Former Judges invoke distinguishable caselaw regarding vexatious litigants, lawyers attempting *ex parte* communications with judges, and other non-First Amendment cases. Appeal.Doc.31 at 20. No cases support the court's far-reaching, unconstitutional speech restriction; the caselaw does, however, require due process—a protection lacking here.

**III. Movants Are Suffering Irreparable Harm.**

The Former Judges do not meaningfully dispute irreparable harm. The Sanctions Order presently restrains speech, drives a bar referral, and bars counsel from practicing in an entire federal district for one year. Appeal.Doc.31 at 6-8. Each injury is ongoing; none can be fully remedied after the fact.

*First*, the speech restriction independently establishes irreparable harm. The Former Judges wrongly claim that Movants offer no evidence that First Amendment rights are actually being impaired. *Id.* at 7. The Sanctions Order itself provides that evidence. It prohibits Movants and their affiliates from "referring to" the Settlement Agreement or using it in official proceedings. Doc.106 at 47. Those restraints are operative. *Elrod v. Burns* holds that the loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury. 427 U.S. 347, 373 (1976). Movants need not first violate that order, or identify a future occasion on which they intend to do so, before obtaining relief. *See Steffel v. Thompson*, 415 U.S. 452, 459 (1974); *Mahmoud v. Taylor*, 606 U.S. 522, 559-60 (2025). Unlike the speculative

chill asserted in *Laird v. Tatum*, 408 U.S. 1 (1972), Movants are subject to an operative order that improperly restricts speech today.

Second, the professional sanctions imposed on counsel create irreparable harm. The Florida Bar referral rests expressly on the findings contained in the Sanctions Order, which remain operative until stayed. Doc.106 at 46. Likewise, without a stay, the *pro hac vice* ban restricts Mr. Epstein's practice now, and will likely expire before appellate review concludes. Those professional injuries constitute ongoing harms. Disciplinary measures against counsel carry adverse consequences for an attorney's career, such as automatic disclosure obligations in other courts, that cannot be fully undone by a later reversal. *See Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1200 n.14 (11th Cir. 1985).

**IV. The Public Interest Strongly Favors a Stay.**

The Former Judges broadly assert there is a "fundamental" interest in the judiciary's ability to protect its integrity. Appeal.Doc.31 at 21. That assumes the Sanctions Order is lawful (it is not). The public has no interest in the immediate enforcement of unlawful sanctions before meaningful appellate review. *See KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006) (explaining "public has no interest in enforcing an unconstitutional ordinance"). To the contrary: jurists must be estopped from exercising runaway powers; courts must ensure that *sua sponte* sanctions comply with Rule 11, due process, and the First Amendment

before they wrongly inflict irreversible consequences. The integrity of the judicial process is best served by ensuring that courts exercise their extraordinary sanctioning authority within constitutional limits.

Finally, although the Former Judges resist reassignment, they do not seriously respond to the obviously questionable proceedings below that compromised the Judiciary's perceived independence from politics. They ignore the litany of errors in a Sanctions Order that was rushed out before the Attorney General's confirmation hearing. They also ignore that no *party* moved for sanctions and no *party* opposes a stay. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). Reassignment is necessary to restore public perception.

## **CONCLUSION**

For the reasons addressed in the Motion and herein, Movants respectfully request that this Court stay all proceedings pending appeal.

August 31, 2026

Respectfully submitted,


*<u>/s/ Christopher G. Oprison</u>*
Christopher G. Oprison
Tal Aburos
DLA PIPER LLP (US)
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131
Telephone: (305) 423-8522
chris.oprison@dlapiper.com
tal.aburos@dlapiper.com

Rachel A.H. Horton
DLA Piper LLP (US)
1650 Market St., Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
rachel.horton@dlapiper.com

Josh Halpern
JH Legal PLLC
1100 H Street NW, Suite 840
Washington, DC 20005
Telephone: (610) 405-5531
jhalpern@jhlegalpllc.com


*Counsel for Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I hereby certify, on this 31st day of August 2026, that this reply complies with the Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:

1. This reply complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4, this reply contains 2,600 words.

2. This reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this reply has been prepared in a proportionally spaced typeface using Microsoft 365 in 14-point Times New Roman.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

August 31, 2026

## CERTIFICATE OF SERVICE

I certify that on August 31, 2026, I caused the foregoing document to be electronically filed using the Court's CM/ECF system, which will send notification of such filing to all current counsel of record.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

August 31, 2026