DLA PIPER

**DLA PIPER LLP (US)**
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-5341
www.dlapiper.com

Christopher Oprison, Esq.
chris.oprison@dlapiper.com
T (305) 423-8522
F (305) 657-6366

September 11, 2026

**Via CM/ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St. NW
Atlanta, GA 30303

**Re: *President Donald J. Trump, et al. v. Thirty-Five Former Federal Judges*, No. 26-12692**

Dear Mr. Smith:

Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Dan Epstein, respectfully submit this letter in response to the Court's Jurisdictional Question posed in its August 28, 2026, memorandum to the parties. Appeal.Doc. 42-1. For the reasons set forth below, among others, this Court unquestionably has appellate jurisdiction.

**Background**

Plaintiffs sued the Internal Revenue Service ("IRS") and Treasury Department under 26 U.S.C. § 7431 after former IRS employee-contractor Charles Littlejohn deliberately disseminated their private tax returns. Doc.1 ¶¶ 6-7. Littlejohn obtained his IRS position with the improper and unlawful objective of accessing President Trump's tax information, and then illegally shared the stolen materials with liberal-leaning media outlets. *Id.* ¶¶ 35-37, 53-58, 65, 67. The IRS admitted that "it failed to prevent Mr. Littlejohn's criminal conduct and unlawful disclosure." *Id.* ¶ 12. Each Plaintiff sued in his or its non-governmental capacity to recover for private injuries. *Id.* ¶¶ 1-6, 76-85. Any recovery belonged to the private Plaintiffs—not to the Office of the President. *See id.* at 26-27 (Prayer for Relief).

On May 18, 2026, Plaintiffs voluntarily dismissed the action with prejudice, and the case was closed. Doc.52; Doc.62. At no point in the process did any

settlement agreement come under the purview or jurisdiction of the district court. Nine days later, thirty-five former judges moved under Federal Rule of Civil Procedure 60 to improperly reopen the case, alleging, without basis, fraud on the district court. Doc.63. They sought vacatur of the dismissal or, alternatively, leave to appear as *amici*. They did not seek Rule 11 sanctions, professional discipline, monetary penalties, a bar referral, or an injunction. *See id.* The district court ordered Plaintiffs to respond, and they did. Doc.65; Doc. 89. The district court did not issue a show-cause order to Mr. Brito or Mr. Epstein; it did not identify any conduct by either attorney as potentially sanctionable; it did not identify much of the alleged conduct by Plaintiffs that it eventually found critical in issuing sanctions; and it did not disclose that monetary sanctions and restrictions on future speech and petition rights were under consideration.

The district court issued the Sanctions Order on July 13, 2026. Doc.106. Even though the parties' Settlement Agreement was "not before" it, the district court reached its own unsubstantiated conclusions about that agreement in order to, in turn, wrongfully impose sanctions, including an injunction effecting an unconstitutional prior restraint on speech. *Id.* at 47 & n.63.

The Sanctions Order erroneously and unjustly imposed three forms of relief. First, it enjoined the Parties and broad categories of affiliates from "referring to" the Settlement Agreement, as well as "using, offering, admitting, or citing any of its provisions" in any judicial, administrative, regulatory, arbitration, or other official proceeding. *Id.* at 47. Second, the district court referred Mr. Brito to The Florida Bar for signing the Complaint. *Id.* at 46-47. For signing the Settlement Agreement, the district court imposed a one-year bar on Mr. Epstein obtaining *pro hac vice* admission in the Southern District of Florida. *Id.* at 47. Third, the district court held that fees for *amici* were "appropriate" as a sanction, and it invited two groups of *amici*, neither of which were appointed by the district court, to file fee memoranda to seek a particular amount. *Id.* at 53. They subsequently requested approximately $43,000 in costs and fees.

Appellants timely appealed on July 31, 2026. Doc.113. The district court refused to give expedited consideration to Appellants' motion to stay. Appellants, therefore, moved for this Court to stay the Sanctions Order. Doc.114; Doc.120; Appeal.Doc.8, 47.

**<u>Jurisdictional Question</u>**

The Court has appellate jurisdiction for, at least, three reasons. First, the

Sanctions Order contains an unconstitutional injunction that is immediately appealable under 28 U.S.C. § 1292(a)(1). It bars Appellants and others from referring to the Settlement Agreement, and from using it in any judicial, administrative, regulatory, arbitral, and other official proceedings. That is paradigmatic injunctive relief. This Court has explained that an order prohibiting "a party from pursuing litigation in another forum unquestionably is an injunction." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1129 n.18 (11th Cir. 2005). The fact that a separate fee component remains unquantified does not defeat jurisdiction over the injunction. Second, the attorney sanctions are independently final because they are complete: the one-year *pro hac vice* prohibition has been imposed and is currently in effect, and the Bar referral has been made, leaving nothing further for the district court to do. Third, the Court may exercise pendent appellate jurisdiction over the professional sanctions and fee proceedings because both arise from the same wrongful findings of sanctionable conduct that the Court necessarily will review in considering the injunction.

