No. 26-12692

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

---

PRESIDENT DONALD J. TRUMP; DONALD J. TRUMP, JR.; ERIC TRUMP; and THE TRUMP ORGANIZATION, LLC,
*Plaintiffs-Appellants*,

ALEJANDRO BRITO and DANIEL EPSTEIN,
*Interested Parties-Appellants*,

v.

INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY,
*Defendants-Appellees*,

THIRTY-FIVE FORMER FEDERAL JUDGES,
*Interested Parties-Appellees.*

---

On Appeal from the United States District Court for the Southern District of Florida, No. 1:26-cv-20609-KMW

---

**RESPONSE TO JURISDICTIONAL QUESTION BY THIRTY-FIVE FORMER FEDERAL JUDGES**

---

Neal S. Manne
Justin A. Nelson
Stephen Shackelford, Jr.
Davida P. Brook*
Daniel J. Shih
Glenn C. Bridgman*
**SUSMAN GODFREY L.L.P.**^
1000 Louisiana St, Suite 5100
Houston, TX 77002
(713) 653-9366
jnelson@susmangodfrey.com

Matthew J. Platkin
Angela Cai
Conor Bradley
**PLATKIN LLP**
1 Gateway Ctr. #1150
Newark, NJ 07102
(973) 561-1952
acai@platkinllp.com

Andrés Rivero
**RIVERO MESTRE LLP**
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
(305) 445-2500
arivero@riveromestre.com

Norman L. Eisen
David W. Ogden
Stephen A. Jonas
Carolina L. Porcile*
**DEMOCRACY DEFENDERS ACTION**
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
(202) 594-9958
norman@democracydefenders.org

* *Admitted pro hac vice*

^ *Primary office listed. Counsel for Former Judges Nancy Gertner and Michael Luttig only*

*Counsel for Interested Parties-Appellees*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Eleventh Circuit Rules 26.1-1 through 26.1-3 and 27-1(a)(5), counsel for Interested Parties/Appellees certify that the Thirty-Five Former Federal Judges are natural persons and have no parent corporation and that no publicly traded company or corporation holds a 10% or more interest in any Interested Party/Appellee or have an interest in the outcome of this appeal. The following is a complete list of the trial judge, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal:

1. Aburos, Tal – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

2. America First Legal Foundation – Amicus in the Court of Appeals

3. Barry, Nicholas R. – Counsel for Amicus America First Legal Foundation in the Court of Appeals

4. Biazzo, Corey J. – Pro se Amicus in the District Court

5. Bingham, Lauren C. – Counsel for Amicus in the District Court CREW

6. Bissell, John W., Retired Chief Judge – Appellee and Movant/Amicus in the District Court

7. Blanche, Todd – Attorney General, U.S. Department of Justice

8. Boisture, Pooja A. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

9. Bonta, Rob – Amicus in the District Court, Attorney General of California, Lead Signatory for Twenty-Three State Attorneys General Amici

