**DLA PIPER LLP (US)**
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-5341
www.dlapiper.com

Christopher Oprison, Esq.
chris.oprison@dlapiper.com
T (305) 423-8522
F (305) 657-6366

September 28, 2026

**<u>Via CM/ECF</u>**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St. NW
Atlanta, GA 30303

**Re: *President Donald J. Trump, et al. v. Internal Revenue Service*, <u>No. 26-12692</u>**

Dear Mr. Smith:

Appellants respectfully submit this response to Defendants-Appellees' Rule 28(j) Notice. Appeal.Doc.61. Appellants agree that the district court's erroneous Stay Order, Doc.130, further demonstrates the need for an immediate stay pending appeal.

The Stay Order reinforces the pervasive errors identified in Appellants' Motions to Stay. Appeal.Doc.8; Doc.114. Despite extensive *amicus* briefing and more than six weeks of consideration, neither the court nor its *amici* identified any precedent authorizing the unprecedented, unconstitutional sanctions being challenged here.

The Stay Order confirms that the court is forbidding the Parties from advancing a viewpoint with which it disagrees. It brazenly declared that characterizing the Settlement Agreement as a "settlement" would perpetuate a "false narrative" and dismissed contrary advocacy as "inaccurate assertions under the cloak of the First Amendment." Doc.130 at 13. The court thus wrongly claims authority to prohibit parties from advancing a contrary position in *any* official proceeding, including on appeal.

Additionally, despite disclaiming any categorical rule, the Stay Order confirms that the court applied one. The court emphasized that President Trump

"could have" brought the same suit "while a private citizen," making clear that the purported defect turned not on the claims asserted, but on President Trump's status while asserting them. *Id.* at 7-9. Critically, the court wrongfully failed to engage *United States v. Nixon*, 418 U.S. 683 (1974), which rejects the notion that executive hierarchy alone defeats adversity, and again ignored co-Plaintiffs' independent rights.

Finally, the Stay Order confirms that the court will continue treating its erroneous findings of non-adversity, collusion, and bad faith as settled, despite this appeal. The court simultaneously and wrongly insisted that Appellants suffer no meaningful injury (despite the sweeping speech injunction, Bar referral, and *pro hac vice* ban), while relying on the purported absence of harm and the unresolved fee proceedings to hold that immediate appellate review was unavailable. Doc.130 at 5-7. The court further incorrectly stated that a stay would "diminish[] the public's confidence in the judiciary's ability to impose binding legal consequences," treating appellate review as an obstacle to judicial authority rather than a safeguard against error. *Id.* at 18. An immediate stay is warranted.

Respectfully,

*/s/ Christopher G. Oprison*

Christopher G. Oprison
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
(305) 423-8522
chris.oprison@dlapiper.com

cc: All Counsel of Record

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rules 26.1 and 28(a)(1) of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, counsel for Appellants hereby certify on behalf of Appellants that the Certificate of Interested Parties filed on August 31, 2026, remains correct.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

September 28, 2026

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

I hereby certify that this response to the Government's 28(j) notice complies with the type with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 350 words, excluding the parts of the response exempted from those limitations.

I hereby certify that this response complies with the type face and type style requirements of Federal Rules of Appellate Procedure 32(a) and 32(c) because this response has been prepared in a proportionally spaced typeface, Times New Roman, 14-point font size.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

September 28, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026, I caused the foregoing document to be electronically filed using the Court's CM/ECF system, which will send notification of such filing to all current counsel of record.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

September 28, 2026