No. 26-12692

# In the United States Court of Appeals for the Eleventh Circuit

PRESIDENT DONALD J. TRUMP, DONALD J. TRUMP JR.,
ERIC TRUMP, THE TRUMP ORGANIZATION, LLC.,
*Plaintiffs–Appellants*,

ALEJANDRO BRITO, DANIEL EPSTEIN,
*Interested Parties–Appellants,*

v.

INTERNAL REVENUE SERVICE, U.S. DEPARTMENT OF THE TREASURY,
*Defendants,*

THIRTY-FIVE FORMER FEDERAL JUDGES,
*Interested Parties–Appellees*.

## BRIEF OF THE STATE OF FLORIDA AND NINE OTHER STATES AS *AMICI CURIAE* IN SUPPORT OF APPELLANTS

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 1:26-cv-20609 (Hon. Kathleen M. Williams)

JAMES UTHMEIER
*Attorney General*

DAVID M.S. DEWHIRST
*Solicitor General*

JASON J. MUEHLHOFF
*Chief Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*Jason.Muehlhoff@myfloridalegal.com*
*Jenna.Hodges@myfloridalegal.com*

*Counsel for Amici States*

October 5, 2026

## CERTIFICATE OF INTERESTED PERSONS

*Amicus Curiae* certifies that, to the best of its knowledge, the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-5:

1. Aburos, Tal – *Counsel for Plaintiffs-Appellants Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization LLC, Alejandro Brito, and Daniel Epstein*

2. America Legal First Foundation – *Amicus in the Court of Appeals*

3. Barry, Nicholas R. – *Counsel for Amicus America First Legal Foundation in the Appeals Court*

4. Biazzo, Corey J. – *Pro Se Amicus in the District Court*

5. Bingham, Lauren C. – *Counsel for Amicus in the District Court CREW*

6. Bissell, John W. – *Retired Judge Appellee and Movant/Amicus in the District Court*

7. Blanche, Todd – *Attorney General, U.S. Department of Justice*

8. Boisture, Pooja A. – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

9. Bonta, Rob – *Amicus in the District Court, Attorney General of California, Lead Signatory for twenty-three State Attorneys General Amici*

10. Bradley, Conor – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

11. Bridgman, Glenn – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

12. Brito, Alejandro – *Appellant and Counsel for Plaintiffs in the District Court*

13. Brito, PLLC – *Counsel for Plaintiffs-Appellants*

14. Brooke, Davida – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

15. Brown, Geraldine Soat – *Retired Judge Appellee and Movant/Amicus in the District Court*

16. Cai, Angela – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

17. Carullo, Nick – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

18. Castillo, Rubén – *Retired Chief Judge Appellee and Movant/Amicus in the District Court*

19. Citizens for Responsibility and Ethics in Washington (CREW) – *Amicus in the District Court*

20. Clanton, Crystal C. – *Counsel for Amicus America First Legal Foundation in the Court of Appeals*

21. Clark, Sr., Jeffrey Bossert – *Counsel for Amicus The Oversight Project in the Court of Appeals*

22. Clemon, U.W. – *Retired Chief Judge Appellee and Movant/Amicus in the District Court*

23. Common Cause – *Amicus in the District Court*

24. Corp, Ian Michael – *Counsel for Plaintiffs-Appellants*

25. Cox, Susan E. – *Retired Judge Appellee and Movant/Amicus in the District Court*

26. Crossin, Robert A. – *Counsel for Amicus America First Legal Foundation in the Court of Appeals*

27. Debevoise & Plimpton LLP – *Counsel for Amicus in the District Court*

28. Democracy Defenders Action – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

29. Democracy Forward Foundation – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

30. Denlow, Morton – *Retired Judge Appellee and Movant/Amicus in the District Court*

31. Dewhirst, David M.S.* – *Solicitor General for the State of Florida, Counsel for Amici State of Florida in the Court of Appeals*

32. DLA Piper LLP (US) – *Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization LLC, Alejandro Brito, and Daniel Epstein*

