NO. 26-12692

IN THE

# United States Court of Appeals for the Eleventh Circuit

PRESIDENT DONALD J. TRUMP, DONALD J. TRUMP JR., ERIC TRUMP, THE TRUMP ORGANIZATION, LLC,

*Plaintiffs-Appellants, Cross-Appellees*,

ALEJANDRO BRITO, DANIEL EPSTEIN,

*Interested Parties-Appellants, Cross-Appellees*,

v.

INTERNAL REVENUE SERVICE, U.S. DEPARTMENT OF THE TREASURY,

*Defendants-Appellees, Cross-Appellants*,

THIRTY-FIVE FORMER FEDERAL JUDGES,

*Interested Parties-Appellees.*

On Appeal from the United States District Court for the Southern District of Florida, Case No. 1:26-CV-20609, District Judge Kathleen M. Williams

**APPELLANTS' RESPONSE IN OPPOSITION TO MOTION TO ALTER BRIEFING SCHEDULE / TO FILE BRIEF BY THIRTY-FIVE FORMER FEDERAL JUDGES**

*(Counsel's Information on Inside Cover)*

Christopher G. Oprison
Tal Aburos
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
(305) 423-8522
chris.oprison@dlapiper.com
tal.aburos@dlapiper.com

Rachel A.H. Horton
DLA PIPER LLP (US)
1650 Market Street
Suite 5000
Philadelphia, PA 19103
(215) 656-3300
rachel.horton@dlapiper.com

Josh Halpern
JH Legal PLLC
1100 H Street NW, Suite 840
Washington, DC 20005
(610) 405-5531
jhalpern@jhlegalpllc.com

*Counsel for Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rules 26.1 and 28(a)(1) of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, counsel for Appellants hereby certify on behalf of Appellants that the Certificate of Interested Persons filed on August 31, 2026, remains correct with the following additions:

1) Bird, Brenna – Attorney General for Amici State of Iowa
2) Dewhirst, David M.S. – Counsel for Amici States in the Court of Appeals
3) Fitch, Lynn – Attorney General for Amici State of Mississippi
4) Forys, Matthew C. – Counsel for Amicus Landmark Legal Foundation
5) Hilgers, Michael – Attorney General for Amici State of Nebraska
6) Hutchison, Richard P. – Counsel for Amicus Landmark Legal Foundation
7) Jackley, Marty – Attorney General for Amici State of South Dakota
8) Landmark Legal Foundation – Amicus in the Court of Appeals
9) Marshall, Steve – Attorney General for Amici State of Alabama
10) Mills, Christopher – Counsel for Amicus America First Legal Foundation
11) Muehlhoff, Jason J. – Counsel for Amici States in the Court of Appeals
12) Murrill, Liz – Attorney General for Amici State of Louisiana
13) O’Neill, Michael J. – Counsel for Amicus Landmark Legal Foundation
14) Paxton, Ken – Attorney General for Amici State of Texas
15) Rokita, Theodore – Attorney General for Amici State of Indiana

16) Spero Law LLC – Counsel for Amicus America First Legal Foundation
17) State of Alabama – Amici in the Court of Appeals
18) State of Florida – Amici in the Court of Appeals
19) State of Indiana – Amici in the Court of Appeals
20) State of Iowa – Amici in the Court of Appeals
21) State of Louisiana – Amici in the Court of Appeals
22) State of Mississippi – Amici in the Court of Appeals
23) State of Nebraska – Amici in the Court of Appeals
24) State of South Carolina – Amici in the Court of Appeals
25) State of South Dakota – Amici in the Court of Appeals
26) State of Texas – Amici in the Court of Appeals
27) Uthmeier, James – Counsel for Amici States in the Court of Appeals
28) Wilson, Alan – Attorney General for Amici State of South Carolina

*/s/ Christopher G. Oprison*
Christopher G. Oprison

October 19, 2026

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ....................C-1

TABLE OF CITATIONS .................... iv

INTRODUCTION ....................1

BACKGROUND ....................2

ARGUMENT ....................3

I. The Former Judges Have Not Shown Good Cause to Delay the Parties' Agreed Briefing Schedule. ....................3

II. The Former Judges' Requested Delay Would Prolong the Continuing Consequences of the Erroneous Sanctions Order Without Any Countervailing Need ....................6

