No. 26-12692

In The

# United States Court of Appeals for the Eleventh Circuit

---

PRESIDENT DONALD J. TRUMP; DONALD TRUMP JR.; ERIC TRUMP; and THE TRUMP ORGANIZATION, LLC
*Plaintiffs-Appellants*,

ALEJANDRO BRITO and DANIEL EPSTEIN,
*Interested Parties-Appellants*,

v.

INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY,
*Defendants-Appellees*,

THIRTY-FIVE FORMER FEDERAL JUDGES,
*Interested Parties-Appellees*.

---

On Appeal from the United States District Court for the Southern District of Florida, No. 1:26-cv-20609 (Hon. Kathleen M. Williams)

---

**BRIEF OF LANDMARK LEGAL FOUNDATION AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS**

*(Counsel Information on Inside Cover)*

Richard P. Hutchison
*Counsel of Record*
Landmark Legal Foundation
2405 Grand Blvd.
Suite 420
Kansas City, MO 64108
(816) 931-5559
pete.hutch@landmarklegal.org

Michael J. O'Neill*
Matthew C. Forys*
Landmark Legal Foundation
19415 Deerfield Ave.
Suite 312
Leesburg, VA 20176
(703) 554-6105
mike@landmarklegal.org
matt@landmarklegal.org

**Not admitted in this Circuit*

*Counsel for Amicus Curiae Landmark Legal Foundation*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rules 26.1-1 through 26.1-3 and 27-1(a)(5), counsel for Landmark Legal Foundation as *Amicus Curiae* certify as follows: Landmark Legal Foundation has no parent entity and no entity has a greater than 10 percent ownership interest in Landmark Legal Foundation. Landmark Legal Foundation is a 501(c)(3) nonprofit organization dedicated to promoting originalist interpretation of the Constitution, limited government, and the rule of law.

*Amicus* certifies that the listed persons and entities have an interest in the outcome of this case:

1) Aburos, Tal – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein
2) Biazzo, Corey J. – *Pro se* Amicus in the District Court
3) Bingham, Lauren C. – Counsel for Amicus in the District Court CREW
4) Bissell, Retired Chief Judge John W. – Appellee and Amicus in the District Court
5) Blanche, Todd – Attorney General, U.S. Department of Justice
6) Boisture, Pooja A. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

7) Bonta, Rob – Amicus, Attorney General of California, Lead Signatory for Twenty-Three State Attorneys General Amici

8) Bradley, Conor – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

9) Bridgman, Glenn – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

10) Brito, Alejandro – Appellant and Council for Plaintiffs in the District Court

11) Brito, PLLC – Counsel for Plaintiffs-Appellants

12) Brook, Davida – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

13) Brown, Retired Judge Geraldine Soat – Appellee and Amicus in the District Court

14) Cai, Angela – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

15) Carullo, Nick – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

16) Castillo, Retired Chief Judge Rubén – Appellee and Amicus in the District Court

17) Citizens for Responsibility and Ethics in Washington (CREW) - Amicus in the District Court

18) Clemon, Retired Chief Judge U.W. – Appellee and Amicus in the District Court

19) Common Cause – Amicus in the District Court

20) Corp, Ian Michael – Counsel for Plaintiffs-Appellants

21) Cox, Retired Judge Susan E. – Appellee and Amicus in the District Court

22) Debevoise & Plimpton LLP – Counsel for Amicus in the District Court

23) Democracy Defenders Action – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

24) Democracy Forward Foundation – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

25) Denlow, Retired Judge Morton – Appellee and Amicus in the District Court

26) DLA Piper LLP (US) – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

27) Dow, Randy R. – Counsel for Amici in the District Court Twenty-Three State Attorneys General

28) Duncan, Retired Judge David K. – Appellee and Amicus in the District Court

29) Eisen, Norman L. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

30) Epstein & Co. LLC – Counsel for Plaintiffs-Appellants

31) Epstein, Daniel Z. – Appellant and Counsel for Plaintiffs in the District Court

32) Farchadi, Kayvan A. – Counsel for Amicus in the District Court CREW

33) Finnegan, Retired Chief Judge Sheila – Appellee and Amicus in the District Court

