No. 26-12692

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

PRESIDENT DONALD J. TRUMP; DONALD J. TRUMP, JR.; ERIC TRUMP; and THE TRUMP ORGANIZATION, LLC,
*Plaintiffs-Appellants*,

ALEJANDRO BRITO and DANIEL EPSTEIN,
*Interested Parties-Appellants*,

v.

INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY,
*Defendants-Appellees*,

THIRTY-FIVE FORMER FEDERAL JUDGES,
*Interested Parties-Appellees.*

---

On Appeal from the United States District Court for the Southern District of Florida, No. 1:26-cv-20609-KMW

---

**REPLY BRIEF IN SUPPORT OF MOTION TO ALTER BRIEFING SCHEDULE / TO FILE BRIEF BY THIRTY-FIVE FORMER FEDERAL JUDGES**

---

Neal S. Manne
Justin A. Nelson
Stephen Shackelford, Jr.
Davida P. Brook*
Daniel J. Shih
Glenn C. Bridgman*
**SUSMAN GODFREY L.L.P.**^
1000 Louisiana St, Suite 5100
Houston, TX 77002
(713) 653-9366
jnelson@susmangodfrey.com

Matthew J. Platkin
Angela Cai
Conor Bradley
**PLATKIN LLP**
1 Gateway Ctr. #1150
Newark, NJ 07102
(973) 561-1952
acai@platkinllp.com

Andrés Rivero
**RIVERO MESTRE LLP**
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
(305) 445-2500
arivero@riveromestre.com

Norman L. Eisen
David W. Ogden
Stephen A. Jonas
Carolina L. Porcile*
**DEMOCRACY DEFENDERS ACTION**
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
(202) 594-9958
norman@democracydefenders.org

* *Admitted pro hac vice*

^ *Primary office listed. Counsel for Former Judges Nancy Gertner and Michael Luttig only*

*Counsel for Interested Parties-Appellees*

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Counsel for Interested Parties/Appellees certify that to the best of their knowledge, there are no changes to its previously-filed list of the trial judge, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal.

Dated: October 21, 2026 /s/ Angela Cai

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........ 1
TABLE OF CONTENTS ........ i
ARGUMENT ........ 2
CONCLUSION ........ 6
APPENDIX: LIST OF MOVANTS / AMICI CURIAE IN THE DISTRICT COURT AS INTERESTED PARTIES-APPELLEES ........ 7
CERTIFICATE OF COMPLIANCE ........ 10
CERTIFICATE OF SERVICE ........ 11

## ARGUMENT

The instant Motion seeks a reasonable modification to the standard cross-appeal briefing schedule, D.E.60,[1] to permit merits briefing from the Interested Parties / Appellees Thirty-Five Former Federal Judges and Proposed Intervenors.[2] That is needed to provide the Court with adequate adversarial argumentation in this extraordinary case that would otherwise lack it. Appellants apparently wish to deprive the Court of that, arguing that only they and the Government get to submit party briefing on appeal. This Court should reject their contentions.

First, acceding to Appellants' demand would leave this Court with no party adversity on appeal. That position is particularly unsupportable in a case about collusion between Appellants and the Government and the lack of adversity between them. The stay panel found that Appellants and the Government failed to show that the District Court's finding of collusion and a lack of adversity was clear error. *See* D.E.68, Stay Op.19-20. And that lack of adversity is not only evident in the proceedings below but also persists in the parties' submissions on this appeal thus far. *Compare* D.E.8 (Appellants' Stay Motion) *with* D.E.9 (Government's Stay Motion Brief).

[1] "D.E." references are to the Eleventh Circuit docket in this case.
[2] Proposed Intervenors join the arguments made in this reply.

The stakes go beyond the prudential benefit of this Court receiving fulsome briefing. The Former Judges are also appropriately deemed as Interested Parties-Appellees because of their position as Movants in the District Court and the progression of the case. In the District Court, the Former Judges moved pursuant to Rule 60 urging the court to exercise its sua sponte authority to investigate fraud and to set aside the final judgment if necessary. (They asked to be deemed as *amici* only in the alternative). SDFla.Dkt.63; *see, e.g.*, *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980) ("[A] claim of fraud on the court may be raised by a non-party"). Without yet ruling on the Rule 60 motion, the District Court expressly recognized the Former Judges' submission as the impetus for her July 13 sanctions order that is the subject of this appeal. SDFla.Dkt.106. And the Former Judges and Proposed Intervenors have a concrete stake in the outcome of this appeal: their invited fee applications are still pending in the District Court pursuant to the July 13 order. SDFla.Dkt.111-12.