## Argument

### 1. The Speech Injunction Is Immediately Appealable.

The district court's decision to bar parties from making statements and "using" the Settlement Agreement in other fora is an immediately appealable injunction. Circuit courts have jurisdiction over appeals from orders granting injunctions. 28 U.S.C. § 1292(a)(1). This Court has exercised jurisdiction in materially similar circumstances, including in *Alabama v. U.S. Army Corps of Engineers*, where the district court concluded that a settlement agreement violated earlier court orders. 424 F.3d at 1125, 1128-29. The district court there barred a defendant from "filing the settlement agreement in [a parallel case]." *Id.* at 1125. This Court explained that an order prohibiting a party from "pursuing litigation in another forum unquestionably is an injunction." *Id.* at 1129 n.18 (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 773 (6th Cir. 2004)).

So too here. *Accord CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 321-22 (5th Cir. 2023) (concluding that sanctions order enjoining a party from seeking licensing fees or suing for them, but that also contained unquantified attorney's fees, was an appealable injunction order). Moreover, this particular injunction is immediately appealable because it violates vital speech rights safeguarded by the First Amendment. Prior restraints demand "strict procedural safeguards, including immediate appellate review." *Nat'l Socialist Party of Am. v. Vill. of Skokie*, 432 U.S. 43, 44 (1977) (per curiam) (citation omitted).

This Court's decision in *Positano Place at Naples I Condominium Association, Inc. v. Empire Indemnity Insurance Co.*, 84 F.4th 1241 (11th Cir. 2023), does not point otherwise. *Positano* did not deal with an order that was unquestionably an injunction. Instead, the Court asked whether an order compelling appraisal—an ordinary case-management order—had the practical effect of an injunction, considering, *inter alia*, whether it affected the merits. *Id.* at 1249-50. The Sanctions Order here is different: it expressly restricts what Appellants may say and do in other proceedings. Unlike in *Positano*, the district court here made some effort to comply with Rule 65(d), showing intent to enter an injunction. *See id.* at 1249; Doc.106 at 46-47. Further, the fact that no party requested the prior restraint cannot defeat jurisdiction.[1] Otherwise, a district court could insulate *sua sponte* injunctive relief from immediate review where no litigant had asked for it or by slow-rolling an ancillary proceeding on fee amounts. *See AmSouth Bank*, 386 F.3d at 773; *Chairs v. Burgess*, 143 F.3d 1432, 1435 & n.3 (11th Cir. 1998) (hearing appeal from modification of injunction where unquantified fee-award sanction remained, but not considering pendent appellate jurisdiction as to fees). Such a result would be wrongful and unjust. Because the sanction here "unquestionably is an injunction," that independently endows this Court with jurisdiction over the appeal. *Alabama*, 424 F.3d at 1129 n.18.

**2. The Attorney Sanctions Are Independently Final.**

The post-judgment attorney disciplinary sanctions are independently final under 28 U.S.C. § 1291. The district court imposed a fixed one-year bar on Mr. Epstein seeking *pro hac vice* admission in the Southern District of Florida, and referred Mr. Brito to The Florida Bar. Nothing remains for the district court to do with respect to either sanction. The district court's statement that it could alter the *pro hac vice* ban does not impact finality. *See U.S. CFTC v. Escobio*, 946 F.3d 1242, 1249 (11th Cir. 2020) (distinguishing orders that are "conditional or subject to modification" from those imposing a "penalty within a time certain that may not be avoided by some other form of compliance"); *Ortho Pharm. Corp. v. Sona Distribs.*,

[1] Whether an order granted relief requested in the complaint is not dispositive. This Court has used that phrase interchangeably with whether the injunction impacted the merits of the case. *Compare Georgia v. Heinze*, 171 F.4th 1335, 1341 (11th Cir. 2026) (using "merits" factor), *with Sierra Club v. Flowers*, 526 F.3d 1353, 1358 (11th Cir. 2008) (using "complaint" factor). Here, the prior restraint flowed directly from the district court improperly weighing the merits of a dismissed lawsuit.

847 F.2d 1512, 1515 (11th Cir. 1988). The ban and referral were immediately effective, both inflicting irreparable, ongoing harm.

*Thornton v. General Motors Corp.* is closely analogous. There, the Fifth Circuit exercised jurisdiction over a post-judgment order suspending an attorney from practice even though the same order also imposed unquantified attorney's fees. 136 F.3d 450, 453-54 (5th Cir. 1998). The court treated the completed disciplinary sanction as final and, in the interest of judicial economy, exercised pendent jurisdiction over the unresolved fee component. *Id.*

*Jaffe* and *Santini* do not require a different result. In *Jaffe v. Sundowner Properties, Inc.*, 808 F.2d 1425, 1426-27 (11th Cir. 1987), after a *pro se* plaintiff refused to respond to discovery and skipped his deposition four times, the district court imposed sanctions, awarding unquantified attorney's fees and dismissing the complaint. *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 n.1 (11th Cir. 2000), involved an unquantified monetary sanction only as to one party's attorney. Those cases therefore establish only that ordinarily, an unquantified monetary sanction is not final in this Circuit. Moreover, in *Jaffe*, this Court's decision to defer review of the *pro se* plaintiff's appeal appears to have been animated by a desire to avoid piecemeal appeals and, relevant here, no professional sanctions had been issued. 808 F.2d at 1426-27. Those cases do not address completed disciplinary sanctions such as the one-year *pro hac vice* bar and Bar referral imposed here. The Court also did not consider whether pendent appellate jurisdiction could reach an unresolved fee component once one issue was properly before the Court. For all those reasons, *Thornton* is most analogous to this case.