10. Bradley, Conor – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

11. Bridgman, Glenn – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

12. Brito, Alejandro – Appellant and Counsel for Plaintiffs in the District Court

13. Brito, PLLC – Counsel for Plaintiffs-Appellants

14. Brook, Davida – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

15. Brown, Geraldine Soat, Retired Judge – Appellee and Movant/Amicus in the District Court

16. Cai, Angela – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

17. Carullo, Nick – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

18. Castillo, Rubén, Retired Chief Judge – Appellee and Movant/Amicus in the District Court

19. Citizens for Responsibility and Ethics in Washington (CREW) – Amicus in the District Court

20. Clanton, Crystal C. – Counsel for Amicus America First Legal Foundation in the Court of Appeals

21. Clark, Sr., Jeffrey Bossert – Counsel for Amicus in Court of Appeals The Oversight Project

22. Clemon, U.W., Retired Chief Judge – Appellee and Movant/Amicus in the District Court

23. Common Cause – Amicus in the District Court

24. Corp, Ian Michael – Counsel for Plaintiffs-Appellants

25. Cox, Susan E., Retired Judge – Appellee and Movant/Amicus in the District Court

26. Crossin, Robert A. – Counsel for Amicus America First Legal Foundation in the Court of Appeals

27. Debevoise & Plimpton LLP – Counsel for Amicus in the District Court

28. Democracy Defenders Action – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

29. Democracy Forward Foundation – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

30. Denlow, Morton, Retired Judge – Appellee and Movant/Amicus in the District Court

31. DLA Piper LLP (US) – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

32. Dow, Randy R. – Counsel for Amici in the District Court Twenty-Three State Attorneys General

33. Duncan, David K., Retired Judge – Appellee and Movant/Amicus in the District Court

34. Eisen, Norman L. – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

35. Epstein & Co. LLC – Counsel for Plaintiffs-Appellants

36. Epstein, Daniel Z. – Appellant and Counsel for Plaintiffs in the District Court

37. Farchadi, Kayvan A. – Counsel for Amicus in the District Court CREW

38. Finnegan, Sheila, Retired Chief Judge – Appellee and Movant/Amicus in the District Court

39. Fogel, Jeremy, Retired Judge – Appellee and Movant/Amicus in the District Court

40. Foley, Elizabeth Price – Counsel for Amicus in Court of Appeals The Oversight Project

41. Francis IV, James C., Retired Judge – Appellee and Movant/Amicus in the District Court

42. Gay, Faith E. – Amicus in the District Court

43. Gelber Schachter & Greenberg, P.A. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

44. Gertner, Nancy, Retired Judge – Appellee and Movant/Amicus in the District Court

45. Gleeson, John – Amicus in the District Court

46. Gold, Steven M., Retired Judge – Appellee and Movant/Amicus in the District Court

47. Goldgar, A. Benjamin, Retired Judge – Appellee and Movant/Amicus in the District Court

48. Green, Nicholas R. – Counsel for Amici in the District Court Twenty-Three State Attorneys General

49. Greenberg, Gerald E. – Counsel for Amici in the District Court, Former Government Officials & Public Interest Organizations

50. Grimm, Paul W., Retired Judge – Appellee and Movant/Amicus in the District Court

51. Haier, Aaron E. – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

52. Halpern, Josh – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

53. Hamilton, Gene P. – Counsel for Amicus America First Legal Foundation in the Court of Appeals

54. Henderson, Thelton, Retired Judge – Appellee and Movant/Amicus in the District Court

55. Henry, Robert Harlan, Retired Chief Judge – Appellee and Movant/Amicus in the District Court

56. Hewitt, Jillian – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

57. Holtzman Vogel Baran Torchinsky & Josefiak PLLC – Counsel for Amicus in Court of Appeals The Oversight Project

58. Holwell, Richard J., Retired Judge – Appellee and Movant/Amicus in the District Court

59. Horton, Rachel A.H. – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

60. Hoshijima, Tsuki – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

61. Huvelle, Ellen Segal, Retired Judge – Appellee and Movant/Amicus in the District Court

62. Internal Revenue Service – Defendant

63. Jasrasaria, Jyoti – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

64. JH Legal PLLC – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

65. Jonas, Stephen A. – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

66. Jones III, John E., Retired Judge – Appellee and Movant/Amicus in the District Court

67. Joshi, Nandan – Counsel for Amicus in the District Court Public Citizen

68. Kambli, Abhishek – Counsel for Amicus in Court of Appeals The Oversight Project

69. Keneally, Kathryn – Amicus in the District Court

70. Khan, Ayesha – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

71. Kirn, Harald H. – Counsel for Amici in the District Court Twenty-Three State Attorneys General

72. Klugh, Richard C. – Counsel for Plaintiffs-Appellants

73. Koskinen, John – Amicus in the District Court

74. Lett, Hon. Enjolique A. – U.S. Magistrate Judge

75. Liao, Cynthia – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

76. Luttig, Michael, Retired Judge – Appellee and Movant/Amicus in the District Court

77. Lynn, Barbara M. G., Retired Judge – Appellee and Movant/Amicus in the District Court

78. Mann, Roanne L., Retired Judge – Appellee and Movant/Amicus in the District Court

79. Manne, Neal S. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

80. Matz, A. Howard, Retired Judge – Appellee and Movant/Amicus in the District Court

81. McCotter, R. Trent – Counsel for Defendants

82. Michel, Paul, Retired Chief Judge – Appellee and Movant/Amicus in the District Court

83. Milelli, Rosario – Nonparty

84. Munger Tolles & Olson LLP – Counsel for Amicus in the District Court

85. Nelson, Justin A. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

86. Newman, Lisa – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

87. O'Malley, Kathleen, Retired Judge – Appellee and Movant/Amicus in the District Court

88. O'Neil, David A. – Amicus in the District Court

89. Ogden, David W. – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

90. Olson, Nina – Amicus in the District Court

91. Oprison, Christopher G. – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

92. Owsley, Brian, Retired Judge – Appellee and Movant/Amicus in the District Court

93. Perryman, Skye L. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

94. Pinkert, Mark – Counsel for Amicus in Court of Appeals The Oversight Project

95. Platkin LLP – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

96. Platkin, Matthew J. – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

97. Porcile, Carolina – Counsel for Appellees Thirty-Five Former Federal Judges

98. Pro, Philip M., Retired Judge – Appellee and Movant/Amicus in the District Court

99. Project On Government Oversight – Amicus in the District Court

100. Public Citizen – Amicus in the District Court

101. Ramanathan, Ravi – Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives

102. Rennie, Russell – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

103. Rivero Mestre LLP – Counsel for Appellees Thirty-Five Former Federal Judges, and Amici in the District Court 93 Members of the U.S. House of Representatives

104. Rivero, Andrés – Counsel for Appellees Thirty-Five Former Federal Judges, and Amici in the District Court 93 Members of the U.S. House of Representatives