33. Dow, Randy R. – *Counsel for Amici in the District Court Twenty-Three State Attorneys General*

34. Duncan, David K. – *Retired Judge Appellee and Movant/Amicus in the District Court*

35. Eisen, Norman L. – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

36. Epstein & Co. LLC – *Counsel for Plaintiffs-Appellants*

37. Epstein, Daniel Z. – *Appellant and Counsel for Plaintiffs in the District Court*

38. Farchadi, Kayvan A. – *Counsel for Amicus in the District Court CREW*

39. Finnegan, Sheila – *Retired Chief Judge Appellee and Movant/Amicus in the District Court*

40. Fogel, Jeremy – *Retired Judge Appellee and Movant/Amicus in the District Court*

41. Foley, Elizabeth Price – *Counsel for Amicus in Court of Appeals The Oversight Project*

42. Francis IV, James C. – *Retired Judge Appellee and Movant/Amicus in the District Court*

43. Gay, Faith E. – *Amicus in the District Court*

44. Gelber Schachter & Greenberg, P.A. – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

45. Gertner, Nancy – *Retired Judge Appellee and Movant/Amicus in the District Court*

46. Gleeson, John – *Amicus in the District Court*

47. Gold, Steven M. – *Retired Judge Appellee and Movant/Amicus in the District Court*

48. Goldgar, A. Benjamin – *Retired Judge Appellee and Movant/Amicus in the District Court*

49. Green, Nicholas R. – *Counsel for Amici in the District Court Twenty-Three State Attorneys General*

50. Greenberg, Gerald E. – *Counsel for Amici in the District Court, Former Government Officials & Public Interest Organizations*

51. Grimm, Paul W. – *Retired Judge Appellee and Movant/Amicus in the District Court*

52. Haier, Aaron E. – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

53. Halpern, Josh – *Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization LLC, Alejandro Brito, and Daniel Epstein*

54. Hamilton, Gene P. – *Counsel for Amicus America First Legal Foundation in the Court of Appeals*

55. Henderson, Thelton – *Retired Judge Appellee and Movant/Amicus in the District Court*

56. Henry, Robert Harlan – *Retired Chief Judge Appellee and Movant/Amicus in the District Court*

57. Hewitt, Jillian – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

58. Holtzman Vogel Baran Torchinsky & Josefiak PLLC – *Counsel for Amici The Oversight Project in the Court of Appeals*

59. Holwell, Richard J. – *Retired Judge Appellee and Movant/Amicus in the District Court*

60. Horton, Rachel A.H. – *Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization LLC, Alejandro Brito, and Daniel Epstein*

61. Hoshijima, Tsuki – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

62. Huvelle, Ellen Segal – Retired Judge Appellee and Movant/Amicus in the District Court

63. Internal Revenue Service – *Defendant*

64. Jasrasaria, Jyoti – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

65. JH Legal PLLC – *Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization LLC, Alejandro Brito, and Daniel Epstein*

66. Jonas, Stephen A. – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

67. Jones III, John E. – *Retired Judge Appellee and Movant/Amicus in the District Court*

68. Joshi, Nandan – *Counsel for Amicus in the District Court Public Citizen*

69. Kambli, Abhishek – *Counsel for Amicus in Court of Appeals The Oversight Project*

70. Keneally, Kathryn – *Amicus in the District Court*

71. Khan, Ayesha – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organiziations*

72. Kirn, Harald H. – *Counsel for Amici in the District Court Twenty-Three State Attorneys General*

73. Klugh, Richard C. – *Counsel for Plaintiffs-Appellants*

74. Koskinen, John – *Amicus in the District Court*

75. Lett, Hon. Enjolique A. – *U.S. Magistrate Judge*

76. Liao, Cynthia – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

77. Luttig, Michael – *Retired Judge Appellee and Movant/Amicus in the District Court*

78. Lynn, Barbara M.G. – *Retired Judge Appellee and Movant/Amicus in the District Court*

79. Mann, Roanne L. – *Retired Judge Appellee and Movant/Amicus in the District Court*

80. Manne, Neal S. – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

81. Matz, A. Howard – *Retired Judge Appellee and Movant/Amicus in the District Court*

82. McCotter, R. Trent – *Counsel for Defendants*

83. Michel, Paul – *Retired Chief Judge Appellee and Movant/Amicus in the District Court*

84. Milelli, Rosario - *Nonparty*

85. Munger Tolles & Olson LLP – *Counsel for Amicus in the District Court*

86. Nelson, Justin A. – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

87. Newman, Lisa – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

88. O'Malley, Kathleen – *Retired Judge Appellee and Movant/Amicus in the District Court*

89. O'Neil, David A. – *Amicus in the District Court*

90. Ogden, David W. – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

91. Olson, Nina – *Amicus in the District Court*

92. Oprison, Christopher G. – *Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Erick Trump, The Trump Organization LLC, Alejandro Brito, and Daneil Epstein*