CONCLUSION ....................7

# TABLE OF CITATIONS

**Page(s)**

## Cases

*Glassroth v. Moore*,
347 F.3d 916 (11th Cir. 2003) ....................5

*Hollingsworth v. Perry*,
570 U.S. 693 (2013)....................5

*Kinsale Ins. Co. v. Pride of St. Lucie Lodge 1189, Inc.*,
135 F.4th 961 (11th Cir. 2025) ....................5

*Kirkland v. Nat'l Mortg. Network, Inc.*,
884 F.2d 1367 (11th Cir. 1989) ....................7

*Mahmoud v. Taylor*,
606 U.S. 522 (2025)....................6

*Nuclear Regul. Comm'n v. Texas*,
605 U.S. 665 (2025)....................5

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
581 U.S. 433 (2017)....................4

*United States v. Delia*,
925 F.2d 574 (2d Cir. 1991) ....................4, 5

*United States v. Michigan*,
940 F.2d 143 (6th Cir. 1991) ....................5

*United States v. Raimondi*,
760 F.2d 460 (2d Cir. 1985) ....................4, 5

## Constitutional Provision and Rules

11th Cir. R. 31-2 ....................4

Fed. R. App. P. 26(b) ....................4

Fed. R. App. P. 29(a)(6)....................4, 5

U.S. Const., First Amendment ........................................................................6

**Other Authorities**

*Florida Bar Opens Disciplinary Probe Into Trump's Attorney*, LAW.COM (July 23, 2026), https://www.law.com/dailybusinessreview/2026/07/23/florida-bar-opens-disciplinary-probe-into-trumps ........................................................6

Katherine Shaw, *Friends of the Court: Evaluating the Supreme Court's Amicus Invitations*, 101 Cornell L. Rev. 1533 (2016) ............................4

*Take Administrative Leave*, PantherNOW (Oct. 15, 2026), https://panthernow.com/2026/10/15/fiu-faculty-senate-urges-interim-law-dean-daniel-z-epstein-to-take-administrative-leave/ ........................6

## INTRODUCTION

Appellants/Cross-Appellees President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein ("Appellants") oppose all relief sought by the Thirty-Five Former Federal Judges ("Former Judges") in their Motion to Alter Briefing Schedule ("Motion"). The Former Judges misrepresent Appellants' position. For the avoidance of any doubt, Appellants object to the Former Judges' gratuitous intrusion into this matter, and to their filing *any* brief, much less a party-centric responsive brief. They are interlopers with no discernible, non-politicized interest in this case. If permitted to participate, which they should not be, the Former Judges are, at best, *amici*. They are not entitled to the party status, special treatment, or priority accommodations that their Motion demands.

The actual Parties are prepared to proceed under an agreed on briefing schedule. Appellants and Appellees/Cross-Appellants Internal Revenue Service and U.S. Department of the Treasury ("Appellees") have agreed, albeit reluctantly, to a schedule that, with this Court's permission, would allow the Former Judges ***37 days*** to respond to Appellants' opening brief and ***7 days*** to address Appellees' brief. Dissatisfied, the Former Judges now seek special treatment once again, ludicrously demanding ***70 days*** and ***40 days***, respectively, without identifying any rule, order, or compelling need establishing good cause.

That the lower court erroneously granted special, preferential status to the Former Judges is irrelevant here. The district court's error should not be validated by the erroneous, ministerial act of a higher court. Such a ministerial act cannot transform a nonparty into a party, or vest a nonparty with special rights decidedly at odds with applicable rules and this Court's standing order.

For the reasons stated herein, the Court should deny the Motion and decline to delay the Parties' briefing schedule for the benefit of nonparties. If the Court nevertheless permits the Former Judges to file a brief, which should not be permitted, it should be due no later than November 4. *See* Appeal.Doc.79 at 5.

## BACKGROUND

Appellants commenced the underlying action on January 29, 2026, and voluntarily dismissed it with prejudice on May 18, 2026. Doc.1; Appeal.Doc.67 at 12.[1] Nine days later, the Former Judges moved under Rule 60 to improperly reopen the case, alleging fraud on the court, or, alternatively, seeking leave to appear as *amici*. Doc.63; Appeal.Doc.67 at 13. The district court then entered its erroneous, unprecedented 56-page Sanctions Order that is challenged in this appeal. Doc.106; Appeal.Doc.67 at 13-15.