34) Fogel, Retired Judge Jeremy – Appellee and Amicus in the District Court

35) Francis IV, Retired Judge James C. – Appellee and Amicus in the District Court

36) Gay, Faith E. – Amicus in the District Court

37) Gelber Schachter & Greenberg, P.A. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

38) Gertner, Retired Judge Nancy – Appellee and Amicus in the District Court

39) Gleeson, John – Amicus in the District Court

40) Gold, Retired Judge Steven M. – Appellee and Amicus in the District Court

41) Goldgar, Retired Judge A. Benjamin – Appellee and Amicus in the District Court

42) Green, Nicholas R. – Counsel for Amici in the District Court Twenty-Three State Attorneys General

43) Greenberg, Gerald E. – Counsel for Amici in the District Court, Former Government Officials & Public Interest Organizations

44) Grimm, Retired Judge Paul W. – Appellee and Amicus in the District Court

45) Haier, Aaron E. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

46) Halpern, Josh – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

47) Hamilton, Gene – Counsel for Amicus Curiae America First Legal

48) Henderson, Retired Judge Thelton – Appellee and Amicus in the District Court

49) Henry, Retired Chief Judge Robert Harlan – Appellee and Amicus in the District Court

50) Hewitt, Jillian – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

51) Holwell, Retired Judge Richard J. – Appellee and Amicus in the District Court

52) Horton, Rachel A.H. – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

53) Hoshijima, Tsuki – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

54) Huvelle, Retired Judge Ellen Segal – Appellee and Amicus in the District Court

55) Internal Revenue Service – Defendant

56) Jasrasaria, Jyoti – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

57) JH Legal PLLC – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald J. Trump, Donald Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

58) Jonas, Stephen A. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

59) Jones III, Retired Judge John E. – Appellee and Amicus in the District Court

60) Joshi, Nandan – Counsel for Amicus in the District Court Public Citizen

61) Keneally, Kathryn – Amicus in the District Court

62) Khan, Ayesha – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

63) Kirn, Harald H. – Counsel for Amici in the District Court Twenty-Three State Attorneys General

64) Klugh, Richard C. – Counsel for Plaintiffs-Appellants

65) Koskinen, John – Amicus in the District Court

66) Lett, Hon. Enjoliqué A. – U.S. Magistrate Judge

67) Liao, Cynthia – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

68) Luttig, Retired Judge Michael – Appellee and Amicus in the District Court

69) Lynn, Retired Judge Barbara M.G. – Appellee and Amicus in the District Court

70) Mann, Retired Judge Roanne L. – Appellee and Amicus in the District Court

71) Manne, Neal S. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

72) Matz, Retired Judge A. Howard – Appellee and Amicus in the District Court

73) Michel, Retired Chief Judge Paul – Appellee and Amicus in the District Court

74) Milelli, Rosario – Nonparty

75) Munger Tolles & Olson LLP – Counsel for Amicus in the District Court

76) Nelson, Justin A. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

77) Newman, Lisa – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

78) O'Malley, Retired Judge Kathleen – Appellee and Amicus in the District Court

79) O'Neil, David A. – Amicus in the District Court

80) Ogden, David W. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

81) Olson, Nina – Amicus in the District Court

82) Oprison, Christopher G. – Counsel for Plaintiffs-Appellants President Donald J. Trump, Donald Trump Jr., Eric Trump, The Trump Organization, LLC, Alejandro Brito, and Daniel Epstein

83) Owsley, Retired Judge Brian – Appellee and Amicus in the District Court

84) Perryman, Skye L. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

85) Platkin LLP – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

86) Platkin, Matthew J. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

87) Pro, Retired Judge Philip M. – Appellee and Amicus in the District Court

88) Project On Government Oversight – Amicus in the District Court

89) Public Citizen – Amicus in the District Court

90) Ramanathan, Ravi – Counsel Appellees Retired Judges Michael Luttig and Nancy Gertner, and Amici in the District Court 93 Members of the U.S. House of Representatives

91) Rennie, Russell – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

92) Rivero Mestre LLP – Counsel for Appellees Thirty-Five Former Federal Judges, and Amici in the District Court 93 Members of the U.S. House of Representatives