In any event, Appellants' arguments objecting to the Former Judges' and Proposed Intervenors' standing in this appeal should be addressed in the merits briefs, not in responses to a motion about briefing sequence and deadlines. Whatever the complexities at stake, the Former Judges and Proposed Intervenors should be given adequate time and space to address these points fulsomely, instead of having the result prejudged by cabining the opportunity to brief the issue.

Appellants' position is also especially illogical because the stay panel expressly passed on Appellants' objection to the Proposed Intervenors' participation, ordering that the intervention motion is carried with the case. In asserting that the Proposed Intervenors cannot even file a Proposed Intervenors' brief, Appellants act as if the intervention was denied, which it was not.

Second, Appellants did not previously raise the contention that the Former Judges should not get party briefing, despite prior opportunities. They did not do so at the stay pending appeal stage, engaging with the Former Judges' arguments on the merits without raising any objections about their participation. *See* D.E.47. Most recently, neither Appellants nor the Government raised this particular objection when counsel for the Former Judges reached out to meet and confer on the briefing schedule.

Third, Appellants have no reasonable answer for why the Former Judges and Proposed Intervenors should get only seven days to submit briefs that respond to the Government's merits brief. Appellants apparently hint that the Government's brief will tread new ground. Mot.Opp.5-6 (stating the parties "are not" "truly aligned"). Whether it does or does not, the Former Judges and Proposed Intervenors should have a full and fair opportunity to address the Government's arguments. Nor do Appellants have an answer to the fairness problems that a lopsided briefing schedule presents. They and the Government have had since July 13 to strategize and prepare

their appellate arguments against the District Court's order. All that the Former Judges and Proposed Intervenors ask for is an adequate response time, especially to the Government's full merits brief. And Appellants' and the Government's position that they should get 30 and 44 days, respectively, to file replies belies their demand for greater urgency. *See* Mot.Opp.3.

Fourth, Appellants' position that professional conflicts cannot serve as a reason for a modest extension of time is unfounded (in this case, the distance between their proposal of November 4 and December 7 is merely 33 days, inclusive of Veterans Day and the Thanksgiving Holiday). The Eleventh Circuit rules contemplate that ordinary briefing schedules can be extended for 30 days by the clerk, 11th Cir. R. 31-2, something Appellants availed themselves of in this very case. *See* D.E.51. And at least one appellant has recently successfully relied on professional conflicts, personal travel, and client obligations to obtain adjournment of a scheduled oral argument in another matter before this Court, *see United States v. Knight First Amendment Inst.*, No. 25-14507 (11th Cir.). The instant request is far more mundane and poses no like intrusion on this Court's schedule.

Finally, this Court should disregard Appellants' rehashed arguments from their failed motion for a stay pending appeal. *See* Mot.Opp.6-7. And were the minute difference in briefing timelines so prejudicial to their interests, they would have at least moved to expedite the appeal (and the Government would have reasonably filed

their notice of appeal sooner to obtain a faster-moving schedule). They did not do any of that. Their belated efforts to invent reasons to bar the Former Judges and Proposed Intervenors from submitting full briefing should thus be rejected.

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion to alter the briefing schedule.

October 21, 2026

Respectfully submitted,
/s/ Angela Cai


Neal S. Manne
Justin A. Nelson
Stephen Shackelford, Jr.
Davida P. Brook*
Daniel J. Shih
Glenn C. Bridgman*
**SUSMAN GODFREY L.L.P.**^
1000 Louisiana St, Suite 5100
Houston, TX 77002
(713) 653-9366
jnelson@susmangodfrey.com

Matthew J. Platkin
Angela Cai
Conor Bradley
**PLATKIN LLP**
1 Gateway Ctr. #1150
Newark, NJ 07102
(973) 561-1952
acai@platkinllp.com