The pending fee determination therefore does not render the post-judgment disciplinary sanctions interlocutory. Mr. Epstein and Mr. Brito need not wait for the amount of fees to be fixed before obtaining review of sanctions that are complete and are currently affecting their professional interests.

### 3. The Court Should Exercise Pendent Appellate Jurisdiction Over Any Remaining Sanctions.

Even if any non-injunction component of the Sanctions Order is not independently appealable, the Court should exercise pendent appellate jurisdiction over the remainder of the Sanctions Order, including the attorney disciplinary sanctions and fee proceedings. Those components arise from the same sanctions proceeding, rest on the same wrongful findings of supposed misconduct, and depend

on the same legal and factual conclusions the Court necessarily must review in deciding whether the injunction can stand, which it cannot.

This Court has exercised pendent appellate jurisdiction in closely analogous circumstances. In *Coquina Investments v. TD Bank, N.A.*, 760 F.3d 1300, 1308 n.6 (11th Cir. 2014), the district court imposed post-trial discovery sanctions, including unquantified attorney's fees and factual findings that were deemed established for purposes of the litigation. Although the sanctions ruling was not independently appealable, this Court exercised pendent jurisdiction because those factual findings were "inextricably intertwined" with the judgment properly before it. *Id.* at 1308 n.6 (citing *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302 (11th Cir. 2008)). *Fox* likewise recognized pendent jurisdiction over an otherwise nonappealable ruling where review of the intertwined issue was necessary to ensure meaningful review of the appealable order. 519 F.3d at 1302

The reasoning in *Coquina Investments* and *Fox* directly applies here. The unconstitutional injunction, attorney discipline, and fee proceedings all flow from the district court's same legal errors and wrongful findings. The asserted, improper basis for sanctions fully overlaps across the three aspects of the Sanctions Order. Indeed, the district court's challenged conclusions and "surmise" regarding motives, Doc.106 at 31—improperly based largely on extra-judicial news articles—underlies each component of the erroneous Sanctions Order. Review of the improper injunction will therefore necessarily require the Court to examine the same findings and legal conclusions that support the fee proceedings and, to the extent there is any doubt about their finality, which there should not be, the professional sanctions.

The Court has also exercised pendent jurisdiction in the § 1292(a)(1) context, despite unresolved fee issues. In *Arthur J. Gallagher Service Co. v. Egan*, 567 F. App'x 857, 858 (11th Cir. 2014), the Court exercised jurisdiction over an injunction and pendent jurisdiction over a related summary-judgment ruling even though a motion for attorney's fees remained unresolved. Further, in *Andrews v. Employees' Retirement Plan of First Alabama Bancshares, Inc.*, 938 F.2d 1245, 1248 (11th Cir. 1991), the Court reviewed an attorney's fee issue, where declining to do so would serve "no practical purpose."

The same considerations militate decidedly in favor of review here. Splitting the Sanctions Order would require duplicative appellate review of the same legal and factual predicates, while unfairly leaving immediately operative and time-sensitive disciplinary sanctions in place. Once the Court exercises § 1292(a)(1)

jurisdiction over the injunction, it should exercise pendent appellate jurisdiction over the remaining sanctions, and review the Sanctions Order as a whole.

## Conclusion

Appellants respectfully request that this Court conclude that it has subject matter jurisdiction, and exercise jurisdiction over this appeal.

Respectfully,

*/s/ Christopher Oprison*

Christopher Oprison
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
(305) 423-8522
chris.oprison@dlapiper.com

cc: All Counsel of Record

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 26.1 and 28(a)(1) of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, counsel for Appellants hereby certify on behalf of Appellants that the Certificate of Interested Parties filed on August 31, 2026, remains correct.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

September 11, 2026

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I hereby certify that this response to the Court's jurisdictional question complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,260 words, excluding the parts of the response exempted from those limitations.

I hereby certify that this filing complies with the type face and type style requirements of Federal Rules of Appellate Procedure 32(a) and 32(c) because this filing has been prepared in a proportionally spaced typeface, Times New Roman, 14-point font size.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

September 11, 2026

## CERTIFICATE OF SERVICE

I certify that on September 11, 2026, I caused the foregoing document to be electronically filed using the Court's CM/ECF system, which will send notification of such filing to all current counsel of record.

*/s/ Christopher G. Oprison*
Christopher G. Oprison