105. Roberts, Victoria A., Retired Judge – Appellee and Movant/Amicus in the District Court

106. Rothenberg, Gilbert – Amicus in the District Court

107. Rubinstein, Reed D. – Counsel for Amicus America First Legal Foundation in the Court of Appeals

108. Savage, Zach – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

109. Scheindlin, Shira A., Retired Judge – Appellee and Movant/Amicus in the District Court

110. Selendy Gay PLLC – Counsel for Amicus in the District Court

111. Selendy, Philippe Z. – Amicus in the District Court

112. Shackelford, Jr., Stephen – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

113. Sheehan, Daniel C. – Counsel for Amici in the District Court Twenty-Three State Attorneys General

114. Shih, Daniel J. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

115. Smith, Fern M., Retired Judge – Appellee and Movant/Amicus in the District Court

116. Stephens III, Glenn – Requested Intervenor in District Court

117. Stoughton, Corey – Amicus in the District Court

118. Strauss, Julie A. – Counsel for Amicus America First Legal Foundation in the Court of Appeals

119. Sus, Nikhel S. – Counsel for Amicus in the District Court CREW

120. Susman Godfrey L.L.P. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

121. Tenjido-Eljaiek, Daniela – Counsel for Appellees Thirty-Five Former Federal Judges, and Amici in the District Court 93 Members of the U.S. House of Representatives

122. The Oversight Project – Amicus in the Court of Appeals

123. The Trump Organization, LLC – Plaintiff-Appellant

124. Thurston, Robin F. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

125. Tinder, John D., Retired Judge – Appellee and Movant/Amicus in the District Court

126. Trump Jr., Donald J. – Plaintiff-Appellant

127. Trump, Eric – Plaintiff-Appellant

128. Trump, President Donald J. – Plaintiff-Appellant

129. Ungaro, Ursula, Retired Judge – Appellee and Movant/Amicus in the District Court

130. United States Department of the Treasury – Defendant

131. Verrilli, Jr., Donald B. – Amicus in the District Court

132. Walsh, Daniel R. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

133. Ward, T. John, Retired Judge – Appellee and Movant/Amicus in the District Court

134. Williams, Hon. Kathleen M. – U.S. District Judge

135. Wolf, Mark L., Retired Judge – Appellee and Movant/Amicus in the District Court

136. Woodward, Jr., Stanley E. – Associate Attorney General, U.S. Department of Justice

137. Yeakel, Lee, Retired Judge – Appellee and Movant/Amicus in the District Court

Dated: September 11, 2026 /s/ Angela Cai

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........ C-1

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. The Order Is Not Final Under 28 U.S.C. § 1291 ........ 2

II. The Order Is Not An Appealable Injunction Under 28 U.S.C. § 1292(a)(1). ........ 7

A. No Part of the Order Is An Explicit Injunction. ........ 7

B. No Part Of The Order Has the Practical Effect Of An Injunction With A Serious, Perhaps Irreparable, Consequence. ........ 12

CONCLUSION ........ 15

APPENDIX: LIST OF MOVANTS / AMICI CURIAE IN THE DISTRICT COURT AS INTERESTED PARTIES-APPELLEES ........ 16

CERTIFICATE OF COMPLIANCE ........ 19

CERTIFICATE OF SERVICE ........ 20

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Alabama v. U.S. Army Corps of Eng'rs*,
424 F.3d 1117 (11th Cir. 2005) .................. 8, 9, 11

*Andrews v. Employees' Retirement Plan of First Alabama Bancshares, Inc.*,
938 F.2d 1245 (11th Cir. 1991) .................. 5

*Carey v. Kirk*,
No. 25-10866, 2025 WL 1454116 (11th Cir. May 21, 2025) .................. 4

*City of Morgantown, W. Va. v. Royal Ins. Co.*,
337 U.S. 254 (1949) .................. 10

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) .................. 9

*Delaney's Inc. v. Ill. Union Ins. Co.*,
894 F.2d 1300 (11th Cir. 1990) .................. 3

*Freyre v. Chronister*,
910 F.3d 1371 (11th Cir. 2018) .................. 3

*Gardner v. Westinghouse Broadcasting Co.*,
437 U.S. 478 (1978) .................. 7, 10

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
485 U.S. 271 (1988) .................. 7

*In re Asset Enhancement, Inc.*,
87 F.4th 1271 (11th Cir. 2023) .................. 4

*Int'l Prods. Corp. v. Koons*,
325 F.2d 403 (2d Cir. 1963) .................. 11

*Jaffe v. Sundowner Props., Inc.*,
808 F.2d 1425, 1426-27 (11th Cir. 1987) .................... 4, 6, 7

*Jenkins v. Prime Ins. Co.*,
32 F.4th 1343 (11th Cir. 2022) .................... 2

*King v. Cessna Aircraft Co.*,
562 F.3d 1374 (11th Cir. 2009) .................... 14, 15

*Mayer v. Wall Street Equity Grp., Inc.*,
672 F.3d 1222 (11th Cir. 2012) .................... 3

*Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigr. Servs.*,
452 F.3d 1254 (11th Cir. 2006) .................... 4

*PlayNation Play Sys., Inc. v. Velex Corp.*,
939 F.3d 1205 (11th Cir. 2019) .................... 4