93. Owsley, Brian – *Retired Judge Appellee and Movant/Amicus in the District Court*

94. Perryman, Skye L. – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

95. Pinkert, Mark – *Counsel for Amicus in Court of Appeals The Oversight Project*

96. Platkin LLP – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

97. Platkin, Matthew J. – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

98. Porcile, Carolina – *Counsel for Appellees Thirty-Five Former Federal Judges*

99. Pro, Phillip M. – *Retired Judge Appellee and Movant/Amicus in the District Court*

100. Project on Government Oversight – *Amicus in the District Court*

101. Public Citizen – *Amicus in the District Court*

102. Ramanathan, Ravi – *Counsel for Appellees Thirty-Five Former Federal Judges and Amici in the District Court 93 Members of the U.S. House of Representatives*

103. Rennie, Russell – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

104. Rivero, Mestre LLP – *Counsel for Appellees Thirty-Five Former Federal Judges, and Amici in the District Court 93 Members of the U.S. House of Representatives*

105. Rivero, Andrés – *Counsel for Appellees Thirty-Five Former Federal Judges, and Amici in the District Court 93 Members of the U.S. House of Representatives*

106. Roberts, Victoria A. – *Retired Judge Appellee and Movant/Amicus in the District Court*

107. Rothenberg, Gilbert – *Amicus in the District Court*

108. Rubinstein, Reed D. – *Counsel for Amicus America First Legal Foundation in the Court of Appeals*

109. Savage, Zach – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

110. Scheindlin, Shira A. – *Retired Judge Appellee and Movant/Amicus in the District Court*

111. Selendy Gay PLLC – *Counsel for Amicus in the District Court*

112. Selendy, Philippe Z. – *Amicus in the District Court*

113. Shackelford Jr., Stephen – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

114. Sheehan, Daniel C. – *Counsel for Amici in the District Court Twenty-Three State Attorneys General*

115. Shih, Daniel J. – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

116. Smith, Fern M. – *Retired Judge Appellee and Movant/Amicus in the District Court*

117. State of Florida* – *Amici in the Appeals Court*

118. Stephens III, Glenn – *Requested Intervenor in District Court*

119. Stoughton, Corey – *Amicus in the District Court*

120. Strauss, Julie A. – *Counsel for Amicus America First Legal Foundation in the Court of Appeals*

121. Sus, Nikhel S. – *Counsel for Amicus in the District Court CREW*

122. Susman Godfrey LLP – *Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner*

123. Tenjido-Eljaiek, Daniela – *Counsel for Appellees Thirty-Five Former Federal Judges, and Amici in the District Court 93 Members of the U.S. House of Representatives*

124. The Oversight Project – *Amicus in the Court of Appeals*

125. The Trump Organization LLC – *Plaintiff-Appellant*

126. Thurston, Robin F. – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

127. Tinder, John D. – *Retired Judge Appellee and Movant/Amicus in the District Court*

128. Trump Jr., Donald J. – *Plaintiff-Appellant*

129. Trump, Eric – *Plaintiff-Appellant*

130. Trump, President Donald J. – *Plaintiff-Appellant*

131. Ungaro, Ursula – *Retired Judge Appellee and Movant/Amicus in the District Court*

132. United States Department of Treasury – *Defendant*

133. Uthmeier, James* – *Attorney General for Amici State of Florida*

134. Verrilli Jr., Donald B. – *Amicus in the District Court*

135. Walsh, Daniel R. – *Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations*

136. Ward, T. John – *Retired Judge Appellee and Movant/Amicus in the District Court*

137. Williams, Hon. Kathleen M. – *U.S. District Judge*

138. Wolf, Mark L. – *Retired Judge Appellee and Movant/Amicus in the District Court*

139. Woodward Jr., Stanley E. – *Associate Attorney General, U.S. Department of Justice*

140. Yeakel, Lee – *Retired Judge Appellee and Movant/Amicus in the District Court*

Counsel for *Amici* certify that no publicly traded company has an interest in the outcome of this appeal.