---

[1] Appeal.Doc.# refers to this Court's docket entries, and the black footer page numbers are cited. Doc.# refers to district court docket entries, with page references to the blue header generated by the filing system.

On July 31, 2026, Appellants appealed, identifying the Government, but not the Former Judges, as Defendants. Doc.113. After the Government cross-appealed, this Court set October 28 for Appellees' principal brief. Appeal.Doc.60 at 1. Appellants and Appellees reluctantly agreed that any brief filed by the Former Judges should be due November 4—37 days after Appellants' opening brief and 7 days after Appellees' principal brief is due—followed by Appellants' reply on December 4 and Appellees' reply on December 18. Appeal.Doc.79 at 5.

On October 8, 2026, the Former Judges filed the instant Motion. Former government officials John Koskinen, Kathryn Keneally, Nina Olson, Gilbert Rothenberg, and public-interest organizations Common Cause and Project On Government Oversight ("Proposed Intervenors") purport to join the Motion, although their intervention motion remains pending. Appeal.Doc.79 at 2; Appeal.Doc.21-1. Appellants have *never* agreed that either group is entitled to file a response brief. The Motion nevertheless wrongly seeks party-style briefing for both groups, requesting until December 7 for their brief and until January 18 for the Parties' replies. Appeal.Doc.79 at 5.

## ARGUMENT

### I. The Former Judges Have Not Shown Good Cause to Delay the Parties' Agreed Briefing Schedule.

Appellants and Appellees—the actual Parties to this appeal—are prepared to proceed under a briefing schedule that they have agreed upon. The Former Judges,

by contrast, are nonparties improperly seeking an extraordinary extension available only for "good cause." 11th Cir. R. 31-2; Fed. R. App. P. 26(b); *see also* Fed. R. App. P. 29(a)(6). The good-cause standard is "rigorous," and requires a "compelling" need. *United States v. Delia*, 925 F.2d 574, 575 (2d Cir. 1991). Routine professional burdens do not suffice. *United States v. Raimondi*, 760 F.2d 460, 462 (2d Cir. 1985). The Former Judges fail that rigorous standard for several independent reasons.

*First*, the Former Judges are nonparties, and their designation on the appellate docket does not alter that status. The district court itself treated both the Former Judges and the Proposed Intervenors as *amici*, wrongly inviting the Former Judges to improperly seek fees as *amici*, and describing the Proposed Intervenors as "initial *amici*." Doc.106 at 53. Neither a mistaken docket designation nor the need for briefing on a particular position transforms *amici* into parties; courts may appoint *amici* for that purpose without conferring party status. *See* Katherine Shaw, *Friends of the Court: Evaluating the Supreme Court's Amicus Invitations*, 101 Cornell L. Rev. 1533, 1565-68 (2016).

*Second*, the Former Judges lack standing to defend the erroneous Sanctions Order as parties. They have no concrete, particularized stake in the dispute, and their designation as "Interested Parties-Appellees" cannot manufacture Article III standing. Doc.121 at 8-9; *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S.

433, 439 (2017); *Hollingsworth v. Perry*, 570 U.S. 693, 705-07 (2013); *see also* Appeal.Doc.72 at 5-8. Nor does a derivative interest in potential fees entitle them to defend relief no actual party seeks to preserve. *See* Doc.121 at 8-9.

*Third*, *amici* cannot control the litigation or dictate the Parties' briefing schedule to accommodate their preferred filing date. Doc.116 at 4-6; *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 674-78 (2025); *Glassroth v. Moore*, 347 F.3d 916, 919 (11th Cir. 2003). They likewise may not initiate proceedings or assume control of the litigation. Doc.121 at 8-9; *see* Appeal.Doc.67 at 57-59; *see also United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

*Finally*, even assuming the Former Judges may file a brief, which they should not be allowed to do, neither Rule 29 nor the Motion justifies their extraordinary extension. Rule 29 provides that "[a]n amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed." Fed. R. App. P. 29(a)(6). That language is "unambiguous and mandatory." *Kinsale Ins. Co. v. Pride of St. Lucie Lodge 1189, Inc.*, 135 F.4th 961, 976 n.4 (11th Cir. 2025).