93) Rivero, Andrés – Counsel for Appellees Thirty-Five Former Federal Judges, and Amici in the District Court 93 Members of the U.S. House of Representatives

94) Roberts, Retired Judge Victoria A. – Appellee and Amicus in the District Court

95) Rothenberg, Gilbert – Amicus in the District Court

96) Savage, Zach – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

97) Scheindlin, Retired Judge Shira A. – Appellee and Amicus in the District Court

98) Selendy Gay PLLC – Counsel for Amicus in the District Court

99) Selendy, Philippe Z. – Amicus in the District Court

100) Shackelford, Jr., Stephen – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

101) Sheehan, Daniel C. – Counsel for Amici in the District Court Twenty-Three State Attorneys General

102) Shih, Daniel J. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

103) Smith, Retired Judge Fern M. – Appellee and Amicus in the District Court

104) Stephens III, Glenn – Requested Intervenor in District Court

105) Stoughton, Corey – Amicus in the District Court

106) Sus, Nikhel S. – Counsel for Amicus in the District Court CREW

107) Susman Godfrey L.L.P. – Counsel for Appellees Retired Judges Michael Luttig and Nancy Gertner

108) Tenjido-Eljaiek, Daniela – Counsel for Appellees Thirty-Five Former Federal Judges, and Amici in the District Court 93 Members of the U.S. House of Representatives

109) The Trump Organization, LLC – Plaintiff-Appellant

110) Thurston, Robin F. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

111) Tinder, Retired Judge John D. – Appellee and Amicus in the District Court

112) Trump Jr., Donald J. – Plaintiff-Appellant

113) Trump, Eric – Plaintiff-Appellant

114) Trump, President Donald J. – Plaintiff-Appellant

115) Ungaro, Retired Judge Ursula – Appellee and Amicus in the District Court

116) United States Department of the Treasury – Defendant

117) Verrilli, Jr., Donald B. – Amicus in the District Court

118) Walsh, Daniel R. – Counsel for Amici in the District Court Former Government Officials & Public Interest Organizations

119) Ward, Retired Judge T. John – Appellee and Amicus in the District Court

120) Williams, Hon. Kathleen M. – U.S. District Judge

121) Wolf, Retired Judge Mark L. – Appellee and Amicus in the District Court

122) Woodward, Jr., Stanley E. – Associate Attorney General, U.S. Department of Justice

123) Yeakel, Retired Judge Lee – Appellee and Amicus in the District Court

In addition to these persons and entities, the following listed persons and entities also have an interest in the outcome of this case:

1) Landmark Legal Foundation – Amicus Curiae
2) Forys, Matthew C. – Counsel for Amicus Curiae Landmark Legal Foundation
3) Hutchison, Richard P. – Counsel for Amicus Curiae Landmark Legal Foundation

4) O'Neill, Michael J. – Counsel for Amicus Curiae Landmark Legal Foundation

Dated: October 6, 2026

*/s/ Richard P. Hutchison*
Richard P. Hutchison
*Counsel for Amicus Curiae*

# TABLE OF CONTENTS


CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........ C1-1

TABLE OF AUTHORITIES ........ i

TABLE OF CITATIONS ........ ii

INTEREST OF *AMICUS CURIAE* ........ 1

INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1

ARGUMENT ........ 3

A. The Fifth Amendment's due process standards obligate courts to afford attorneys notice and a reasonable opportunity to respond before imposing sanctions ........ 3

B. The May 29 Order does not provide sufficient notice under Rule 11 ........ 7

C. Courts distinguish between parties and attorneys when notifying litigants of Rule 11 sanctions ........ 10

D. The district court has issued show cause directives in cases where it imposed Rule 11 sanctions on attorneys and parties ........ 12