Andrés Rivero
**RIVERO MESTRE LLP**
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
(305) 445-2500
arivero@riveromestre.com

Norman L. Eisen
David W. Ogden
Stephen A. Jonas
Carolina L. Porcile*
**DEMOCRACY DEFENDERS ACTION**
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
(202) 594-9958
norman@democracydefenders.org

* *Admitted pro hac vice*

^ *Primary office listed. Counsel for Former Judges Nancy Gertner and Michael Luttig only*

*Counsel for Interested Parties-Appellees*

## APPENDIX: LIST OF MOVANTS / AMICI CURIAE IN THE DISTRICT COURT AS INTERESTED PARTIES-APPELLEES

Judge Michael Luttig, U.S. Circuit Judge, U.S. Court of Appeals for the Fourth Circuit (Ret.)

Judge Nancy Gertner, U.S. District Judge, District of Massachusetts (Ret.)

Chief Judge John W. Bissell, U.S. District Judge, District of New Jersey (Ret.)

Judge Geraldine Soat Brown, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Chief Judge Rubén Castillo, U.S. District Judge, Northern District of Illinois (Ret.)

Chief Judge U.W. Clemon, U.S. District Judge, Northern District of Alabama (Ret.)

Judge Susan E. Cox, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Judge Morton Denlow, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Judge David K. Duncan, U.S. Magistrate Judge, District of Arizona (Ret.)

Chief Judge Sheila Finnegan, U.S. Magistrate Judge, Northern District of Illinois (Ret.)

Judge Jeremy Fogel, U.S. District Judge, Northern District of California (Ret.)

Judge James C. Francis IV, U.S. Magistrate Judge, Southern District of New York (Ret.)

Judge Steven M. Gold, U.S. Magistrate Judge, Eastern District of New York (Ret.)

Judge A. Benjamin Goldgar, U.S. Bankruptcy Judge, Northern District of Illinois (Ret.)

Judge Paul W. Grimm, U.S. District Judge, District of Maryland (Ret.)

Chief Judge Robert Harlan Henry, U.S. Circuit Judge, U.S. Court of Appeals for the Tenth
Circuit (Ret.)

Judge Thelton Henderson, U.S. District Judge, Northern District of California (Ret.)

Judge Richard J. Holwell, U.S. District Judge, Southern District of New York (Ret.)

Judge Ellen Segal Huvelle, U.S. District Judge, District of Columbia (Ret.)

Judge John E. Jones III, U.S. District Judge, Middle District of Pennsylvania (Ret.)

Judge Barbara M. G. Lynn, U.S. District Judge, Northern District of Texas (Ret.)

Judge Roanne L. Mann, U.S. Magistrate Judge, Eastern District of New York (Ret.)
Judge A. Howard Matz, U.S. District Judge, Central District of California (Ret.)

Chief Judge Paul Michel, U.S. Circuit Judge, U.S. Court of Appeals for the Federal Circuit (Ret.)

Judge Kathleen O'Malley, U.S. Circuit Judge, U.S. Court of Appeals for the Federal Circuit
(Ret.)

Judge Brian Owsley, U.S. Magistrate Judge, Southern District of Texas (Ret.)

Judge Philip M. Pro, U.S. District Judge, District of Nevada (Ret.)

Judge Victoria A. Roberts, U.S. District Judge, Eastern District of Michigan (Ret.)

Judge Shira A. Scheindlin, U.S. District Judge, Southern District of New York (Ret.)

Judge Fern M. Smith, U.S. District Judge, Northern District of California (Ret.)

Judge John D. Tinder, U.S. Circuit Judge, U.S. Court of Appeals for the Seventh Circuit (Ret.)

Judge Ursula Ungaro, U.S. District Judge, Southern District of Florida (Ret.)

Judge T. John Ward, U.S. District Judge, Eastern District of Texas (Ret.)

Judge Mark L. Wolf, U.S. District Judge, District of Massachusetts (Ret.)

Judge Lee Yeakel, U.S. District Judge, Western District of Texas (Ret.)

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 984 words. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), and with 11th Cir. R. 32-4, because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: October 21, 2026 /s/ Angela Cai

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. All counsel of record are registered CM/ECF users and will be served by that system.

Dated: October 21, 2026 /s/ Angela Cai