*Positano Place at Naples | Condo. Assoc., Inc. v. Empire Indemnity Ins. Co.*,
84 F.4th 1241 (11th Cir. 2023) .................... passim

*Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty. Fla.*,
947 F.3d 1362 (11th Cir. 2020) .................... 4, 5

*Santiago v. Gerbrueder Knauf Verwaltungsgesellschaft, KG*,
No. 23-10116, 2024 WL 2873721 (11th Cir. Jun. 7, 2024) .................... 6

*Santini v. Cleveland Clinic Fla.*,
232 F.3d 823 (11th Cir. 2000) .................... 4

*Summit Med. Assocs., P.C. v. Pryor*,
180 F.3d 1326 (11th Cir. 1999) .................... 14

*Swint v. Chambers Cnty. Comm'n*,
514 U.S. 35 (1995) .................... 14

*Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*,
385 U.S. 23 (1966) .................... 10

*W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts & Co., L.P.*,
566 F.3d 979 (11th Cir. 2009) ....................7

**Statutes and Rules**

28 U.S.C. § 1291 .................... 2, 11

28 U.S.C. § 1292(a)(1).................... passim

Fed. R. Civ. P. 11 .................... 6, 9, 10

Fed. R. Civ. P. 37(d) ....................5, 6

## INTRODUCTION

Interested Parties/Appellees are Thirty-Five Former Federal Judges who appeared in the District Court as non-party movants and/or *amici* to call the District Court's attention to manipulation of the federal judicial process by the parties to this case and to suggest that the Court had the power to address that manipulation. On July 13, 2026, the District Court issued an Order, Dkt.106 (the "Order"),[1] finding that this case was "brought for an improper purpose—to gain the imprimatur of judicial legitimacy for a 'settlement' that had no viable basis in law or fact." Order at 38. As a result, the Court issued various sanctions against the parties and their counsel. Even though the sanction proceedings were, and remain, ongoing, Plaintiffs and their counsel filed a notice of appeal, CA11.ECF.1, and a motion for stay pending appeal in this Court, CA11.ECF.8. This Court then issued a Jurisdictional Question on August 28, 2026, asking the parties to address whether the Order is immediately appealable. CA11.ECF42-2. As Interested Parties/Appellees set forth in their Response to the Motion for a Stay Pending Appeal, CA11.ECF.31 at 8-9, and for the reasons that follow, the Order is not immediately appealable, and the Court should dismiss this appeal for lack of jurisdiction.

[1] "Dkt." references are to the District Court docket unless otherwise specified.

## ARGUMENT[2]

The Order is not a final order under 28 U.S.C. § 1291, because it expressly contemplates ongoing proceedings in the District Court. Nor is the Order an appealable injunction under 28 U.S.C. § 1292(a)(1), because it does not explicitly grant an injunction and it does not have the practical effect of granting an injunction that has a "serious, perhaps irreparable, consequence." *Positano Place at Naples | Condo. Assoc., Inc. v. Empire Indemnity Ins. Co.*, 84 F.4th 1241, 1251 (11th Cir. 2023).

### I. The Order Is Not Final Under 28 U.S.C. § 1291.

The Order is not a final decision under 28 U.S.C. § 1291.[3] Section 1291 states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. This Court has explained that a final decision is "one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1345 (11th Cir. 2022) (internal quotation marks omitted). When, as here, the appeal

[2] The background and procedural history of this case are outlined in Interested Parties/Appellees' Response to the Motion for a Stay Pending Appeal. CA11.ECF.31 at 1-5.

[3] Appellants previously appeared to concede this point in their Stay Pending Appeal Reply, offering no response to Interested Parties/Appellees' argument that the Order is not a final judgment under § 1291. *Compare* CA11.ECF.47 at 2-3, *with* CA11.ECF.31 at 8-9.

relates to a post-judgment proceeding, courts treat the proceeding as if it were "free-standing litigation." *Mayer v. Wall Street Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012). Thus, a decision in a post-judgment proceeding is only "final and appealable" if it is "the last order to be entered in the action." *Delaney's Inc. v. Ill. Union Ins. Co.*, 894 F.2d 1300, 1304 (11th Cir. 1990) (internal quotation marks omitted).

Here, the Order is not final because it "explicitly contemplate[s] further" court involvement. *Positano Place*, 84 F.4th at 1248. For instance, the Order states it "should not be understood as a final determination regarding any fraud perpetrated on the court and does not foreclose the possibility of future relief under [Rule 60]." Order at 38 n.59; *see Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) ("[A]n order that contemplates further substantive proceedings in a case is not final and appealable."). The District Court will also continue to be involved in the case in other ways; for example, the bar on Daniel Z. Epstein's *pro hac vice* admissions is subject to "further order" of the Court. Order at 47. And, while the Order states that monetary sanctions in the form of attorneys' fees are appropriate, the District Court has yet to fix a fee amount. Instead, the District Court will finalize the fee award, if any, in a subsequent order after it considers briefing by the parties and *amici*. Order at 53.