Dated: October 5, 2026

Respectfully submitted,

JAMES UTHMEIER
*Attorney General*

DAVID M.S. DEWHIRST
*Solicitor General*

*/s/ Jason J. Muehlhoff*
JASON J. MUEHLHOFF
*Chief Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*Jason.Muehlhoff@myfloridalegal.com*
*Jenna.Hodges@myfloridalegal.com*

*Counsel for Amici States*

# TABLE OF CONTENTS


CERTIFICATE OF INTERESTED PERSONS .................................... C-1

TABLE OF CITATIONS .....................................................................ii

INTEREST OF *AMICI CURIAE* ............................................................ 1

STATEMENT OF THE ISSUES............................................................. 1

SUMMARY OF ARGUMENT ................................................................ 1

ARGUMENT ........................................................................................ 5

I. The district court should not have considered the Former Judges' motion. ............................................................................ 5

II. The district court's July 13 Order was wrong on procedure and substance. ........................................................................... 8

A. The district court made two reversible procedural errors.......................................................................... 8

B. The July 13 Order was not supported by a sufficient showing of improper purpose or bad faith. ........................... 14

CONCLUSION .................................................................................. 16

CERTIFICATE OF COMPLIANCE ..................................................... 18

ADDITIONAL SIGNATORIES.............................................................. 20

## TABLE OF CITATIONS

**Page(s)**

**Cases**

*Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*,
108 F.4th 1358 (11th Cir. 2024) .......... 5

*Anderson v. Smithfield Foods, Inc.*,
353 F.3d 912 (11th Cir. 2003) .......... 14, 15

*Barnes v. Dalton*,
158 F.3d 1212 (11th Cir. 1998) .......... 13

*City of Jacksonville v. Jacksonville Hosp. Holdings L.P.*,

No. 24-10145, 2024 WL 2186089 (11th Cir. 2024) .......... 5

*Clark v. Sweeney*,
607 U.S. 7 (2025) .......... 1

*Donaldson v. Clark*,
819 F.2d 1551 (11th Cir. 1987) .......... 9, 10

*Gulisano v. Burlington, Inc.*,
34 F.4th 935 (11th Cir. 2022) .......... 13

*Hernandez v. Acosta Tractors Inc.*,
898 F.3d 1301 (11th Cir. 2018) .......... 11

*Hollingsworth v. Perry*,
570 U.S. 693 (2013) .......... 6

**In re Mroz*,
65 F.3d 1567 (11th Cir. 1995) .......... 8, 10, 12

**Kaplan v. DaimlerChrysler, A.G.*,
331 F.3d 1251 (11th Cir. 2003) .......... 9, 11, 12

*Kem Mfg. Corp. v. Wilder*,
817 F.2d 1517 (11th Cir. 1987) .......... 2

*Matthews v. Gaither*,
902 F.2d 877 (11th Cir. 1990) .......... 4

*NAACP v. Claiborne Hardware Co.*,
458 U.S. 886 (1982) .......... 12

*Peer v. Lewis*,
606 F.3d 1306 (11th Cir. 2010) .......................................................... 13

*Sciarretta v. Lincoln Nat. Life Ins. Co.*,
778 F.3d 1205 (11th Cir. 2015) .......................................................... 13

*United States v. Nixon*,
418 U.S. 683 (1974) .......................................................... 14, 15

**Rules**

Fed. R. Civ. P. 11 .......................................................... 9, 10, 11, 13

Fed. R. Civ. P. 11(b) .......................................................... 8, 9

Fed. R. Civ. P. 11(b)(1) .......................................................... 13

Fed. R. Civ. P. 11(c)(3) .......................................................... 8, 9, 10

Fed. R. Civ. P. 24 .......................................................... 6

Fed. R. Civ. P. 60(b) .......................................................... 6

Fed. R. Civ. P. 41(a)(1)(A)(i) .......................................................... 4

Fed. R. Civ. P. 60 .......................................................... 6

## INTEREST OF *AMICI CURIAE*

*Amici* are the states of Florida, Alabama, Indiana, Iowa, Louisiana, Mississippi, Nebraska, South Carolina, South Dakota, and Texas. *Amici* file this brief in support of Appellants pursuant to Federal Rule of Appellate Procedure 29(a)(2), which excuses the need for leave of court or consent of the parties. *Amici* have an interest in ensuring that district courts manage cases evenhandedly. *Amici* also regularly settle cases and have an interest that the finality of those cases is not disrupted by nonparty movants.