The November 4 deadline already affords the Former Judges 37 days to respond to Appellants' opening brief and 7 days to address Appellees' arguments. Anticipated professional obligations do not justify any further delay. *See Delia*, 925 F.2d at 575; *Raimondi*, 760 F.2d at 461; Appeal.Doc.79 at 6-7. Additionally, if the

Parties are truly aligned (which they are not), as the Former Judges contend, there is even less reason to give nonparties until December 7 to respond—more than double the time afforded Appellees. Appeal.Doc.79 at 6-7. The Proposed Intervenors' pending intervention motion puts them on still weaker footing, and they offer no independent good cause. *Id.* at 2.

## II. The Former Judges' Requested Delay Would Prolong the Continuing Consequences of the Erroneous Sanctions Order Without Any Countervailing Need.

The requested extension ignores the cost of delay. The flawed Sanctions Order remains operative, including its unconstitutional injunction restricting the Parties and their affiliates from referring to the Settlement Agreement or invoking it in official proceedings as evidence that this case settled. Appeal.Doc.67 at 46-55. Even temporary loss of First Amendment freedoms constitutes irreparable injury. *Id.*; *see Mahmoud v. Taylor*, 606 U.S. 522, 569 (2025).

The erroneous, unprecedented Sanctions Order likewise continues to inflict serious professional consequences. Appeal.Doc.67 at 4, 55-57. Mr. Brito remains subject to the Florida Bar referral, and Mr. Epstein remains barred for one year from seeking *pro hac vice* admission throughout the Southern District of Florida.[2] *Id.*

[2] *See* David Brown, *FIU Faculty Senate Urges Interim Law Dean Daniel Z. Epstein to Take Administrative Leave*, PantherNOW (Oct. 15, 2026), https://panthernow.com/2026/10/15/fiu-faculty-senate-urges-interim-law-dean-daniel-z-epstein-to-take-administrative-leave/; *see also* Annie Mayne, *Florida Bar*

(citing *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1370 (11th Cir. 1989)). The Former Judges' briefing schedule threatens to further push out this Court's review and run out the clock on Mr. Epstein's *pro hac vice* ban. The Court need not reach the merits to recognize the real cost of prolonging these sanctions.

The Former Judges identify no countervailing need remotely sufficient to justify that unjust result. Their reliance on the absence of a motion to expedite misses the point. Appeal.Doc.79 at 6. Appellants do not seek to compress the Court's schedule; they ask only that nonparties not wrongly prolong the appeal—and the continuing consequences of the erroneous Sanctions Order—for their own convenience.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court deny the Motion in its entirety or, alternatively, require the Former Judges to file any permitted brief no later than November 4, 2026. Any participation by the Proposed Intervenors should be limited to joining that brief.

---

*Opens Disciplinary Probe Into Trump's Attorney*, LAW.COM (July 23, 2026), https://www.law.com/dailybusinessreview/2026/07/23/florida-bar-opens-disciplinary-probe-into-trumps -attorney/.

October 19, 2026

Respectfully submitted,

*<u>/s/ Christopher G. Oprison</u>*
Christopher G. Oprison
Tal Aburos
DLA PIPER LLP (US)
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131
Telephone: (305) 423-8522
chris.oprison@dlapiper.com
tal.aburos@dlapiper.com

Rachel A.H. Horton
DLA Piper LLP (US)
1650 Market St., Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
rachel.horton@dlapiper.com

Josh Halpern
JH Legal PLLC
1100 H Street NW, Suite 840
Washington, DC 20005
Telephone: (610) 405-5531
jhalpern@jhlegalpllc.com

*Counsel for Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I hereby certify, on this 19th day of October 2026, that this brief complies with the Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:

1. This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4, this brief contains 1,524 words.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft 365 in 14-point Times New Roman.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

October 19, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2026, I caused the foregoing document to be electronically filed using the Court's CM/ECF system, which will send notification of such filing to all current counsel of record.

*/s/ Christopher G. Oprison*
Christopher G. Oprison

October 19, 2026