CONCLUSION ........ 13

CERTIFICATE OF COMPLIANCE ........ 15

CERTIFICATE OF SERVICE ........ 16

# TABLE OF AUTHORITIES

## Cases

*Simmerman v. Corino*, 27 F.3d 58 (3d Cir. 1994) ....................................................10
*Armstrong v. Manzo*, 380 U.S. 545 (1965) ....................................................5
*Blutrich Holdings, Inc. v. Ten Museum Park Residential Condominium Assoc. Inc.*, No. 1:21-cv-23913 (S.D. Fla. Nov. 22, 2022). ........................................ 12, 13
*Boddie v. Connecticut*, 401 U.S. 371 (1971)....................................................4
*Danubis Grp., LLC v. Landmark Am. Ins. Co*., 685 Fed. Appx. 792 (11th Cir. 2017) ....................................................5, 10, 11
*Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987)........................................ 4, 6, 7
*Fellheimer, Eichen & Braverman v. Charter Tech.*, 57 F.3d 1215 (3d Cir. 1995).....7
*In re Prudential Ins. Co. Am. Sale Practice Litig. Actions*, 278 F.3d 175 (3d Cir. 2002)....................................................7
*Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251 (11th Cir. 2003) ..........................5
*Mack v. Wakefield Assocs., Inc.*, No. 0:16-cv-61925 (S.D. Fla. Oct. 23, 2017)......13
*Malgeri v. Vitamins Because LLC*, No. 1:19-cv-22702 (S.D. Fla. Feb. 11, 2022) ..12
*Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516 (9th Cir. 1983) ................................6
*Mitchell v. Nobles*, 873 F.3d 869 (11th Cir. 2017)....................................................4
*Mullane v. Cent. Hanover Tr. Co.*, 339 U.S. 306 (1950) ..........................................5
*Tom Growney Equip. v. Shelley Irrigation Dev.*, 834 F.2d 833 (9th Cir. 1987).........6
*Trump v. I.R.S.*, No. 1:26-cv-20609 (S.D. Fla. July 13, 2026)...................................3

## Constitutional Provisions

U.S. Const. amend. V....................................................1, 3
U.S. Const. amend. V, cl. 3 ....................................................2, 4

## Rules

Fed. R. Civ. P. 11 ........................................ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13
Fed. R. Civ. P. 11(b) ....................................................4, 12
Fed. R. Civ. P. 11(b)(2) ....................................................12
Fed. R. Civ. P. 11(c) ....................................................4
Fed. R. Civ. P. 11(c)(3)....................................................4

## Other Authorities

30 Moore's Federal Practice § 807.05 (3d ed. 2026)..........................................5, 7

## INTEREST OF *AMICUS CURIAE*[1]

Landmark Legal Foundation (Landmark) is a national public interest law firm committed to the principles of limited government, separation of powers, federalism, advancing an originalist approach to the Constitution and defending individual rights and responsibilities.

All attorneys are entitled to adequate notice and an opportunity to respond before a court imposes sanctions. This submission argues that the district court failed to provide adequate notice.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Creative arguments and zealous advocacy are crucial aspects of effective legal representation. Courts must afford attorneys a degree of leeway to ensure that the rights of their clients are adequately and effectively protected. Attorneys, however, are obligated to ensure their conduct comports with both long-standing legal and ethical principles as enshrined, in part, in Rule 11 of the Federal Rules of Civil Procedure. When properly invoked, courts have authority to sanction attorneys who violate those principles and submit unfounded or baseless filings. But, like any individual, all attorneys have due process rights protected by the Fifth Amendment.

---

[1] All parties, including interested parties consent to the submission of this brief. No counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. No person other than *Amicus Curiae*, its members or its counsel, made a monetary contribution to its preparation or submission.

Courts must respect those due process rights by providing adequate notice and opportunity to address allegedly questionable conduct.

In this case, the district court issued sanctions, *sua sponte*, on two attorneys without providing those attorneys with adequate notice and opportunity to respond. In short, the district court never issued a specific show-cause directive to the attorneys that would have placed them on notice that they were facing sanctions. And the sanctions issued by the district court are not *de minimis*. In one instance, it suspended an attorney from admission *pro hac vice* in the Southern District of Florida for one year. In the other case, the district court referred the attorney's conduct to the State Bar of Florida.

Upholding the sanctions order in this case means that district courts in this circuit may sanction attorneys and parties without specifically providing a show-cause directive or order. The Fifth Amendment's Due Process Clause, Rule 11, this Circuit's precedent, and even the district court's conduct in other cases involving *sua sponte* sanctions do not support this position.