This Court has repeatedly held that, when a district court awards attorneys' fees as a sanction, the sanctions order is not final for purposes of § 1291 until the fee amount is finalized. *See, e.g.*, *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 n.1 (11th Cir. 2000) ("Because the magistrate judge has not yet reduced the sanctions order to a specific sum, the order is not final and the court lacks jurisdiction over [the] appeal [of the sanctions order]."); *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigr. Servs.*, 452 F.3d 1254, 1256 (11th Cir. 2006) ("Where the amount of the fee award has not been determined, a district court order granting attorney's fees is not final." (cleaned up)); *Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty. Fla.*, 947 F.3d 1362, 1370 (11th Cir. 2020) ("Until the district court sets the amount in an order or judgment, there is no final decision on attorney's fees and costs for us to review."); *Carey v. Kirk*, No. 25-10866, 2025 WL 1454116, at *1 (11th Cir. May 21, 2025) ("The . . . sanctions order is not appealable because the district court did not determine the amount of sanctions."). Instead, in these circumstances, the final and appealable decision is the "later order that awards the specific amount of fees." *In re Asset Enhancement, Inc.*, 87 F.4th 1271, 1274 (11th Cir. 2023). Thus, here, if and when the District Court fixes a fee amount, the Order will "merge[]" with the fee order and they will both be appealable. *Id.*; *see also PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1212 (11th Cir. 2019) ("[T]here was no final decree until the amount of attorneys' fees and costs awarded

as part of the contempt order was set [in a later order]."); *Jaffe v. Sundowner Props., Inc.*, 808 F.2d 1425, 1426-27 (11th Cir. 1987) (same regarding sanctions imposed under Federal Rule of Civil Procedure 37(d)). Before the fees are fixed, however, the Order cannot be appealed.

Nor is this case analogous to the circumstance in which an order awarding a yet-to-be-determined amount of fees to a prevailing party is subject to review under § 1291 because the fee award can be consolidated with an appealable merits decision. For example, in *Andrews v. Employees' Retirement Plan of First Alabama Bancshares, Inc.*, 938 F.2d 1245, 1246 (11th Cir. 1991), the defendants appealed a district court order directing that benefits be paid to the plaintiff under the Employee Retirement Income Security Act of 1974 ("ERISA") and awarding attorneys' fees to the plaintiff under ERISA. This Court explained that the fee award was reviewable even though the fee amount had not yet been fixed because the district court's decision to award fees could "be consolidated on appeal with a final order": namely, the court's merits decision directing ERISA benefits to the plaintiff. *Id.* at 1247-48 (internal quotation marks omitted).

Here, however, there is no otherwise appealable decision or order with which the Order could be "consolidated." *Id.*; *see also Sabal Trail*, 947 F.3d at 1372 (*Andrews* was inapplicable where there was no overlap between an appealable and non-appealable issue). And, the Court cannot separate the outstanding fee award

from the other sanctions imposed by the Order for purposes of the finality inquiry. This Court's decision in *Jaffe* is instructive. There, the plaintiff failed to attend four depositions and the district court sanctioned the plaintiff under Rule 37(d) by dismissing his complaint and awarding attorneys' fees. *Jaffe*, 808 F.2d at 1426. The Court held the sanctions order was not final until the fees were fixed and distinguished "situations where the inquiry into an attorney's fees award commences after a prevailing party has been determined." *Id.* at 1426-27 (cleaned up). It explained that, unlike the prevailing party context, the fee award and the dismissal were "not separable" because they were "part of the package of available . . . sanctions" under Rule 37(d). *Id.* Therefore, the district court's sanction order, including the dismissal sanction, was not final until the fee amount was fixed. *Id.*; *see also Santiago v. Gerbrueder Knauf Verwaltungsgesellschaft, KG*, No. 23-10116, 2024 WL 2873721, at *1 (11th Cir. Jun. 7, 2024) (citing *Jaffe* for this proposition); *In re Asset Enhancement*, 87 F.4th at 1278-79 (applying the same distinction in an analogous context where fees were awarded after a contempt finding).

*Jaffe*'s reasoning applies equally here. The District Court did not award attorneys' fees to a prevailing party after a merits adjudication; it awarded fees as one of several sanctions under its Rule 11 and inherent authority. The Court's sanctions are, therefore, "not separable" from each other, and the Order is not

appealable under § 1291 until the proceedings in the District Court are finished and the fee amount is fixed. *Jaffe*, 808 F.2d at 1427.[4]

## II. The Order Is Not An Appealable Injunction Under 28 U.S.C. § 1292(a)(1).

The Order is also not an appealable injunction under 28 U.S.C. § 1292(a)(1). That statute creates a narrow "exception from the long-established policy against piecemeal appeals." *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 480 (1978). As this Court explained in *Positano Place*, there are two distinct circumstances in which a non-final district court order could meet the requirements for interlocutory appellate jurisdiction under § 1292(a)(1): the order could either "explicitly grant an injunction," or it could "have the practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence." 84 F.4th at 1251 (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287-88 (1988)). Neither circumstance is present here.