## STATEMENT OF THE ISSUES

1. Whether the district court erred in evaluating and ordering a response to the Former Judges' motion.

2. Whether the district court erred procedurally or abused its discretion by issuing sanctions in its July 13 Order.

## SUMMARY OF ARGUMENT

The judge's role is that of an umpire: "[C]ourts call balls and strikes; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (per curiam) (citation modified).

Here, the ball game had two teams: (1) President Trump in his

individual capacity, his sons, and his company; and (2) the IRS and Department of the Treasury. DE1. The IRS had a duty to safeguard President Trump's tax returns, but it let a criminal employee steal them and leak them to the press to damage Plaintiffs' reputations. *Id.* ¶¶ 7–11. The criminal admitted he did it, and another court ruled that the facts here were enough to allege liability against Defendants under the Internal Revenue Code. *Id.* ¶¶ 10, 12. The parties settled this matter outside of court and Plaintiffs dismissed the suit on May 18, 2026. DE52. The district court closed the case that same day. DE62.

That much is unremarkable. But less than two weeks later, thirty-five retired federal judges decided they wanted a turn at the plate, even though they had no stake in this case. They leveraged their titles and prestige to bolster their arguments, seeking to undo the settlement to which the parties had agreed. DE63 at 1. The district court then weighed in on issues no party had raised and ordered relief no party had requested.

In sum, the district court stopped being a neutral umpire. It then unsurprisingly committed multiple errors. Chief among them is the district court's July 13 sanctions order. DE106. The Former Judges argued

they had nonparty standing to move the district court to set aside the judgment pursuant to Rule 60, relying on an untenable interpretation of *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987) (holding that "a nonparty only has standing to raise a challenge of fraud on the court under Rule 60 *if the nonparty's interests are directly affected by the final judgment*." *Id.* (emphasis added)).

The Former Judges, though disaffected, weren't parties to the case and were unaffected by the final judgment. The district court should've struck their motion; instead, it ordered Plaintiffs to "file a response." DE65 at 3. And though the district court has to date declined to embrace the Former Judges' Rule 60 theory, they achieved their ultimate objective when the district court sanctioned Plaintiffs and their attorneys. DE106. The district court's actions, just described, amount to advocacy.

The unusual procedural posture leading to the July 13 Order further demonstrates this judicial advocacy. District courts customarily begin an order by describing how the matter arrived at the court. A sanctions order, for example, might remark that "the matter is before the Court on its Order to Show Cause." Here, however, the district court never ordered anyone to show cause. The district court, instead, opened

with this: "THIS MATTER is before the Court on Plaintiffs' response to the Court's May 29, 2026, Order on the non-party movants' Motion for Relief from Judgment or Order, or, in the Alternative, for Leave to Appear as *Amici Curiae*." DE106 at 1 (citation and footnote omitted). Not exactly a straightforward account of "how did we get here?"

But the district court answered "where are we going" with alacrity. It gave the Former Judges everything they wanted, and more. They sought only to "ensure that the 'settlement' provisions cannot be carried out," DE63 at 13. But the district court pressed further, enjoining Plaintiffs "from *referring* to the purported 'settlement agreement,'" altogether. DE106 at 47.

The district court's failures constitute reversible error. First, it considered the Former Judges' motion without ever establishing its authority to do so. Second, it ignored the Rules and due process when it issued its July 13 Order without ordering Plaintiffs to show cause. Third, the district court never described the conduct that amounted to bad faith or improper purpose. Fourth, the district court ruled that Plaintiffs acted for an improper purpose and in bad faith merely for taking a position on a previously untrodden justiciability question.

One might respect, or even commend, such an indomitable spirit in an athlete or zealous advocate. But it's a total betrayal of the judicial role. Enough is enough. The district court failed to act like a court. Every order the district court entered after May 18, 2026—the day the case closed—must be vacated.

## ARGUMENT

### I. The district court should not have considered the Former Judges' motion.

This case was closed. On May 18, 2026, Plaintiffs voluntarily dismissed this matter under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which allows a plaintiff to voluntarily dismiss a case by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The dismissal was "effective immediately upon the filing of [the] written notice of dismissal." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam). And "the voluntary dismissal takes effect without a court order." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1364 (11th Cir. 2024) (citation modified).