Respectfully, the Court should vacate the sanctions order as pertains to the individual attorneys for failure to provide adequate notice.

## ARGUMENT

### A. The Fifth Amendment's due process standards obligate courts to afford attorneys notice and a reasonable opportunity to respond before imposing sanctions.

The district court's July 13, 2026, Order (Sanctions Order) issuing Rule 11 attorney sanctions on Mr. Brito and Mr. Epstein is procedurally defective because Mr. Brito and Mr. Epstein were not afforded notice and an opportunity to respond before the court issued sanctions. In the Sanctions Order the district court acknowledges Rule 11's requirement that an initiating court must issue a show-cause order to provide interested parties and attorneys notice and an opportunity to be heard. *Trump v. I.R.S.*, No. 1:26-cv-20609 (S.D. Fla. July 13, 2026), Dkt. No. 106 at 44.[2] But the Sanctions Order does not identify any actual show-cause order previously issued by the district court. A subsequent order dated September 14, 2026, identifies the district court's May 29, 2026, Order as sufficient notice that attorneys faced sanctions. Dkt. No. 130 at 9. The May 29, 2026, Order however, falls short as it contains no show-cause directive. Dkt. No. 65.

The May 29, 2026, Order does not satisfy Rule 11's requirement that attorneys receive adequate notice that the district court intended to levy sanctions. Its operative provisions direct Plaintiffs to:

> [F]ile a response . . . on the matters set forth in [a motion by 35 former federal judges] including (1) the charges of collusion and

[2] Dkt. No. refers to district court docket entries, with page references to the blue header generated by the filing system.

> whether the Parties are truly adverse; (2) the assertion that the dismissal in this case was premised on deception by the Parties; and (3) the question of whether the case should be reopened because the Court was the "victim of fraud."

Dkt. No. 65 at 3. It does not specifically direct Plaintiffs' attorneys to address allegations of improper or unethical conduct, nor does it incorporate show-cause language as to why the court should not issue sanctions. It does not mention Mr. Brito or Mr. Epstein by name. It does mention sanctions in several respects, but it does not identify specific sanctionable conduct on the part of Mr. Brito or Mr. Epstein that would qualify as sufficient notice under Rule 11. Nor does the May 29 Order contain a specific directive for Mr. Brito or Mr. Epstein (or for any other attorney) to show cause as to why the district court should not issue sanctions.

"Attorneys and clients facing possible discipline under Rule 11 have interests qualifying for protection under the Due Process Clause of the Fifth Amendment." *Donaldson v. Clark*, 819 F.2d 1551, 1558 (11th Cir. 1987). And "due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest." *Id.* (citing *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). Whether initiated via motion or *sua sponte*, a court must provide a notice and opportunity to respond before issuing a sanction. Fed. R. Civ. P. 11(c). Generally, notice takes the form of an order to "show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3); *see Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017) ("The Due Process Clause requires notice

and an opportunity to respond before Rule 11 sanctions are imposed"). As court-initiated sanctions do not involve Rule 11's safe harbor provision, an "initiating court must employ (1) a 'show-cause' order to provide notice and an opportunity to be heard; and (2) a higher standard ('akin to contempt') than in the case of party-initiated sanctions." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). Under the "akin to contempt" rationale, *sua sponte* sanctions are to "be reviewed with 'particular stringency.'" *Id.* (internal citations omitted). This Circuit applies a "flexible standard" where "substantial compliance" is enough to satisfy Rule 11's notice and opportunity to be heard requirements. *Id.* at 1257. Substantial compliance, however, still entails providing notice of the possibility that an attorney could be sanctioned and the conduct that would trigger sanctions. *Danubis Grp., LLC v. Landmark Am. Ins. Co*., 685 Fed. Appx. 792, 801 (11th Cir. 2017).

A court is always required to give the sanctioned party warning of the intended sanctions and "an opportunity . . . granted at a meaningful time and in a meaningful manner" and "for [a] hearing appropriate to the nature of the case." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Mullane v. Cent. Hanover Tr. Co.*, 339 U.S. 306, 313 (1950). Failing to do so constitutes an abuse of discretion. 30 Moore's Federal Practice § 807.05 (3d ed. 2026). And, absent extraordinary or exigent circumstances, a subsequent hearing (such as a hearing on a motion to alter or amend a judgment) does not satisfy due process if the initial sanctions were imposed without prior notice

and an opportunity to explain the attorney's conduct. *See Tom Growney Equip. v. Shelley Irrigation Dev.*, 834 F.2d 833, 836 (9th Cir. 1987).