### A. No Part of the Order Is An Explicit Injunction.

First, nothing in the Order "explicitly grant[s] an injunction." *Id.* For an order

[4] Appellants also cannot obtain review of the Order under the collateral order doctrine because, among other reasons, they have not shown that they will be unable to obtain appellate review of any part of the Order once the District Court's proceeding is final. *See W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts & Co., L.P.*, 566 F.3d 979, 984 (11th Cir. 2009) (application of the collateral order doctrine requires that the order be effectively unreviewable on appeal from final judgment).

to qualify as an explicit injunction for purposes of § 1292(a)(1), "it must be: (1) a clearly defined and understandable directive by the court to act or to refrain from a particular action; and (2) enforceable through contempt, if disobeyed." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005). But there is one more inquiry, because not all court directives enforceable by contempt qualify under § 1292(a)(1). In order to count as an "explicit grant of an injunction" under the statute, the "order must also give 'some or all of the substantive relief sought in the complaint'"; "'[t]he § 1292(a)(1) exception [to the final judgment rule] does not embrace orders that have no direct or irreparable impact on the merits of the controversy.'" *Positano Place*, 84 F.4th at 1250 (quoting *U.S. Army Corps of Eng'rs*, 424 F.3d at 1128-29 (alterations in original)).

Most parts of the Order do not pass even the first part of this test, as they are not "directive[s]" by the District Court to any party "to act or to refrain from a particular action." *Id.* The bar referral does not direct any party to do or not do anything, and the same is true of the temporary denial of Mr. Epstein's *pro hac vice* admission. The District Court's ongoing proceedings to decide whether to award attorneys' fees (and if so, how much), likewise are not directing any party "to act or to refrain from a particular action"—and even if the Court does eventually award attorneys' fees, any such award would not constitute an "injunction."

Appellants do not appear to believe otherwise. *See* CA11.ECF.47. They instead contend that the only part of the Order that constitutes a "directive by the court to act or to refrain from a particular action," *Positano Place*, 84 F.4th at 1250, is the District Court's statement that "[t]he Parties are prohibited from referring to the purported 'settlement agreement,' or using, offering, admitting, or citing any of its provisions in any judicial, administrative, regulatory, arbitration, or any other official proceeding as evidence of a 'settlement' reached in this matter, Case No. 26-cv-20609-KMW (S.D. Fla. 2026)," Order at 47. Yet even if one were to assume that this statement is a "directive by the court to act or to refrain from a particular action" that is enforceable by contempt, it does not meet the critical third requirement for an explicit injunction under § 1292(a)(1).

Fidelity to § 1292(a)(1) requires that "an injunction in the traditional sense must be an order that gives some or all of the substantive relief sought in the complaint." *U.S. Army Corps of Eng'rs*, 424 F.3d at 1128; *see also Positano Place*, 84 F.4th at 1251 (denying review under § 1292(a)(1) where order did not "dispose of any claims or defenses in the case"). This part of the Order plainly does not "give some or all of the substantive relief sought in the complaint." Rather, the District Court acted pursuant to its Rule 11 authority, assessed whether the parties "abused the judicial process," and imposed this part of the Order as a sanction for their conduct. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Because this

part of the Order is a sanction, it is "not a judgment on the merits of [the] action," *id.*, and it is not an explicit injunction for purposes of § 1292(a)(1).

Nor should this Court expand the category of explicit injunctions beyond the limitations identified in *Positano Place* and *U.S. Army Corps of Engineers*. We are unaware of this Court ever countenancing such an expansion in any circumstance, and the Supreme Court has repeatedly emphasized that the category of orders appealable under § 1292(a)(1) is "narrow" given the "long-established policy against piecemeal appeals, which this Court is not authorized to enlarge or extend." *Gardner*, 437 U.S. at 480. Instead, the Court "approach[es] this statute somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders." *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24 (1966); *City of Morgantown, W. Va. v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949) ("Many interlocutory orders are equally important, and may determine the outcome of the litigation, but they are not for that reason converted into injunctions."). Indeed, discarding the limitation that explicit injunctions must be tied to the substantive relief sought by the parties would open up restrictions on party and counsel conduct imposed in a Rule 11 proceeding to immediate interlocutory review even when those proceedings are ongoing. And, because § 1292(a)(1) reaches decisions "refusing" injunctions, it would likely make the *denial* of requests for such sanctions similarly reviewable without a final order. Such an expansion of § 1292(a)(1) would allow

parties to effectively end-run § 1291's rule, discussed *supra*, that the *entirety* of a sanctions order is not reviewable until the fee amount, if any, is fixed.

Other courts are in accord with respect to the narrow scope of § 1292(a)(1)'s explicit injunction prong. For example, in *International Products Corporation v. Koons*, 325 F.2d 403, 405-07 & n.1 (2d Cir. 1963) (Friendly, J.), the Second Circuit held that an order sealing a deposition and prohibiting the defendants and others from "publishing or disclosing to any third party any of the testimony, documents or writing contained or referred to" in the deposition was not an appealable injunction. The *Koons* court explained that § 1292(a)(1)'s exception for injunctions does not encompass "restraints or directions in orders concerning the conduct of the parties or their counsel, unrelated to the substantive issues in the action." *Id.* at 406; *see also U.S. Army Corps of Eng'rs*, 424 F.3d at 1128 & n.17 (approvingly citing *Koons*). As in *Koons*, the Order's prohibition on the parties' reference to the settlement is unrelated to any "substantive" relief sought and instead concerns the "conduct" of the parties and their counsel. 325 F.2d at 406.