The district court acknowledged that it was bound by this rule when it closed the case; Plaintiffs' notice "stripped [it] of jurisdiction." DE62 at

1 n.1 (quoting *City of Jacksonville v. Jacksonville Hosp. Holdings L.P.*, No. 24-10145, 2024 WL 2186089, at *4 (11th Cir. 2024)). The dismissal was "self-executing and effective immediately" and when "a court does not have subject matter jurisdiction, it cannot exercise any judicial power in the matter at hand." DE62 at 1 nn.1–2. The district court's prior inquiry into its subject-matter jurisdiction, *see* DE43, became moot. DE62 at 3.

Yet nine days after the case closed, the Former Judges moved to set aside the dismissal as "a fraud on the Court" under Rule 60 and to reopen the case. DE63 at 6, 9. The court ordered Plaintiffs to "file a response to the Motion" and to "detail[] their position on the matters set forth in the Motion" including "whether the case should be reopened because the Court was the 'victim of a fraud.'" DE65 at 3. It was error to consider the Former Judges' motion, and error to order Plaintiffs to respond; the Former Judges lacked standing to file the motion in the first place. Article III standing "is not to be placed in the hands of concerned bystanders, who will use it simply as a vehicle for the vindication of value interests." *Hollingsworth v. Perry*, 570 U.S. 693, 707 (2013) (citation modified). If the Former Judges wanted to participate in the litigation, they should've

used the proper mechanism, intervention. *See* Fed. R. Civ. P. 24. They didn't, of course, because they lack a "right" or even an "interest" in the matter. *See id.*

With no legitimate basis to file a motion in the matter, the Former Judges turned to a foreclosed theory of Rule 60. Rule 60(b) allows a court to relieve "a party or its legal representative" from a judgment in certain specified situations. Fed. R. Civ. P. 60(b). The Former Judges pointed to *Kem*, which says that "barring extraordinary circumstances . . . a non-party only has standing to raise a challenge of fraud on the court [under Rule 60] if the nonparty's interests are directly affected by the final judgment." 817 F.2d at 1521. This settled and closed case, according to the Former Judges, presented those "extraordinary circumstances." DE63 at 1. But *Kem* stands for no such thing. In *Kem*, this Court affirmed the denial of a nonparty's motion to reopen *because* the nonparty wasn't affected by the final judgment. *Id.* The Former Judges find themselves in precisely the same boat as *Kem*'s nonparty interloper—unaffected by the dismissal. And other than conspiratorial speculation, they never articulated the "extraordinary circumstances" that distinguish their actions from the nonparty in *Kem*. So *Kem*—far from helping them—forecloses

their attempt to participate.

The district court erred not only by failing to deny the Former Judges' motion, but also by ordering the parties to respond.

## II. The district court's July 13 Order was wrong on procedure and substance.

After erroneously indulging the Former Judges' efforts to reopen the case, the district court transformed the motion's requested relief into a vehicle to order sanctions. In so doing, the district court made two reversible procedural errors. First, its May 29 Order wasn't a sufficient show-cause order under Fed. R. Civ. P. Rule 11(c)(3). Second, the May 29 Order failed to specifically describe the sanctionable conduct in which Plaintiffs allegedly engaged, which foreclosed Plaintiffs' opportunity to respond and defend that conduct. Substantively, the July 13 Order concluded that Plaintiffs acted with an improper purpose by taking a position on a hitherto untested question of justiciability. In reaching that conclusion, the district court abused its discretion.

### A. The district court made two reversible procedural errors.

Before imposing sanctions on its own initiative, a court should "order a "party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). So too must a court

when it relies on its inherent authority. It "must afford the sanctioned party due process, both in determining that the requisite bad faith exists and in assessing fees." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). In short, a district court must issue a show-cause order and specifically describe the potentially sanctionable conduct. The district court skipped both steps.