The primary purposes of these procedural requirements are to ensure that:

> (1) [A]ttorneys who are subject to sanctions can prepare a defense and explain their conduct at a hearing; (2) the judge will have time to consider the severity and propriety of the proposed sanction in light of the attorneys' explanation for their conduct; and (3) the facts supporting the sanction will appear in the record facilitating appellate review.

*Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 522-23 (9th Cir. 1983).

Process in Rule 11 cases, "requires an application of familiar principles of due process: the timing and content of the notice and the nature of the hearing will depend upon an evaluation of all the circumstances and an appropriate accommodation of the competing interests involved." *Donaldson*, 819 F.2d at 1558. Under the flexible approach used by this Circuit, factors to consider on whether the "dictates of due process" are followed include "the interests of attorneys and parties in having a specific sanction imposed only when justified [and] the risk of an erroneous imposition of sanctions under the procedures used and the probable value of additional notice and hearing." *Id.* Courts are also to consider "the interests of the court in efficiently monitoring the use of the judicial system and the fiscal and administrative burdens that additional procedural requirements would entail." *Id.* Ensuring adequate due process guarantees "that Rule 11 will not be applied

arbitrarily, that erroneous application of the rule will be minimized, and that creative legal arguments and vigorous advocacy will not be stifled." *Id*.

A moderate monetary sanction may not require a long notice and hearing period while a more severe sanction, such as disbarment, may demand a substantial process. *See* 30 Moore's Federal Practice § 807.05 (3d ed. 2026). The opportunity to be heard is particularly critical when an attorney's "'reputation is at stake,' because sanctions 'act as a symbolic statement about the quality and integrity of an attorney's work'" and can tangibly affect their career. *In re Prudential Ins. Co. Am. Sale Practice Litig. Actions*, 278 F.3d 175, 191 (3d Cir. 2002) (quoting *Fellheimer, Eichen & Braverman v. Charter Tech.*, 57 F.3d 1215, 1227 (3d Cir. 1995)).

**B. The May 29 Order does not provide sufficient notice under Rule 11.**

In its September 14, 2026, Order, the district court concluded that its May 29, 2026, Order provided sufficient notice to the attorneys that it was considering whether to issue Rule 11 sanctions for abuse of the judicial process. Dkt. No. 130 at 9. The district court's July 13 Sanctions Order appears to conclude that its May 29, 2026 Order satisfies Rule 11's notice requirements. Dkt. No. 106 at 44, n. 62. This May 29 Order, however, falls short of satisfying the demands necessary to ensure Mr. Brito and Mr. Epstein were under notice that they were facing sanctions.

While the May 29 Order references and quotes Rule 11, it does not connect specific actions taken by Mr. Brito or Mr. Epstein with sanctionable conduct. The

discussion of Rule 11 sanctions appears primarily focused on conduct of the parties, rather than attorney conduct. For example, the May 29 Order initially notes that "[a] court is empowered to investigate serious misconduct as a collateral issue within the purview of Rule 11 and determine 'whether an attorney has abused the judicial process.'" Dkt. No. 65 at 1 (citations omitted). The district court never appeared to conduct an investigation into nor hold a hearing on purported attorney misconduct. The order does not contain any language ordering Plaintiffs' attorneys to show cause explaining their supposed failure to comport with Rule 11. And the order does not identify conduct undertaken by either Mr. Epstein or Mr. Brito that would be subject to Rule 11 sanctions.