Indeed, it is unclear whether a sanctions order could ever qualify as an explicit injunction under this Court's precedents in *Positano Place* and *U.S. Army Corps of Engineers*. Theoretically, it may be possible for a district court to issue a sanctions order that functionally gives a plaintiff "some or all of the substantive relief sought" in the complaint. That is, however, obviously not the case here where the Order

sanctions Plaintiffs and their counsel and neither grants nor denies the relief sought in their complaint (which, in any event, Plaintiffs have abandoned).

But that is not to say that sanctions orders generally, or even sanctions orders against a plaintiff, can never be appealable under § 1292(a)(1). To the contrary, this Court has recognized that some court orders that do not fit its test for explicit injunctions should nevertheless be appealable under § 1292(a)(1), if they have the "practical effect of granting or denying injunctions and [have] serious, perhaps irreparable, consequence." *Positano Place*, 84 F.4th at 1251 (internal quotation marks omitted). As explained, *infra,* however, Appellants have not come close to meeting that alternative test.

**B. No Part Of The Order Has the Practical Effect Of An Injunction With A Serious, Perhaps Irreparable, Consequence.**

The Order does not have the practical effect of granting or denying an injunction with a "serious, perhaps irreparable, consequence." Again, the bar referral, the temporary *pro hac vice* denial, and the ongoing attorneys' fees proceedings all have nothing to do with the District Court, as a practical matter, "granting or denying injunctions;" none of that activity bears any resemblance to an injunction, let alone has the "practical effect" of either an injunction or the denial of an injunction. *Id.*

The District Court's prohibition on the parties referring to or using the purported "settlement agreement" in official proceedings "as evidence of a

'settlement' reached in this matter," Order at 47, at least arguably has the "practical effect of granting" an "injunction" against the parties. But neither Plaintiffs nor Defendants have ever tried to show that this part of the Order had (or could ever have) a "serious, perhaps irreparable, consequence" and "can be effectually challenged only by immediate appeal." *Positano Place*, 84 F.4th at 1251-52 (cleaned up). The most they muster on this front is the argument that they are somehow prevented from even mentioning the purported "settlement agreement" in *any* circumstances, *anywhere*, and the contention that such a blanket restriction on speech is inherently a "serious" and "irreparable consequence" under the First Amendment. *See, e.g.*, CA11.ECF.8 at 3, 4, 19-20; CA11.ECF.47 at 10-11. But that argument relies on the parties' drastic over-reading of the Order. The Order does not "gag" the parties from ever mentioning the supposed "settlement agreement" anywhere, but rather only restricts them from referring to or otherwise using the "settlement agreement" *in any "official proceeding as evidence of a 'settlement' reached in this matte*r, Case No. 26-cv-20609-KMW (S.D. Fla. 2026)." Order at 47 (emphasis added).[5] And Appellants have never identified any present or imminent legal proceedings during this appeal where they intend to use the purported

[5] For these same reasons, Appellants' argument that the Order is an injunction because it precludes them from "pursuing litigation in another forum" fails because the Order plainly does not preclude them from litigating elsewhere. *See* CA11.ECF47 at 3 (quoting *U.S. Army Corps of Eng'rs*, 424 F.3d at 1129 n.18).

settlement as evidence, making their allegations of irreparable injury based on First Amendment claims spurious.

If the parties actually intend to reference or introduce or use the purported "settlement agreement" in any other "official proceeding" "as evidence of a 'settlement' reached in this matter," then they should say just that, and explain why their current inability to do so (until they are ultimately permitted to appeal the District Court's ruling) is causing them "serious, perhaps irreparable," harm. But the parties will not try to make such a showing, because doing that would prove that the District Court was absolutely right in recognizing that the parties were using their sham "settlement" of this sham litigation to try to achieve something substantive in some other forum. Thus, because the parties have not even tried to make a showing that the Order, properly construed, risks causing them "serious, perhaps irreparable, consequence," they fail to meet this Court's alternative test for jurisdiction under 28 U.S.C. § 1292(a)(1).[6]

[6] Even if the Court determines that the part of the Order restricting the parties from referring to or otherwise using the settlement agreement as evidence of a settlement in this case is an appealable injunction, it should not exercise pendent appellate jurisdiction over the rest of the Order. The exercise of pendent appellate jurisdiction is discretionary, *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1335 (11th Cir. 1999), and the Court should exercise such discretion "only under rare circumstances," *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1379 (11th Cir. 2009). As relevant here, the Supreme Court has warned that courts should not "loosely" apply pendent appellate jurisdiction to allow parties to "parlay . . . collateral orders into multi-issue interlocutory appeal tickets." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 49-50 (1995). Doing so would "undermine the statutory scheme governing

## CONCLUSION

For the foregoing reasons, the Court should dismiss the appeal for lack of jurisdiction.