***1. The district court never issued a show-cause order.***

The district court's May 29 Order required Plaintiffs to "file a response to the [Former Judges'] Motion." DE65 at 3. But it never used the words "show cause" or an equivalent. Plaintiffs reasonably interpreted the May 29 Order to mean what it said: respond to the Former Judges' motion, specifically addressing (1) the allegations of collusion and lack of adversity; (2) whether the dismissal was the product of party deception; and (3) whether the case should be reopened. *Id.* Whether those three topics fit within Rule 11(b)'s categories poses an interesting question for another day. What's clear is the district court ordered Plaintiffs to *respond* to the nonparty Former Judges' "grievous allegations." DE65 at 3. It never demanded that Plaintiffs show cause why they "ha[d] not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). And why only Plaintiffs? It

takes two to collude. If the district court believed it was issuing a show-cause order, why weren't the Defendants ordered to respond? In the end, the district court sanctioned only Plaintiffs for collusive conduct, yet more proof that the district court acted far outside the Rules' confines.

The district court's defense of its conduct below relied on excuses—this case presents "unusual circumstances"; the Eleventh Circuit applies a "flexible standard" when judging the adequacy of a show-cause order; "in many cases substantial compliance may suffice." DE130 at 9 (quotations omitted). But the district court's actions fail even relaxed standards. District courts in this Circuit must at least demonstrate "substantial compliance" with Rule 11. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1257 (11th Cir. 2003). Under that standard, a show-cause order—an *actual* show-cause order—must "avoid misunderstanding" and "should be made a part of the record." *Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987) (en banc). Here, the district flunked the "substantial compliance" test.

The May 29 Order obliquely referenced Rule 11 and its ability to "investigate serious misconduct." But it never ordered Plaintiffs to "show cause," and no such directive is apparent in the record. Neither the

district court nor any party has cited any authority that a district court which never instructs a party orally or in writing to "show cause" has substantially complied with Rule 11. After all, how could a court that *never* instructs a party to show cause substantially comply with a rule only triggered when the court "order[s]" a party "to show cause." Fed. R. Civ. P. 11(c)(3).

### ***2. The district court did not outline the specific conduct that formed the basis of its July 13 Order.***

Rule 11 requires a district court considering sanctions to "specifically describe[]" conduct that it believes may be sanctionable. *Id.* And when, as here, the conduct involves "questions of whether an attorney . . . [filed] a pleading, motion, or other paper for an improper purpose," due process "may require more specific notice of the reasons for contemplating sanctions." *Donaldson*, 819 F.2d at 1560. "Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why." *Mroz*, 65 F.3d at 1575. When a district court uses its inherent authority, it must also "make a finding that the sanctioned party acted with subjective bad faith." *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018).

The district court's July 13 Order did not specifically describe the

conduct that was sanctionable. Instead, its meandering 56-page July 13 Order discusses a whole host of conduct that was never discussed in the prior order: from the President's control of "key individuals acting on behalf of Defendants," DE106 at 19, to the President's executive orders, *id.* at 21. The district court even devoted an entire section of its July 13 Order to *Defendants' collusive conduct*. *Id.* at 27–38.

Basing a sanctions order on conduct not described in the show-cause order is an abuse of discretion. In *Kaplan*, the district court had made known that it was considering sanctions, ordered the attorney to show cause why *a specific motion* did not violate Rule 11, and then later issued a sanctions order based on that motion *and other motions* the attorney had filed. 331 F.3d at 1254–57. The Eleventh Circuit reversed, explaining that when the district court shifted its focus from one motion to several, that was "a material variance" between the court's notice and the sanction, and "[t]hose procedural grounds alone warrant appellate relief. *Id.* at 1257.

The variance between the May 29 Order and the July 13 Order was far more material than the variance in *Kaplan*. In *Kaplan* the district court based its sanctions order on a frivolous filing it mentioned in its

show-cause order plus other conduct not mentioned in the show-cause order. Here, the district court sanctioned some Plaintiffs without first describing specific sanctionable conduct. For example, the district court sanctioned Plaintiff Eric Trump, without specifying a single sanctionable act; and worse, without giving him a chance to justify that act. The district court therefore had no basis to conclude Eric Trump possessed subjective bad faith. That guilt-by-association approach is the antithesis of due process. *See, e.g.*, *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 920 (1982) ("Civil liability may not be imposed merely because an individual belonged to a group . . . ."). Even when—unlike here—there are strong indicia of wrongdoing, a sanctions order may require reversal if it doesn't adequately address the question of "who to sanction." *Mroz*, 65 F.3d at 1576. Due process may also require "an evidentiary hearing to determine if these parties acted in bad faith." *Id.*

The district court didn't describe the specific conduct of any party in this case or allow them to defend that specific conduct. Most Plaintiffs learned what they were accused of for the first time when reading it in the July 13 Order. Other Plaintiffs, like Eric Trump, are still waiting to find out. Whatever process the district court observed, it wasn't anything

approaching due process. On these grounds, the district court must be reversed.