The May 29 Order's directions to the Plaintiffs focus on the conduct of Plaintiffs, not the conduct of attorneys for Plaintiffs. Dkt. No. 65 at 3. The May 29 Order quotes Rule 11's requirement that an attorney not file a pleading for an improper purpose, noting, "a court may impose sanctions on a lawyer 'for advocating a frivolous position, pursuing an unfounded claim, or *filing a lawsuit* for some improper purpose.'" Dkt. No. 65 at 2 (citation omitted) (emphasis in original). The Order then immediately references conduct undertaken by a party—not by counsel for a party, "[a] *party's decision* to file a frivolous lawsuit for the sole purpose of forcing a settlement may qualify as such an improper purpose." Dkt. No. 65 at 2 (citation omitted, emphasis added). The Order continues, "[i]f a *party* files

a lawsuit for an improper purpose 'the court may impose an appropriate sanction on the responsible *party*.'" Dkt. No. 65 at 2 (citation omitted, emphasis added). Thus, the conduct of the parties, rather than the conduct of the attorneys, appears to be the focus of the order. This contention is further supported by the fact that, in its conclusion, the district court directs Plaintiffs to address three distinct issues—none of which involve attorney or party sanctions and two of which involve conduct of the parties, and the third of which is whether the case should be reopened. Dkt. No. 65 at 3.

Plaintiffs' response to the May 29 Order further indicates that attorneys for Plaintiffs never considered the May 29 Order as a show-cause order that would constitute notice that they were facing sanctions. Dkt. No. 89. In their response, Plaintiffs do not address purported attorney misconduct. Instead, Plaintiffs address the district court's lack of authority to issue Rule 11 monetary sanctions a court could impose on parties *sua sponte* after case has been settled or dismissed. Dkt No. 89 at 14. Plaintiffs' response further addresses issues of collusion and whether the case should be reopened—issues that are specified in the district court's order. This response aligns with concerns regarding conduct of the party, not the attorneys, which appears to be the focus of the May 29 Order.

Finally, the motion that triggered the May 29 Order does not specifically raise the issue of Rule 11 Sanctions. Thirty-five former judges raise a host of allegedly

bad acts—yet at no point does this submission suggest, request, or reference Rule 11 sanctions for attorneys. Dkt. No. 63.

As sanctions "act as a symbolic statement about the quality and integrity of an attorney's work" and can tangibly affect their career, *Simmerman v. Corino*, 27 F.3d 58, 64 (3d Cir. 1994), it was crucial that Mr. Epstein and Mr. Brito received particularized notice. The sanctions levied by the district court—suspension from admission *pro hac vice* in the Southern District of Florida for one year, and referral to the Florida Bar for review, respectively, are serious penalties and the district court was obligated to afford these attorneys their requisite due process.

### C. Courts distinguish between parties and attorneys when notifying litigants of Rule 11 sanctions.

Contrast the language in the district court's May 29 Order with the language used in multiple orders issued in *Danubis Grp., LLC v. Landmark Am. Ins. Co.*, 685 Fed. Appx. 792 (11th Cir. 2017).[3] The district court in *Danubis* satisfied Rule 11's notice requirement because it issued multiple rulings specifically notifying both counsel and parties that it would issue sanctions unless those entities complied with the court's orders or engaged in misconduct.

For example, at the outset of the litigation in *Danubis*, the magistrate judge, recognizing counsel for plaintiff's dilatory tactics, issued a scheduling order warning

[3] Court appointed *amici* rely on *Danubis* to support their argument that Rule 11's notice requirement is satisfied even when it fails to issue a formal order to show cause. Dkt. No. 127 at 22.

that the court "will impose sanctions on any party or attorney . . . who [] fails to comply with this order." *Danubis*, 685 Fed. Appx. at 795. In a subsequent order granting defendant's motion to compel, the court specifically admonished "Plaintiff's counsel for conduct that is below the standard of practitioners in this Court." *Id.* at 796. And finally, in an evidentiary hearing notice, the court stated:

> **All parties and counsel are further advised** that, should the evidence support a finding that any party, witness or counsel participated in any way in the perpetration of a fraud in this matter, the Court will consider the full measure of sanctions available, including, if appropriate, referral to the United States Attorney or other appropriate authorities for investigation and/or prosecution.

*Id.* at 801 (emphasis in original). The magistrate judge's directives repeatedly specify that both parties and counsel faced potential sanctions for their conduct.