September 11, 2026

Respectfully submitted,

/s/ Angela Cai


Neal S. Manne
Justin A. Nelson
Stephen Shackelford, Jr.
Davida P. Brook*
Daniel J. Shih
Glenn C. Bridgman*
**SUSMAN GODFREY L.L.P.**^
1000 Louisiana St, Suite 5100
Houston, TX 77002
(713) 653-9366
jnelson@susmangodfrey.com

Matthew J. Platkin
Angela Cai
Conor Bradley
**PLATKIN LLP**
1 Gateway Ctr. #1150
Newark, NJ 07102
(973) 561-1952
acai@platkinllp.com

Andrés Rivero
**RIVERO MESTRE LLP**
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
(305) 445-2500
arivero@riveromestre.com

Norman L. Eisen
David W. Ogden
Stephen A. Jonas
Carolina L. Porcile*
**DEMOCRACY DEFENDERS ACTION**
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
(202) 594-9958
norman@democracydefenders.org

* *Admitted pro hac vice*

^ *Primary office listed. Counsel for Former Judges Nancy Gertner and Michael Luttig only*

*Counsel for Interested Parties-Appellees*


---

interlocutory appeals." *King*, 562 F.3d at 1379-80. Here, the Court should not allow Appellants to bypass the well-worn statutory scheme.

## APPENDIX: LIST OF MOVANTS / AMICI CURIAE IN THE DISTRICT COURT AS INTERESTED PARTIES-APPELLEES

Judge Michael Luttig, U.S. Circuit Judge, U.S. Court of Appeals for the Fourth Circuit (Ret.)

Judge Nancy Gertner, U.S. District Judge, District of Massachusetts (Ret.)

Chief Judge John W. Bissell, U.S. District Judge, District of New Jersey (Ret.)

Judge Geraldine Soat Brown, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Chief Judge Rubén Castillo, U.S. District Judge, Northern District of Illinois (Ret.)

Chief Judge U.W. Clemon, U.S. District Judge, Northern District of Alabama (Ret.)

Judge Susan E. Cox, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Judge Morton Denlow, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Judge David K. Duncan, U.S. Magistrate Judge, District of Arizona (Ret.)

Chief Judge Sheila Finnegan, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Judge Jeremy Fogel, U.S. District Judge, Northern District of California (Ret.)

Judge James C. Francis IV, U.S. Magistrate Judge, Southern District of New York (Ret.)

Judge Steven M. Gold, U.S. Magistrate Judge, Eastern District of New York (Ret.)

Judge A. Benjamin Goldgar, U.S. Bankruptcy Judge, Northern District of Illinois (Ret.)

Judge Paul W. Grimm, U.S. District Judge, District of Maryland (Ret.)

Chief Judge Robert Harlan Henry, U.S. Circuit Judge, U.S. Court of Appeals for the Tenth
Circuit (Ret.)

Judge Thelton Henderson, U.S. District Judge, Northern District of California (Ret.)

Judge Richard J. Holwell, U.S. District Judge, Southern District of New York (Ret.)

Judge Ellen Segal Huvelle, U.S. District Judge, District of Columbia (Ret.)

Judge John E. Jones III, U.S. District Judge, Middle District of Pennsylvania (Ret.)

Judge Barbara M. G. Lynn, U.S. District Judge, Northern District of Texas (Ret.)

Judge Roanne L. Mann, U.S. Magistrate Judge, Eastern District of New York (Ret.)
Judge A. Howard Matz, U.S. District Judge, Central District of California (Ret.)

Chief Judge Paul Michel, U.S. Circuit Judge, U.S. Court of Appeals for the Federal Circuit (Ret.)

Judge Kathleen O'Malley, U.S. Circuit Judge, U.S. Court of Appeals for the Federal Circuit
(Ret.)

Judge Brian Owsley, U.S. Magistrate Judge, Southern District of Texas (Ret.)

Judge Philip M. Pro, U.S. District Judge, District of Nevada (Ret.)

Judge Victoria A. Roberts, U.S. District Judge, Eastern District of Michigan (Ret.)

Judge Shira A. Scheindlin, U.S. District Judge, Southern District of New York (Ret.)

Judge Fern M. Smith, U.S. District Judge, Northern District of California (Ret.)

Judge John D. Tinder, U.S. Circuit Judge, U.S. Court of Appeals for the Seventh Circuit (Ret.)

Judge Ursula Ungaro, U.S. District Judge, Southern District of Florida (Ret.)

Judge T. John Ward, U.S. District Judge, Eastern District of Texas (Ret.)

Judge Mark L. Wolf, U.S. District Judge, District of Massachusetts (Ret.)

Judge Lee Yeakel, U.S. District Judge, Western District of Texas (Ret.)

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 3,629 words. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), and with 11th Cir. R. 32-4, because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: September 11, 2026 /s/ Angela Cai

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. All counsel of record are registered CM/ECF users and will be served by that system.

Dated: September 11, 2026 /s/ Angela Cai