**B. The July 13 Order was not supported by a sufficient showing of improper purpose or bad faith.**

When a party makes a representation to the court, including filing a pleading, an attorney must certify that "it is not being presented for any improper purpose." Fed. R. Civ. P. 11(b)(1). A court may also sanction a party under its inherent authority. But "[t]he key to unlocking that inherent power is a finding of bad faith." *Sciarretta v. Lincoln Nat. Life Ins. Co.*, 778 F.3d 1205, 1212 (11th Cir. 2015) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).

The Eleventh Circuit has said that an attorney acted with improper purpose when, for example, he failed to make a basic investigation into whether the claims in his papers are without merit. *See Gulisano v. Burlington, Inc.*, 34 F.4th 935, 943 (11th Cir. 2022). The Eleventh Circuit has also said that an attorney acted in bath faith when, for example, he knowingly filed a baseless claim but could not be reached by Rule 11 because he had withdrawn from the suit. *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010). But when "there is scant on-point authority to guide the reasonable lawyer to the conclusion that" his argument "ha[s] no

possible chance of success," a court abuses its discretion by sanctioning him. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003).

This case asked complicated questions about how the President can balance his role as a private citizen and the Attorney General's boss. The district court conceded the novelty of these questions by appointing amici to address the issue of adversity. DE43. Amici—from some nationally regarded law firms—opined that "the adversity inquiry likely cannot be concluded at this time." DE45 at 21. So even though the district court itself was stumped, it had no problem concluding that Plaintiffs' position evinced bad faith and revealed an improper purpose. DE106 at 38, 55, 56. But it ignored the primary relevant authority: *United States v. Nixon*, 418 U.S. 683, 693 (1974). And it didn't make individualized findings about Plaintiffs' conduct. All this when Plaintiffs' principal move in this litigation amounted to the filing of a voluntary dismissal.

No one has ever argued Plaintiffs' filing was frivolous. Nor was it. The crime perpetrated against President Trump undoubtedly allows him to seek compensation. In seeking that compensation, Plaintiffs took a stance on a complicated legal issue. But that cannot be the basis for

sanctions. *See Anderson*, 353 F.3d at 915. Even less so when the "scant-on point authority," *id.*, cuts in favor of the position for which Plaintiffs advocated. *See Nixon*, 418 U.S. at 693.

## CONCLUSION

Once the case closed, the game was over and that should've ended the matter. This Court must vacate the July 13 Order and every order that followed the case's closure. The court erred by countenancing a motion filed after dismissal by nonparties who lacked standing; it erred when it failed to issue a show cause order; it erred by failing to identify the specific party conduct it was probing; and it abused its discretion by sanctioning the parties without identifying what those parties did wrong. Usually, that many errors lands you on the bench. Fittingly, that's precisely where the district court rightfully belongs.

Dated: October 5, 2026

Respectfully submitted,

JAMES UTHMEIER
*Attorney General*

DAVID M.S. DEWHIRST
*Solicitor General*

*/s/ Jason J. Muehlhoff*
JASON J. MUEHLHOFF
*Chief Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*Jason.Muehlhoff@myfloridalegal.com*
*Jenna.Hodges@myfloridalegal.com*

*Counsel for Amici States*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limits of Federal Rule of Appellate Procedure 29(a)(5) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains less than 6,500 words.

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Jason J. Muehlhoff*
Chief Deputy Solicitor General

## CERTIFICATE OF SERVICE

I certify that on October 5, 2026, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Jason J. Muehlhoff*
Chief Deputy Solicitor General

## ADDITIONAL SIGNATORIES

STEVE MARSHALL
Attorney General
State of Alabama

THEODORE E. ROKITA
Attorney General
State of Indiana

BRENNA BIRD
Attorney General
State of Iowa

LIZ MURRILL
Attorney General
State of Louisiana

LYNN FITCH
Attorney General
State of Mississippi

MICHAEL T. HILGERS
Attorney General
State of Nebraska

ALAN WILSON
Attorney General
State of South Carolina

MARTY JACKLEY
Attorney General
State of South Dakota

KEN PAXTON
Attorney General
State of Texas