Yet, in the May 26 Order, two of the three specific directives from the district court involve the parties' conduct: specifically, whether the parties colluded and whether the parties were adverse, and whether dismissal was premised on deception by the parties. And the third directive involved whether the court should reopen the case. It made no reference to attorneys in the operative section of its order, unlike the multiple orders in *Danubis* which placed counsel on notice that it faced sanctions. And it did not include an additional, fourth directive requesting that counsel show cause as to why the court should not issue sanctions for "filing a lawsuit for some improper purpose." Fed. R. Civ. P. 11.

**D. The district court has issued show cause directives in cases where it imposed Rule 11 sanctions on attorneys and parties.**

After reviewing cases where the district court issued sanctions or provided notice it was considering sanctions *sua sponte*, *Amicus Curiae* was unable to identify any instance where the district court imposed sanctions *sua sponte* without providing a specific show-cause directive to either the parties or to attorneys.

In fact, in at least one case, the district court has issued a ruling specifically ordering counsel for parties to show cause explaining their alleged failure to follow Rule 11. In *Blutrich Holdings, Inc. v. Ten Museum Park Residential Condominium Assoc. Inc.*, the district court ordered counsel for plaintiff to "**SHOW CAUSE** on or before **November 29, 2022, at 5:00 p.m.** explaining the failure to comport with Rule 11(b)(2)." Order at 7, No. 1:21-cv-23913 (S.D. Fla. Nov. 22, 2022), Dkt. 99 (emphasis in original). The conduct that precipitated the order in *Blutrich* involved the submission of a frivolous motion lacking any support in law. *Id.* at 5. As stated previously, the May 29 Order in the instant case contains no similar directive to show cause.

In other instances, the district court issued show-cause directives prior to levying sanctions under Rule 11. For example, in *Malgeri v. Vitamins Because LLC*, the district court specifically ordered parties "**TO SHOW CAUSE** by **February 14, 2022 at 5:00 P.M.** why sanctions should not be imposed for violating Federal Rule of Civil Procedure 11(b)." Order at 7, No. 1:19-cv-22702 (S.D. Fla. Feb. 11, 2022),

Dkt. No. 308 (emphasis in original). In *Mack v. Wakefield Assocs., Inc.*, the district court, *sua sponte*, directed the plaintiff to show cause as to why sanctions should not be imposed for failure to comply with the court's order. Order, No. 0:16-cv-61925 (S.D. Fla. Oct. 23, 2017), Dkt. No. 34.

Two points: first, the district court, in at least the *Blutrich Holdings* case, distinguished between conduct of the parties and conduct of the attorneys when using specific show-cause language before issuing sanctions. Second, the district court has repeatedly used specific show-cause language before issuing sanctions in matters involving alleged party and attorney misconduct. The May 29 Order appears to be an exception: a supposed show-cause order lacking any show-cause language directing parties or attorneys to address specific issues involving purported Rule 11 violations.

## CONCLUSION

For the foregoing reasons, *Amicus Curiae* respectfully requests the Court reverse the Sanctions Order and vacate all sanctions imposed.

October 6, 2026

Respectfully submitted,

*/s/ Richard P. Hutchison*
Richard P. Hutchison
*Counsel of Record*
Landmark Legal Foundation

2405 Grand Blvd.
Suite 420
Kansas City, MO 64111
(816) 931-5559
pete.hutch@landmarklegal.org

Michael J. O'Neill*
Matthew C. Forys*
Landmark Legal Foundation
19415 Deerfield Ave.
Suite 312
Leesburg, VA 20176
(703) 554-6100
mike@landmarklegal.org
matt@landmarklegal.org

**Not admitted in this Circuit*

**CERTIFICATE OF COMPLIANCE**

I hereby certify, on this 6th day of October 2026, that this brief complies with the type-volume limitations of Federal Rules of Appellate Procedure 29 and 32, and the typeface and type-style requirements of Rule 32. The brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman. The brief contains 3,312 words, excluding parts of the brief exempted.

This document has been scanned for viruses and is virus-free.

/s/ *Richard P. Hutchison*
Richard P. Hutchison

## CERTIFICATE OF SERVICE

I certify that on October 6, 2026, I electronically filed the foregoing brief with the Clerk through CM/ECF, which will serve an electronic copy to all counsel of record.

*/s/Richard P. Hutchison*
Richard P. Hutchison